# 14-2550

## In the
## United States Court of Appeals
### For the Second Circuit



AUTHORS GUILD, INC.,

*Plaintiff-Appellee,*

v.

EMILY M. BASS, Previously Served As Class Counsel,

*Appellant,*

REED ELSEVIER, DOW JONES REUTERS BUSINESS
INTERACTIVE, LLC, DBA FACTIVA, DIALOG CORPORATION,
THOMSON CORPORATION, GALE GROUP INC, WEST
PUBLISHING COMPANY, PROQUEST LLC, NEWSBANK, INC.,
NEW YORK TIMES COMPANY, UNION-TRIBUNE PUBLISHING
COMPANY, KNIGHT-RIDDER, INC., MEDIASTREAM, INC., DOW
JONES & COMPANY INC., EBSCO INDUSTRIES, INC.,
and KNIGHT RIDER DIGITAL,

*Defendants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## APPENDIX
### Volume I of II (Pages A-1 – A-298)

GIRARD GIBBS LLP
*Attorneys for Plaintiff-Appellee*
601 California Street, Suite 1400
San Francisco, California 94108
(415) 981-4800

LAW OFFICES OF EMILY M. BASS
*Appellant, Pro-Se*
551 5th Avenue, 28th Floor
New York, New York 10176
(212) 260-3645

LAW OFFICE OF GARY FERGUS
*Attorneys for Plaintiff-Appellee*
595 Market Street, Suite 2430
San Francisco, California 94105
(415) 537-9030

BONI & ZACK LLC
*Attorneys for Plaintiff-Appellee*
15 Saint Asaphs Road
Bala Cynwyd, Pennsylvania 19004
(610) 822-0201

*(See inside cover for completion of parties)*



**Printed on Recycled Paper**

APPELLATE INNOVATIONS
(914) 948-2240

8688

_____

HOSIE RICE LLP
*Attorneys for Plaintiff-Appellee*
600 Montgomery Street, 34th Floor
San Francisco, California 94111
(415) 247-6000

_____

i

# Table of Contents

**Page**

Docket Entries for Case #: 1:00-md-01379-GBD ........................  A-1

Docket Entries for Case #: 1:00-cv-06049-GBD ......................... A-25

Docket Entries for Case #: 1:00-cv-07376-GBD ........................ A-36

Docket Entries for Case #: 1:00-cv-09411-GBD ........................ A-43

Excerpt of Author Guild v. The Dialog Corp.: Class Action
      Complaint, Filed August 15, 2000 ............................................ A-52

Excerpt of Laney v Dow Jones & Co.: Class Action Complaint,
      Filed August 21, 2000 .............................................................. A-55

Excerpt of Posner v Gale Group: Class Action Complaint,
      Filed September 28, 2000........................................................... A-57

Related Case Explanation, Dated October 5, 2000 ...................... A-60

Excerpt of Authors Guild v New York Times: Class Action
      Complaint, Filed July 3, 2001 ................................................... A-62

In re Literary Works: Consolidated Amended Class Action
      Complaint, Dated September 20, 2001 ..................................... A-64

Transcript of Proceedings, Dated June 17, 2004.......................... A-86

Excerpts of Transcript of Proceedings, Dated March 31, 2005 .... A-99

Excerpts of Transcript of Proceedings, Dated May 24, 2005 .......A-100

Excerpts of Settlement Agreement, with Exhibit F
      Annexed Thereto ....................................................................A-109

Cover Page of Application of Class Counsel for Award of Fees,
      Reimbursement of Costs and Service Awards to the Class
      Representatives .......................................................................A-125

Declaration of Michael J. Boni, in Support of Class Counsel's
      Application for Attorneys' Fees and Disbursements,
      Dated June 14, 2005 ................................................................A-126

Exhibit 1 to Boni Declaration -
      Kohn, Swift & Graf, P.C.'s Time Report - Inception
      through June 10, 2005 ..............................................................A-131

Exhibit 2 to Boni Declaration -
      Kohn, Swift & Graf, P.C.'s Expense Report - Inception
      through June 10, 2005 ..............................................................A-132

ii

**Page**

Exhibit 3 to Boni Declaration -
Brief Biography of Kohn, Swift & Graf, P.C. and the
Attorneys of the Firm Involved in Litigation ............................A-133

Exhibit A to Boni Declaration -
Declaration of A. J. De Bartolomeo, Filed on Behalf of
Girard Gibbs & De Bartolomeo, Dated June 13, 2005 .............A-147

 Exhibit 1 to De Bartolomeo Declaration -
 Girard Gibbs & De Bartolomeo LLP's Time Report -
 Inception through June 10, 2005 ..........................................A-151

 Exhibit 2 to De Bartolomeo Declaration -
 Girard Gibbs & De Bartolomeo LLP's Expense Report -
 Inception through June 10, 2005 ..........................................A-152

 Exhibit 3 to De Bartolomeo Declaration -
 Firm Resume of Girard Gibbs & De Bartolomeo LLP ........A-153

Exhibit B to Boni Declaration -
Declaration of Diane S. Rice, Filed on Behalf of Hosie &
MacCarthur, Dated June 13, 2005...............................................A-162

 Exhibit 1 to Rice Declaration -
 Hosie McArthur LLP's Time Report - Inception
 through June 10, 2005 ...........................................................A-166

 Exhibit 2 to Rice Declaration -
 Hosie McArthur LLP's Expense Report - Inception
 through June 10, 2005 ...........................................................A-167

 Exhibit 3 to Rice Declaration -
 Brief Biography of Hosie McArthur LLP and the
 Attorneys of the Firm Involved in Litigation ......................A-168

Exhibit C to Boni Declaration -
Declaration of Diane S. Rice, Filed on Behalf of Brobeck
Phleger & Harrison, Dated June 13, 2005...................................A-176

 Exhibit 1 to Rice Declaration -
 Statement of Timekeeper Summary Fee Information for
 Unbilled Amounts ................................................................A-180

 Exhibit 2 to Rice Declaration -
 Brobeck, Phleger & Harrison, LLP's Expense Report -
 Inception through February, 2003 ........................................A-181

 Exhibit 3 to Rice Declaration -
 Curriculum Vitae of Diane Rice...........................................A-183

**iii**

**Page**

Exhibit D to Boni Declaration -
Declaration of Gary S. Fergus, in Support of Class Counsel's
Application for Attorneys' Fees and Disbursements,
Dated June 11, 2005 .................................................................A-186

    Exhibit 1 to Fergus Declaration -
    Fergus, a Law Firm's Time Report - Inception
    through June 10, 2005 ...........................................A-189

    Exhibit 2 to Fergus Declaration -
    Fergus, a Law Firm's Expense Report - Inception
    through June 10, 2005 ...........................................A-190

    Exhibit 3 to Fergus Declaration -
    Curriculum Vitae of Gary Fergus.........................A-191

Exhibit E to Boni Declaration -
Declaration of Fredric S. Newman, Filed on Behalf of Hoguet
Newman & Regal, LLP, Dated June 13, 2005 .........................A-193

    Exhibit 1 to Newman Declaration -
    Hoguet Newman & Regal, LLP's Time Report - Inception
    through June 10, 2005 ...........................................A-197

    Exhibit 2 to Newman Declaration -
    Hoguet Newman & Regal, LLP's Expense Report -
    Inception through June 10, 2005 ...........................A-198

    Exhibit 3 to Newman Declaration -
    Brief Biography of Hoguet Newman & Regal, LLP's
    Attorneys Involved in Litigation ...........................A-199

Exhibit F to Boni Declaration -
Declaration of Emily M. Bass, Filed on Behalf of The Law
Offices of Emily Bass, Dated June 13, 2005.............................A-200

    Exhibit 1 to Bass Declaration -
    Law Offices of Emily Bass' Lodestar for Period - Filing of
    Class Action Complaint through June 1, 2005 .....A-205

    Exhibit 2 to Bass Declaration -
    Law Offices of Emily Bass' Expense Report - Filing of
    Class Action Complaints through June 1, 2005 ...A-206

    Exhibit 3 to Bass Declaration -
    Curriculum Vitae of Emily M. Bass.....................A-207

iv

**Page**

Notice of Motion by Emily Bass For A Supplementary Award of
    Attorney's Fees For Work In *Tasini* And For Other Relief,
    Dated July 1, 2005.....................................................................A-211

Affidavit of Emily M. Bass, in Support of Motion,
    Dated June 30, 2005 ...............................................................A-213

    Exhibit A to Bass Affidavit -
    Affidavit of Emily M. Bass In Support Of Motion For
    Summary Judgment in Plaintiffs' Favor In Tasini,
    Dated March 15, 1996, with Attached Index to Exhibits..........A-247

    Exhibit B to Bass Affidavit -
    Article Entitled "*The Tasini Case: Micro-Film and
    Macro-Questions*" from Entertainment, Arts & Sports Law
    Journal Vol. 10, No. 1 (Fall 1998) NYSBA ..............................A-292

    Exhibit C to Bass Affidavit -
    Article Entitled "*Standouts - Litigation from Firms Big and
    Small Made their Mark in 2d Circuit*" from The National
    Law Journal, Dated April 2, 2001…......................................….A-299

    Exhibit D to Bass Affidavit -
    Article Reporting On Oral Argument In *Tasini* In The
    United States Supreme Court from The New York Law
    Journal, Dated March 29, 2001 .................................................A-300

    Exhibit E to Bass Affidavit -
    Letter from Michael J. Boni to Hon. George B. Daniels,
    Regarding *Tasini*'s Impact On The Litigation and
    Whether A Stay Of The MDL Should Be Granted,
    Dated January 24, 2001............................................................A-302

    Exhibit F to Bass Affidavit -
    Summary of Hours, Lodestar Figures & Payments: Tasini
    and The MDL ...........................................................................A-312

    Exhibit G to Bass Affidavit -
    Tasini Settlement Agreement, Dated June 30, 2004 .................A-316

    Exhibit H to Bass Affidavit -
    Emily Bass Brief Resume
    (Reproduced herein at pp. A-207–A-210)..................................A-331

    Exhibit I to Bass Affidavit -
    Backgrounds of Persons Included In Fee Application ..............A-332

v

**Page**

Declaration of Linda A. Backiel in Support of Bass Motion,
Dated June 28, 2005 ...................................................A-333

Affidavit of Jordan Rossen in Support of Bass Motion,
Dated June 29, 2005 ...................................................A-338

Affidavit of Michael J. Gaynor in Support of Bass Motion,
Dated June 29, 2005 ...................................................A-342

Affidavit of Martin Garbus in Support of Bass Motion,
Dated June 28, 2005 ...................................................A-347

Affidavit of Barbara Garson in Support of Bass Motion,
Dated June 28, 2005 ...................................................A-350

Affidavit of Sonia Jaffe Robbins in Support of Bass Motion,
Dated June 28, 2005 ...................................................A-354

Declaration of Jonathan Tasini, in Opposition to Bass Motion,
Dated August 15, 2005...................................................A-356

Declaration of Kay Murray, in Opposition to Bass Motion,
Dated July 28, 2005...................................................A-361

Declaration of A. J. De Bartolomeo, in Opposition to Bass
Motion, Dated August 16, 2005 ...................................A-366

Declaration of Michael J. Boni, in Opposition to Bass Motion,
Dated August 16, 2005...................................................A-370

Declaration of Gary S. Fergus, in Opposition to Bass Motion,
Dated August 16, 2005...................................................A-372

Reply Affidavit of Jordan Rossen in Further Support of Bass
Motion, Dated September 14, 2005 ...........................A-374

Exhibits to Rossen Reply Affidavit -
(Redacted) Excerpts from Memorandum and Budget...............A-378

Reply Affidavit of Plaintiff Barbara Garson in Further Support
of Bass Motion, Dated September 15, 2005.............................A-383

Reply Affidavit of Michael J. Gaynor in Further Support of Bass
Motion, Dated September 14, 2005 ...........................A-390

Reply Affidavit of Laurence Gold in Support of Bass Motion,
Dated September 16, 2005 .........................................A-398

Reply Affidavit of Emily M. Bass in Further Support of Motion,
Dated September 19, 2005 .........................................A-401

vi

**Page**

Excerpts from Transcript of Proceedings,
Dated November 3, 2005 ...........................................................A-419

Excerpts from Revised Settlement Agreement .............................A-462

Exhibit H to Revised Settlement Agreement -
Proposed Order of Honorable George B. Daniels
Granting Final Approval of Revised Proposed
Settlement and Final Judgment ............................................A-471

Notice of Motion for A/B Counsel's Application for
Award of Attorneys' Fees and Reimbursement of Costs,
Dated April 9, 2014....................................................................A-476

Declaration of Michael J. Boni, in Support of Motion,
Dated April 4, 2014....................................................................A-478

Exhibit 1 to Boni Declaration -
Boni & Zack LLC's Time Report - March 1, 2007 through
February 28, 2014 ................................................................A-482

Declaration of Robert J. LaRocca, in Support of Motion,
Dated March 24, 2014................................................................A-483

Exhibit 1 to LaRocca Declaration -
Kohn, Swift & Graf, P.C.'s Time Report - June 11, 2005
through February 28, 2014.....................................................A-487

Declaration of A. J. De Bartolomeo, in Support of Motion,
Dated April 7, 2014....................................................................A-488

Exhibit 1 to De Bartolomeo Declaration -
Girard Gibbs LLP's Time Report - June 11, 2005 through
March 28, 2014 .....................................................................A-493

Declaration of Diane S. Rice in Support of Motion,
Dated April 8, 2014....................................................................A-494

Exhibit 1 to Rice Declaration -
Hosie Rice LLP (and Predecessor Firms Hosie McArthur
LLP and Hosie Frost Large & McArthur, LLP)'s
Time Report - Inception through March 28, 2014 ...................A-500

Declaration of Gary S. Fergus, in Support of Motion,
Dated April 7, 2014....................................................................A-501

Exhibit 1 to Fergus Declaration -
Fergus, a Law Office's Time Report - January 1, 2002
through June 10, 2005 ...........................................................A-505

vii

**Page**

Excerpt from Memorandum of Law in Support of A/B
Counsel's Application For Fees, Dated April 9, 2014 .............A-506

Excerpt from Declaration of Charles Chalmers in Support of
Motion For Attorneys' Fees of Category C Claims Counsel,
Dated April 9, 2000....................................................................A-512

Excerpt from Memorandum In Support of Motion of Category C
Claims Counsel For Award of Attorneys' Fees.........................A-514

Objections to A/B Counsel's Application for Attorneys' Fees
and Costs and to Settlement Agreement Provisions Related to
that Application by Class Members Barbara Garson et al.,
Dated May 8, 2014.....................................................................A-516

Declaration of Emily Bass, in Support of Objections to A/B
Counsel's Application for Attorneys' Fees and Costs,
Dated May 6, 2014.....................................................................A-529

Exhibit A to Bass Declaration -
E-Mail Correspondence Between A. J. De Bartolomeo
and Emily Bass...........................................................................A-536

Letter from Emily Bass, Notifying The Court That She Is
Joining In The Objections, Dated May 9, 2014 ........................A-538

Excerpt from A/B Counsel's Response In Opposition To Bass
Objection Concerning Allocation Of Requested Fee Award....A-539.1

Excerpts From Transcript of Proceedings,
Dated June 10, 2014...................................................................A-540

Order of Honorable George B. Daniels, Granting Motion of
Category C Claims Counsel for Award of Attorneys' Fees,
Dated June 10, 2014...................................................................A-587

Order Appealed From: Order of Honorable George B. Daniels,
Granting A/B Counsel's Application for Award of Attorneys'
Fees and Reimbursement of Costs, Dated June 10, 2014 .........A-588

Notice of Appeal ......................................................................... A-589

**A-1**

CLOSED,APPEAL,ECF

# U.S. District Court
# Southern District of New York (Foley Square)
# CIVIL DOCKET FOR CASE #: 1:00-md-01379-GBD

In re: Literary Works in Electronic Databases Copyright
Litigation
Assigned to: Judge George B. Daniels
Related Cases: 1:00-cv-06049-GBD
        1:01-cv-06032-GBD
Cause: 17:101 Copyright Infringement

Date Filed: 03/18/2013
Date Terminated: 06/10/2014
Jury Demand: None
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

## Plaintiff

**The Authors Guild, Inc.**

represented by **A.J. Debartolomeo**
Girard Gibbs LLP
601 California Street, Suite 1400
San Francisco, CA 94108
(415)-981-4800
Fax: (415)-981-4846
Email: ajd@girardgibbs.com
*ATTORNEY TO BE NOTICED*

**Anthony Lee**
350 Dorantes Ave
San Francisco, CA 94116
Email: aklee@aklee.net
*ATTORNEY TO BE NOTICED*

**Diane Rice**
Hosie Rice LLP
The Transamerica Prymaid
600 Montgomery Street 34th, Floor
San Francisco, CA 94111
(415) 247-6000
Fax: (415) 247-6001
Email: drice@hosielaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gary S Fergus**
Fergus a law firm
595 Market Street, Suite 2430
San Francisco, CA 94105

**A-2**

(415)-537-9032
Fax: (415)-537-9038
Email: gfergus@ferguslegal.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael J. Boni**
Boni & Zack LLC
15 St. Asaphs Road
Bala Cynwyd, PA 19004
(610) 822-0200
Fax: (610) 822-0206
Email: mboni@bonizack.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Reed Elsevier**                                represented by **Charles S. Sims**
                                                 Proskauer Rose LLP (NY)
                                                 11 Times Square
                                                 New York, NY 10036
                                                 212.969.3000
                                                 Fax: 212.969.2900
                                                 Email: csims@proskauer.com
                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Dow Jones Reuters Business**                   represented by **Henry Braude Gutman**
**Interactive, LLC**                             Simpson Thacher & Bartlett LLP (NY)
*d/b/a Factiva*                                  425 Lexington Avenue
                                                 New York, NY 10017
                                                 2124553180
                                                 Fax: 2124552502
                                                 Email: hgutman@stblaw.com
                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**The Dialog Corporation**                       represented by **Matthew W. Walch**
                                                 Latham & Watkins LLP
                                                 233 S. Wacker Drive, Suite 5800
                                                 Chicago, IL 60606
                                                 (312)-876-7603
                                                 Fax: (312)-993-9767
                                                 Email: matthew.walch@lw.com

**A-3**

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Frederick Rittinger**
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, NY 10169
(212) 818-9200
Fax: (212) 818-9606
Email: jrittinger@ssbb.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Thomson Corporation**                    represented by **James Frederick Rittinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gale Group, Inc.**                    represented by **James Frederick Rittinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**West Publishing Company**                    represented by **James Frederick Rittinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ProQuest Company**                    represented by **Matthew W. Walch**
Latham & Watkins
233 S. Wacker Drive, Suite 5800
Chicago, IL 60606
Email: matthew.walch@lw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Newsbank, Inc.**                    represented by **Christopher M. Graham**
Levett Rockwood, P.C.
33 Riverside Avenue
P.O. Box 5116
Fairfield, CT 06881
203-222-0885
Fax: 203-226-8025
Email: cgraham@levettrockwood.com
*ATTORNEY TO BE NOTICED*

**A-4**

**Defendant**

**The New York Times**                    represented by **Kenneth A Richieri**
                                        The New York Times Company
                                        229 W. 43rd Street
                                        New York, NY 10036
                                        (212)-556-1995
                                        Fax: (212)-556-4634
                                        Email: richierk@nytimes.com
                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Union Tribune Publishing Company**        represented by **Kristen A. McCallion**
                                        Fish & Richardson P.C. (NYC)
                                        601 Lexington Ave
                                        52nd floor
                                        New York, NY 10022
                                        (212) 641-2261
                                        Fax: (212) 258-2291
                                        Email: mccallion@fr.com
                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Knight-Ridder, Inc.**                    represented by **Ian Ballon**
                                        2450 Colorado Avenue
                                        Santa Monica, CA 90404
                                        Email: ballon@gtlaw.com
                                        *ATTORNEY TO BE NOTICED*

                                        **Robert Herrington**
                                        Greenberg Traurig LLP
                                        1840 Century Park East
                                        Suite 1900
                                        Los Angeles, CA 90067
                                        310-586-7700
                                        Fax: 310-586-7800
                                        Email: herringtonr@gtlaw.com
                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Mediastream, Inc.**                    represented by **Ian Ballon**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

                                        **Robert Herrington**
                                        (See above for address)

**A-5**

*ATTORNEY TO BE NOTICED*

**Defendant**

**Dow Jones & Company Inc**                      represented by **James L. Hallowell**
                                                 Gibson, Dunn & Crutcher, LLP (NY)
                                                 200 Park Avenue, 48th Floor
                                                 New York, NY 10166
                                                 212-351-3804
                                                 Fax: 212-351-5266
                                                 Email: jhallowell@gibsondunn.com
                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Ebsco Industries, Inc.**                       represented by **Michael Denniston**
                                                 Bradley, Arant, Rose & White, LLP
                                                 2001 Park Place, Suite 1400
                                                 Birmington, AL 35203
                                                 Email: mdenniston@bradleyarant.com
                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Knight Rider Digital**                         represented by **Robert Herrington**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

**Objector**

**John Doe**                                     represented by **Charles D. Chalmers**
                                                 Allegiance Litigation
                                                 769 Center Blvd., Ste. 134
                                                 Fairfax, CA 94930
                                                 415 860-8134
                                                 Email: cchalmers@allegiancelit.com
                                                 *PRO HAC VICE*
                                                 *ATTORNEY TO BE NOTICED*

**Interested Party**

**Barbara, et al. Garson**                       represented by **Martin R. Stolar**
                                                 Law Office of Martin R. Stolar
                                                 351 Broadway
                                                 New York, NY 10013
                                                 212-219-1919
                                                 Fax: 212-941-0980
                                                 Email: MRSLAW37@hotmail.com
                                                 *ATTORNEY TO BE NOTICED*

**Interested Party**

**A-6**

**Esq. Emily M. Bass**
*Previously Served As Class Counsel*

represented by **Emily M. Bass**
Law Offices of Emily M. Bass
551 Fifth Avenue
28th Floor
New York, NY 10176
2122603645
Fax: 212-672-1501
Email: emilybassesq@gmail.com
PRO SE

**Emily Maruja Bass**
Law Offices of Emily Bass
551 Fifth Avenue
28th Floor
New, NY 10176
(646) 810-3117
Fax: (212) 672-1501
Email: bassesq@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/18/2013 | 1 | ORDER DESIGNATING CASE AN ECF CASE (Signed by Judge George B. Daniels on 3/18/2013) (sjo) (Entered: 04/09/2013) |
| 03/18/2013 | | Magistrate Judge Kevin Nathaniel Fox is so designated. (sjo) (Entered: 04/09/2013) |
| 03/18/2013 | | Case Designated ECF. (sjo) (Entered: 04/09/2013) |
| 04/10/2013 | 2 | ORDER FOR ADMISSION PRO HAC VICE: The motion of Charles D. Chalmers, for admission to practice Pro Hac Vice in the above is captioned action is granted...IT IS HEREBY ORDERED that applicant is admitted to practice Pro Hac Vice in the above captioned case in the United States District Court for the Southern District of New York. All attorneys appearing before this Court are subject to the Local Rules of this Court, including the rules governing discipline of attorneys. (Signed by Judge George B. Daniels on 4/9/2013) (mt) (Entered: 04/10/2013) |
| 08/02/2013 | 3 | LETTER addressed to Judge George B. Daniels, from Michael J. Boni, dated 8/2/2013, re: on behalf of plaintiffs, the defense group and counsel for the former objectors Charles Chalmers (the "parties"), in response to Your Honor's July 23, 2013 request for a status update. The parties have finalized a Revised Settlement Agreement and exhibits thereto, including proposed long form and summary notices of class action settlement...(ja) (Entered: 08/02/2013) |

**A-7**

| 09/05/2013 | 4 | STATUS REPORT. Document filed by John Doe.(Chalmers, Charles) (Entered: 09/05/2013) |
|---|---|---|
| 11/20/2013 | 5 | STATUS REPORT. *Joint* Document filed by John Doe.(Chalmers, Charles) (Entered: 11/20/2013) |
| 11/22/2013 | 6 | MOTION to Approve for Preliminary Approval of Revised Settlement Agreement. Document filed by The Authors Guild, Inc..(Boni, Michael) (Entered: 11/22/2013) |
| 11/22/2013 | 7 | MEMORANDUM OF LAW in Support re: 6 MOTION to Approve for Preliminary Approval of Revised Settlement Agreement.. Document filed by The Authors Guild, Inc.. (Boni, Michael) (Entered: 11/22/2013) |
| 11/22/2013 | 8 | DECLARATION of Michael J. Boni in Support re: 6 MOTION to Approve for Preliminary Approval of Revised Settlement Agreement.. Document filed by The Authors Guild, Inc.. (Attachments: # 1 Exhibit 1 (Part 1 of 2), # 2 Exhibit 1 (Part 2 of 2))(Boni, Michael) (Entered: 11/22/2013) |
| 11/26/2013 | 9 | ENDORSED LETTER addressed to Judge George B. Daniels from Michael J. Boni dated 11/26/2013 re: I write on behalf of all parties, to request a hearing on plaintiffs' Motion for Preliminary Approval of Revised Settlement. The parties request that the hearing take place on January 22, 2014. ENDORSEMENT: The conference is adjourned to January 22, 2014 at 9:30 a.m., ( Status Conference set for 1/22/2014 at 09:30 AM before Judge George B. Daniels.) (Signed by Judge George B. Daniels on 11/26/2013) (lmb) (Entered: 11/26/2013) |
| 12/09/2013 | 10 | ENDORSED LETTER addressed to Judge George B. Daniels from Ian C. Ballon dated 12/2/2013 re: Counsel for Mediastream, Inc., Knight-Ridder, Inc., predecessor-in-interest to The McClatchy Company, and Knight Ridder Digital, now known as McClatchy Interactive West, requests to attend the 1/22/2014 hearing telephonically. ENDORSEMENT: SO ORDERED. (Signed by Judge George B. Daniels on 12/9/2013) (tn) (Entered: 12/09/2013) |
| 01/17/2014 | 13 | ENDORSED LETTER addressed to Judge George B. Daniels, from Matthew W. Walch, dated 1/15/2014, re: Motion for Preliminary Approval of Revised Settlement Agreement, scheduled for January 22, 2014 - request to attend the hearing telephonically. ENDORSEMENT: SO ORDERED. (Signed by Judge George B. Daniels on 1/17/2014) (ja) (Entered: 01/22/2014) |
| 01/21/2014 | 11 | MOTION for Matthew W. Walch to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208-9277514. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by ProQuest Company, The Dialog Corporation. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Text of Proposed Order)(Walch, Matthew) (Entered: 01/21/2014) |
| 01/21/2014 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 11 MOTION for Matthew W. Walch to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208-9277514. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb) (Entered: 01/21/2014)** |

A-8

CLOSED,APPEAL,ECF

## U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:00-md-01379-GBD

In re: Literary Works in Electronic Databases Copyright          Date Filed: 03/18/2013
Litigation                                                       Date Terminated: 06/10/2014
Assigned to: Judge George B. Daniels                             Jury Demand: None
Related Cases: 1:00-cv-06049-GBD                                 Nature of Suit: 820 Copyright
                1:01-cv-06032-GBD                                Jurisdiction: Federal Question
Cause: 17:101 Copyright Infringement

**Plaintiff**

**The Authors Guild, Inc.**                    represented by **A.J. Debartolomeo**
                                                               Girard Gibbs LLP
                                                               601 California Street, Suite 1400
                                                               San Francisco, CA 94108
                                                               (415)-981-4800
                                                               Fax: (415)-981-4846
                                                               Email: ajd@girardgibbs.com
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Anthony Lee**
                                                               350 Dorantes Ave
                                                               San Francisco, CA 94116
                                                               Email: aklee@aklee.net
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Diane Rice**
                                                               Hosie Rice LLP
                                                               The Transamerica Prymaid
                                                               600 Montgomery Street 34th, Floor
                                                               San Francisco, CA 94111
                                                               (415) 247-6000
                                                               Fax: (415) 247-6001
                                                               Email: drice@hosielaw.com
                                                               *PRO HAC VICE*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Gary S Fergus**
                                                               Fergus a law firm
                                                               595 Market Street, Suite 2430
                                                               San Francisco, CA 94105
                                                               (415)-537-9032
                                                               Fax: (415)-537-9038
                                                               Email: gfergus@ferguslegal.com
                                                               *PRO HAC VICE*

**A-9**

*ATTORNEY TO BE NOTICED*

**Michael J. Boni**
Boni & Zack LLC
15 St. Asaphs Road
Bala Cynwyd, PA 19004
(610) 822-0200
Fax: (610) 822-0206
Email: mboni@bonizack.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Reed Elsevier**                    represented by **Charles S. Sims**
Proskauer Rose LLP (NY)
11 Times Square
New York, NY 10036
212.969.3000
Fax: 212.969.2900
Email: csims@proskauer.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dow Jones Reuters Business**       represented by **Henry Braude Gutman**
**Interactive, LLC**                 Simpson Thacher & Bartlett LLP (NY)
*d/b/a Factiva*                      425 Lexington Avenue
New York, NY 10017
2124553180
Fax: 2124552502
Email: hgutman@stblaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Dialog Corporation**           represented by **Matthew W. Walch**
Latham & Watkins LLP
233 S. Wacker Drive, Suite 5800
Chicago, IL 60606
(312)-876-7603
Fax: (312)-993-9767
Email: matthew.walch@lw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Frederick Rittinger**
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, NY 10169
(212) 818-9200
Fax: (212) 818-9606

**A-10**

Email: jrittinger@ssbb.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Thomson Corporation** represented by **James Frederick Rittinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gale Group, Inc.** represented by **James Frederick Rittinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**West Publishing Company** represented by **James Frederick Rittinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ProQuest Company** represented by **Matthew W. Walch**
Latham & Watkins
233 S. Wacker Drive, Suite 5800
Chicago, IL 60606
Email: matthew.walch@lw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Newsbank, Inc.** represented by **Christopher M. Graham**
Levett Rockwood, P.C.
33 Riverside Avenue
P.O. Box 5116
Fairfield, CT 06881
203-222-0885
Fax: 203-226-8025
Email: cgraham@levettrockwood.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**The New York Times** represented by **Kenneth A Richieri**
The New York Times Company
229 W. 43rd Street
New York, NY 10036
(212)-556-1995
Fax: (212)-556-4634
Email: richierk@nytimes.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Union Tribune Publishing Company** represented by **Kristen A. McCallion**

**A-11**

Fish & Richardson P.C. (NYC)
601 Lexington Ave
52nd floor
New York, NY 10022
(212) 641-2261
Fax: (212) 258-2291
Email: mccallion@fr.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Knight-Ridder, Inc.**                 represented by **Ian Ballon**
2450 Colorado Avenue
Santa Monica, CA 90404
Email: ballon@gtlaw.com
*ATTORNEY TO BE NOTICED*

**Robert Herrington**
Greenberg Traurig LLP
1840 Century Park East
Suite 1900
Los Angeles, CA 90067
310-586-7700
Fax: 310-586-7800
Email: herringtonr@gtlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mediastream, Inc.**                  represented by **Ian Ballon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Herrington**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dow Jones & Company Inc**            represented by **James L. Hallowell**
Gibson, Dunn & Crutcher, LLP (NY)
200 Park Avenue, 48th Floor
New York, NY 10166
212-351-3804
Fax: 212-351-5266
Email: jhallowell@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ebsco Industries, Inc.**             represented by **Michael Denniston**
Bradley, Arant, Rose & White, LLP
2001 Park Place, Suite 1400
Birmington, AL 35203

**A-12**

Email: mdenniston@bradleyarant.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Knight Rider Digital**                    represented by **Robert Herrington**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Objector**

**John Doe**                                represented by **Charles D. Chalmers**
Allegiance Litigation
769 Center Blvd., Ste. 134
Fairfax, CA 94930
415 860-8134
Email: cchalmers@allegiancelit.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Barbara, et al. Garson**                  represented by **Martin R. Stolar**
Law Office of Martin R. Stolar
351 Broadway
New York, NY 10013
212-219-1919
Fax: 212-941-0980
Email: MRSLAW37@hotmail.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Esq. Emily M. Bass**                      represented by **Emily M. Bass**
*Previously Served As Class Counsel*        Law Offices of Emily M. Bass
551 Fifth Avenue
28th Floor
New York, NY 10176
2122603645
Fax: 212-672-1501
Email: emilybassesq@gmail.com
PRO SE

**Emily Maruja Bass**
Law Offices of Emily Bass
551 Fifth Avenue
28th Floor
New, NY 10176
(646) 810-3117
Fax: (212) 672-1501
Email: bassesq@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**A-13**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/18/2013 | 1 | ORDER DESIGNATING CASE AN ECF CASE (Signed by Judge George B. Daniels on 3/18/2013) (sjo) (Entered: 04/09/2013) |
| 03/18/2013 | | Magistrate Judge Kevin Nathaniel Fox is so designated. (sjo) (Entered: 04/09/2013) |
| 03/18/2013 | | Case Designated ECF. (sjo) (Entered: 04/09/2013) |
| 04/10/2013 | 2 | ORDER FOR ADMISSION PRO HAC VICE: The motion of Charles D. Chalmers, for admission to practice Pro Hac Vice in the above is captioned action is granted...IT IS HEREBY ORDERED that applicant is admitted to practice Pro Hac Vice in the above captioned case in the United States District Court for the Southern District of New York. All attorneys appearing before this Court are subject to the Local Rules of this Court, including the rules governing discipline of attorneys. (Signed by Judge George B. Daniels on 4/9/2013) (mt) (Entered: 04/10/2013) |
| 08/02/2013 | 3 | LETTER addressed to Judge George B. Daniels, from Michael J. Boni, dated 8/2/2013, re: on behalf of plaintiffs, the defense group and counsel for the former objectors Charles Chalmers (the "parties"), in response to Your Honor's July 23, 2013 request for a status update. The parties have finalized a Revised Settlement Agreement and exhibits thereto, including proposed long form and summary notices of class action settlement...(ja) (Entered: 08/02/2013) |
| 09/05/2013 | 4 | STATUS REPORT. Document filed by John Doe.(Chalmers, Charles) (Entered: 09/05/2013) |
| 11/20/2013 | 5 | STATUS REPORT. *Joint* Document filed by John Doe.(Chalmers, Charles) (Entered: 11/20/2013) |
| 11/22/2013 | 6 | MOTION to Approve for Preliminary Approval of Revised Settlement Agreement. Document filed by The Authors Guild, Inc..(Boni, Michael) (Entered: 11/22/2013) |
| 11/22/2013 | 7 | MEMORANDUM OF LAW in Support re: 6 MOTION to Approve for Preliminary Approval of Revised Settlement Agreement.. Document filed by The Authors Guild, Inc.. (Boni, Michael) (Entered: 11/22/2013) |
| 11/22/2013 | 8 | DECLARATION of Michael J. Boni in Support re: 6 MOTION to Approve for Preliminary Approval of Revised Settlement Agreement.. Document filed by The Authors Guild, Inc.. (Attachments: # 1 Exhibit 1 (Part 1 of 2), # 2 Exhibit 1 (Part 2 of 2))(Boni, Michael) (Entered: 11/22/2013) |
| 11/26/2013 | 9 | ENDORSED LETTER addressed to Judge George B. Daniels from Michael J. Boni dated 11/26/2013 re: I write on behalf of all parties, to request a hearing on plaintiffs' Motion for Preliminary Approval of Revised Settlement. The parties request that the hearing take place on January 22, 2014. ENDORSEMENT: The conference is adjourned to January 22, 2014 at 9:30 a.m., ( Status Conference set for 1/22/2014 at 09:30 AM before Judge George B. Daniels.) (Signed by Judge George B. Daniels on 11/26/2013) (lmb) |

**A-14**

|  |  |  |
|---|---|---|
|  |  | (Entered: 11/26/2013) |
| 12/09/2013 | 10 | ENDORSED LETTER addressed to Judge George B. Daniels from Ian C. Ballon dated 12/2/2013 re: Counsel for Mediastream, Inc., Knight-Ridder, Inc., predecessor-in-interest to The McClatchy Company, and Knight Ridder Digital, now known as McClatchy Interactive West, requests to attend the 1/22/2014 hearing telephonically. ENDORSEMENT: SO ORDERED. (Signed by Judge George B. Daniels on 12/9/2013) (tn) (Entered: 12/09/2013) |
| 01/17/2014 | 13 | ENDORSED LETTER addressed to Judge George B. Daniels, from Matthew W. Walch, dated 1/15/2014, re: Motion for Preliminary Approval of Revised Settlement Agreement, scheduled for January 22, 2014 - request to attend the hearing telephonically. ENDORSEMENT: SO ORDERED. (Signed by Judge George B. Daniels on 1/17/2014) (ja) (Entered: 01/22/2014) |
| 01/21/2014 | 11 | MOTION for Matthew W. Walch to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208-9277514. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by ProQuest Company, The Dialog Corporation. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Text of Proposed Order)(Walch, Matthew) (Entered: 01/21/2014) |
| 01/21/2014 |  | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 11 MOTION for Matthew W. Walch to Appear Pro Hac Vice. Filing fee $ 200.00, receipt number 0208-9277514. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 01/21/2014) |
| 01/21/2014 | 12 | ORDER FOR ADMISSION PRO HAC VICE granting 11 Motion for Matthew W. Walch to Appear Pro Hac Vice. (Signed by Judge George B. Daniels on 1/21/2014) (ja) (Entered: 01/22/2014) |
| 01/22/2014 | 14 | ENDORSED LETTER addressed to Judge George B. Daniels, from Charles S. Sims, dated 1/21/2014, re: the hearing scheduled for tomorrow morning. The storm that began this morning, however, has complicated arrangements for the hearing. At present, however, I am constrained to request - on behalf of all parties - that all counsel be allowed to appear by conference call, which Mr. Boni will organize. If the Court concludes that it prefers that at least one counsel appear in person, I would make my way to the Courthouse to do so. ENDORSEMENT: SO ORDERED. (Signed by Judge George B. Daniels on 1/22/2014) (ja) (Entered: 01/22/2014) |
| 01/22/2014 | 15 | LETTER addressed to Judge George B. Daniels from Charles S. Sims dated 1/22/14 re: Revised list of "participating publishers" contained in Ex. A to the proposed Settlement Agreement in this matter. Document filed by Reed Elsevier.(Sims, Charles) (Entered: 01/22/2014) |
| 01/22/2014 | 16 | ORDER GRANTING 6 PRELIMINARY APPROVAL OF REVISED PROPOSED CLASS ACTION SETTLEMENT. The Court has reviewed the forms of notice attached to the Agreement, and the Court has determined that the notices adequately advise class members of the terms of the Agreement and further proceedings. Accordingly, it is hereby ORDERED as follows: The motion is GRANTED. The Agreement is hereby preliminarily approved. The case shall proceed as a class action with the following plaintiff class |

| | | |
|---|---|---|
| | | provisionally certified for settlement purposes only (the "Class") and as further set forth herein. A final settlement/fairness hearing shall be held on June 10, 2014 at 10:00 a.m. before the undersigned in Courtroom 11A of the Daniel Patrick Moynihan United Courthouse, United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007. (See Order). (Signed by Judge George B. Daniels on 1/22/2014) (ja) (Entered: 01/22/2014) |
| 01/22/2014 | | Set/Reset Hearings: Fairness Hearing set for 6/10/2014 at 10:00 AM in Courtroom 11D, 500 Pearl Street, New York, NY 10007 before Judge George B. Daniels. Settlement Conference set for 6/10/2014 at 10:00 AM in Courtroom 11D, 500 Pearl Street, New York, NY 10007 before Judge George B. Daniels. (ja) (Entered: 01/23/2014) |
| 04/09/2014 | 17 | MOTION for Attorney Fees *and Reimbursement of Costs; Service Awards to A/B Plaintiffs; and Approval of Payment of Administrative Costs*. Document filed by The Authors Guild, Inc..(Boni, Michael) (Entered: 04/09/2014) |
| 04/09/2014 | 18 | MEMORANDUM OF LAW in Support re: 17 MOTION for Attorney Fees *and Reimbursement of Costs; Service Awards to A/B Plaintiffs; and Approval of Payment of Administrative Costs.*. Document filed by The Authors Guild, Inc.. (Boni, Michael) (Entered: 04/09/2014) |
| 04/09/2014 | 19 | DECLARATION of Michael J. Boni in Support re: 17 MOTION for Attorney Fees *and Reimbursement of Costs; Service Awards to A/B Plaintiffs; and Approval of Payment of Administrative Costs.*. Document filed by The Authors Guild, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Boni, Michael) (Entered: 04/09/2014) |
| 04/09/2014 | 20 | DECLARATION of Robert J. LaRocca in Support re: 17 MOTION for Attorney Fees *and Reimbursement of Costs; Service Awards to A/B Plaintiffs; and Approval of Payment of Administrative Costs.*. Document filed by The Authors Guild, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (Boni, Michael) (Entered: 04/09/2014) |
| 04/09/2014 | 21 | DECLARATION of A. J. De Bartolomeo in Support re: 17 MOTION for Attorney Fees *and Reimbursement of Costs; Service Awards to A/B Plaintiffs; and Approval of Payment of Administrative Costs.*. Document filed by The Authors Guild, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (Boni, Michael) (Entered: 04/09/2014) |
| 04/09/2014 | 22 | DECLARATION of Diane S. Rice in Support re: 17 MOTION for Attorney Fees *and Reimbursement of Costs; Service Awards to A/B Plaintiffs; and Approval of Payment of Administrative Costs.*. Document filed by The Authors Guild, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Boni, Michael) (Entered: 04/09/2014) |
| 04/09/2014 | 23 | DECLARATION of Gary S. Fergus in Support re: 17 MOTION for Attorney Fees *and Reimbursement of Costs; Service Awards to A/B Plaintiffs; and Approval of Payment of Administrative Costs.*. Document filed by The Authors Guild, Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Boni, Michael) (Entered: 04/09/2014) |

| 04/09/2014 | 24 | MOTION for Attorney Fees *of Category C Claims Counsel*. Document filed by John Doe. Return Date set for 6/10/2014 at 10:00 AM.(Chalmers, Charles) (Entered: 04/09/2014) |
| 04/09/2014 | 25 | MEMORANDUM OF LAW in Support re: 24 MOTION for Attorney Fees *of Category C Claims Counsel.*. Document filed by John Doe. (Chalmers, Charles) (Entered: 04/09/2014) |
| 04/09/2014 | 26 | DECLARATION of Charles Chalmers in Support re: 24 MOTION for Attorney Fees *of Category C Claims Counsel.*. Document filed by John Doe. (Chalmers, Charles) (Entered: 04/09/2014) |
| 05/15/2014 | 27 | NOTICE OF APPEARANCE by Martin R. Stolar on behalf of Barbara, et al. Garson. (Stolar, Martin) (Entered: 05/15/2014) |
| 05/16/2014 | 28 | REQUEST TO PARTICIPATE *objections*. Document filed by Barbara, et al. Garson.(Stolar, Martin) (Entered: 05/16/2014) |
| 05/16/2014 | 29 | REQUEST TO PARTICIPATE *Bass declaration*. Document filed by Barbara, et al. Garson. (Attachments: # 1 Exhibit, # 2 Exhibit)(Stolar, Martin) (Entered: 05/16/2014) |
| 05/16/2014 | 30 | REQUEST TO PARTICIPATE *memo of law*. Document filed by Barbara, et al. Garson.(Stolar, Martin) (Entered: 05/16/2014) |
| 05/16/2014 | 31 | NOTICE OF APPEARANCE by Emily Maruja Bass on behalf of Emily M. Bass. (Bass, Emily) (Entered: 05/16/2014) |
| 05/16/2014 | 32 | LETTER addressed to Judge George B. Daniels from Emily M. Bass, Esq. dated May 9, 2014 re: Having Joined In Objections. Document filed by Emily M. Bass.(Bass, Emily) (Entered: 05/16/2014) |
| 05/17/2014 | 33 | REQUEST TO PARTICIPATE *declaration of service*. Document filed by Barbara, et al. Garson.(Stolar, Martin) (Entered: 05/17/2014) |
| 05/21/2014 | 34 | ORDER: Greenberg Traurig LLP's May 19, 2014 letter application to attend the June 10, 2014 Final Fairness Hearing telephonically is DENIED. (Signed by Judge George B. Daniels on 5/21/2014) (mro) (Entered: 05/21/2014) |
| 06/03/2014 | 35 | LETTER addressed to Judge George B. Daniels from Gary S. Fergus dated June 3, 2014 re: Permission to Bring General Purpose Computing Device Into Courtroom on June 10, 2014. Document filed by The Authors Guild, Inc.. (Attachments: # 1 Text of Proposed Order)(Fergus, Gary) (Entered: 06/03/2014) |
| 06/03/2014 | 36 | REPLY MEMORANDUM OF LAW in Support re: 24 MOTION for Attorney Fees *of Category C Claims Counsel.*, 17 MOTION for Attorney Fees *and Reimbursement of Costs; Service Awards to A/B Plaintiffs; and Approval of Payment of Administrative Costs.*. Document filed by John Doe. (Chalmers, Charles) (Entered: 06/03/2014) |
| 06/03/2014 | 37 | MOTION for Settlement *Approval (Revised Settlement)*. Document filed by The Authors Guild, Inc..(Debartolomeo, A.J.) (Entered: 06/03/2014) |
| 06/03/2014 | 38 | MEMORANDUM OF LAW in Support re: 37 MOTION for Settlement |

| | | |
|---|---|---|
| | | *Approval (Revised Settlement)*. . Document filed by Dow Jones & Company Inc, Dow Jones Reuters Business Interactive, LLC, Ebsco Industries, Inc., Gale Group, Inc., Knight-Ridder, Inc., Newsbank, Inc., ProQuest Company, Reed Elsevier, The Dialog Corporation, The New York Times, Thomson Corporation, Union Tribune Publishing Company, West Publishing Company. (Sims, Charles) (Entered: 06/03/2014) |
| 06/03/2014 | 39 | MEMORANDUM OF LAW in Support re: 37 MOTION for Settlement *Approval (Revised Settlement)*. . Document filed by The Authors Guild, Inc.. (Debartolomeo, A.J.) (Entered: 06/03/2014) |
| 06/03/2014 | 40 | DECLARATION of Jose C. Fraga in Support re: 37 MOTION for Settlement *Approval (Revised Settlement)*.. Document filed by The Authors Guild, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Debartolomeo, A.J.) (Entered: 06/03/2014) |
| 06/03/2014 | 41 | DECLARATION of Lael D. Dowd in Support re: 37 MOTION for Settlement *Approval (Revised Settlement)*.. Document filed by The Authors Guild, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Debartolomeo, A.J.) (Entered: 06/03/2014) |
| 06/03/2014 | 42 | DECLARATION of Perry S. Carbone in Support re: 37 MOTION for Settlement *Approval (Revised Settlement)*.. Document filed by The Authors Guild, Inc.. (Debartolomeo, A.J.) (Entered: 06/03/2014) |
| 06/03/2014 | 43 | DECLARATION of Charles Chalmers in Support re: 37 MOTION for Settlement *Approval (Revised Settlement)*.. Document filed by The Authors Guild, Inc.. (Debartolomeo, A.J.) (Entered: 06/03/2014) |
| 06/03/2014 | 44 | OPPOSITION BRIEF re: 30 Request to Participate . Document filed by The Authors Guild, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Debartolomeo, A.J.) (Entered: 06/03/2014) |
| 06/06/2014 | 45 | **FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT** - MOTION for Settlement *Stipulation In Support of Approval of Revised Settlement Agreement*. Document filed by The Authors Guild, Inc. (Rice, Diane) Modified on 6/9/2014 (db). (Entered: 06/06/2014) |
| 06/09/2014 | | **\*\*\*NOTE TO ATTORNEY TO RE-FILE DOCUMENT - NON-ECF DOCUMENT ERROR. Note to Attorney Diane Rice to E-MAIL Document No. 45 Stipulation to judgments@nysd.uscourts.gov. This document is not filed via ECF. (db)** (Entered: 06/09/2014) |
| 06/09/2014 | 46 | LETTER addressed to Judge George B. Daniels from Charles S. Sims dated 6/9/2014 re: Notice of Seven Tag-Along Copyright Infringement Actions Filed on 6/6/2014. Document filed by Reed Elsevier.(Sims, Charles) (Entered: 06/09/2014) |
| 06/10/2014 | 47 | ORDER: It is hereby ORDERED that the following attorney(s) are authorized to bring the Personal Electronic Device(s) and/or the General Purpose Computing Device(s) (collectively, "Devices") listed below into the Courthouse for use in a proceeding or trial in the action captioned In Re Literary Works in Electronic Databases Copyright Litigation, No. MDL 1379. |

**A-18**

| | | |
|---|---|---|
| | | The date for which such authorization is provided is June 10, 2014. (Signed by Judge George B. Daniels on 6/9/2014) (mro) (Entered: 06/10/2014) |
| 06/10/2014 | 48 | ORDER GRANTING MOTION OF CATEGORY C CLAIMS COUNSEL FOR AWARD OF ATTORNEYS' FEES, COSTS AND INCENTIVE AWARDS granting 24 Motion for Attorney Fees. This matter is before the Court pursuant to the Motion of Category C Claims Counsel for Award of Attorneys' Fees, Costs and Incentive Awards. Having read and considered Category C Claims Counsel's fee application and supporting papers, and having held a hearing on Category C Claims Counsel's fee application, it is hereby ORDERED as follows: 1. The sum of $600,000 is hereby approved and awarded to C Counsel, to be applied to (i) his attorneys' fees and reasonable costs; and (ii) special awards to the two C Plaintiffs and eight Former Objectors. 2. Category C Claims Counsel shall be paid on the date and in the manner set forth in the Revised Settlement Agreement. (Signed by Judge George B. Daniels on 6/10/2014) (mro) (Entered: 06/10/2014) |
| 06/10/2014 | 49 | STIPULATION: NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED that the attached Exhibit A (list of Participating Publishers) be and hereby is substituted as Exhibit A of the Revised Settlement Agreement. (Signed by Judge George B. Daniels on 6/10/2014) (mro) (Entered: 06/10/2014) |
| 06/10/2014 | 50 | ORDER GRANTING A/B COUNSEL'S APPLICATION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS, AND SERVICE AWARDS TO A/B PLAINTIFFS granting 17 Motion for Attorney Fees. This matter is before the Court pursuant to the motion of plaintiffs in the above-captioned action ("Action") for an award of attorneys' fees and reimbursement of costs and service awards to A/B Plaintiffs. Having read and considered A/B Counsel's fee application and supporting papers, and the objections thereto, and having held a hearing on A/B Counsel's fee application, it is hereby ORDERED as follows: 1. The objections are hereby overruled; 2. Attorneys' fees and reimbursement of expenses to A/B Counsel in the total amount of $3,306,209.76 are hereby approved and awarded. Special awards to the nineteen A/B Representative Plaintiffs and the estates of deceased former Representative Plaintiffs Derrick Bell and Andrea Dworkin, in the amount of $2,000 each, are hereby approved and awarded; 3. A/B Counsel shall be paid on the date and in the manner set forth in the Revised Settlement Agreement. 4. A/B Counsel shall allocate plaintiffs' attorneys' fees in the manner set forth in A/B Counsel's fee application. (Signed by Judge George B. Daniels on 6/10/2014) (mro) (Entered: 06/10/2014) |
| 06/10/2014 | 51 | ORDER GRANTING FINAL APPROVAL OF REVISED PROPOSED SETTLEMENT AND FINAL JUDGMENT: Accordingly, it is hereby ORDERED as follows: The Agreement is approved as fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure and in the best interest of the Class, and the parties are directed to consummate the Agreement in accordance with its terms. The following Class (the "Class"), provisionally certified in the Preliminary Approval Order, is now finally certified for purposes of this settlement only, set forth herein. The Action is hereby dismissed, with prejudice and without costs. The releases contained in |

**A-19**

| | | |
|---|---|---|
| | | the Agreement are hereby effective, with the following provision: No claims shall be released with respect to works published in scientific or research-based medical journals. There is no just reason for delay, and the judgment of dismissal with prejudice as to defendants shall be final; as further set forth herein. (Signed by Judge George B. Daniels on 6/10/2014) (mro) (Entered: 06/10/2014) |
| 06/16/2014 | 52 | LETTER addressed to Judge George B. Daniels from Charles S. Sims dated 6/16/14 re: Letter concerning request to JPML re Tag Along Actions. Document filed by Reed Elsevier.(Sims, Charles) (Entered: 06/16/2014) |
| 07/09/2014 | 53 | FIRST MOTION To Supplement The Record . Document filed by Emily M. Bass. Return Date set for 8/6/2014 at 10:00 AM.(Bass, Emily) (Entered: 07/09/2014) |
| 07/09/2014 | 54 | AFFIRMATION of Emily M. Bass in Support re: 53 FIRST MOTION To Supplement The Record .. Document filed by Emily M. Bass. (Attachments: # 1 Exhibit Exh 1: Bass Notice of Motion For Fees_2005, # 2 Exhibit Exh 2: Bass Aff In Supp Of Motion For Fees, # 3 Exhibit Exh 3: Appended As Exh A to 2005 Bass Aff, # 4 Exhibit Exh 4: Appended As Exh B to 2005 Bass Aff, # 5 Exhibit Exh 5: Appended As Exh C to 2005 Bass Aff, # 6 Exhibit Exh 6: Appended As Exh D to 2005 Bass Aff, # 7 Exhibit Exh 7: Appended As Exh E to 2005 Bass Aff, # 8 Exhibit Exh 8: Appended As Exh F to 2005 Bass Aff, # 9 Exhibit Exh 9: Appended As Exh G to 2005 Bass Aff, # 10 Exhibit Exh 10: Appended As Exh H to 2005 Bass Aff, # 11 Exhibit Exh 11: Appended As Exh I to 2005 Bass Aff, # 12 Affidavit Exh 12: Backiel Dec in Support of Bass Fee Motion, # 13 Affidavit Exh 13: Rossen Affidavit In Support of Bass Motion, # 14 Affidavit Exh 14: Gaynor Affidavit In Support of Bass Motion, # 15 Affidavit Exh 15: Garbus Affidavit In Support of Bass Motion, # 16 Affidavit Exh 16: Garson Affidavit In Support of Bass Motion, # 17 Affidavit Exh 17: Robbins Affidavit In Support of Bass Motion, # 18 Affidavit Exh 18: Rossen Reply Affidavit w Exhibit J, # 19 Affidavit Exh 19: Garson Reply Affidavit In Support of Bass Motion, # 20 Affidavit Exh 20: Gaynor Reply Affidavit In Support of Bass Motion, # 21 Affidavit Exh 21: Affidavit of Laurence Gold In Support of Bass Motion, # 22 Affidavit Exh 22: Bass Reply Affidavit, # 23 Exhibit Exh 23: Objections To Lead Counsel's 2005 Fee Application, # 24 Exhibit Exh 24: Court Transcript-6/17/2004)(Bass, Emily) (Entered: 07/09/2014) |
| 07/09/2014 | 55 | MEMORANDUM OF LAW in Support re: 53 FIRST MOTION To Supplement The Record . . Document filed by Emily M. Bass. (Bass, Emily) (Entered: 07/09/2014) |
| 07/09/2014 | 56 | NOTICE OF APPEAL from 50 Order on Motion for Attorney Fees,,,,,,. Document filed by Emily M. Bass. Filing fee $ 505.00, receipt number 0208-9870691. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Bass, Emily) (Entered: 07/09/2014) |
| 07/10/2014 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 56 Notice of Appeal,. (nd) (Entered: 07/10/2014) |
| 07/10/2014 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on |

**A-20**

|  |  |  |
|---|---|---|
|  |  | Appeal Electronic Files for 56 Notice of Appeal, filed by Emily M. Bass were transmitted to the U.S. Court of Appeals. (nd) (Entered: 07/10/2014) |
| 07/17/2014 | 57 | TRANSCRIPT of Proceedings re: MOTION held on 6/10/2014 before Judge George B. Daniels. Court Reporter/Transcriber: Andrew Walker, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/11/2014. Redacted Transcript Deadline set for 8/21/2014. Release of Transcript Restriction set for 10/20/2014.(Rodriguez, Somari) (Entered: 07/17/2014) |
| 07/17/2014 | 58 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a MOTION proceeding held on 6/10/14 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Rodriguez, Somari) (Entered: 07/17/2014) |
| 07/23/2014 | 59 | NOTICE of A/B Counsel's Statement Correcting Response Deadline for Emily Bass's Motion to Supplement Record on Appeal re: 53 FIRST MOTION To Supplement The Record .. Document filed by The Authors Guild, Inc.. (Debartolomeo, A.J.) (Entered: 07/23/2014) |
| 07/28/2014 | 60 | RESPONSE to Motion re: 53 FIRST MOTION To Supplement The Record . . Document filed by The Authors Guild, Inc.. (Debartolomeo, A.J.) (Entered: 07/28/2014) |
| 07/29/2014 | 61 | LETTER addressed to Judge George B. Daniels from Emily M. Bass dated July 29, 2014 re: Correcting Due Date For Reply Papers on Motion To Supplement. Document filed by Emily M. Bass.(Bass, Emily) (Entered: 07/29/2014) |
| 07/31/2014 | 62 | ORDER granting 53 Motion for to Supplement the Record. The motion of Emily M. Bass to supplement the record, inclusive of the transcript from the June 17, 2004 conference in Tasini, et al., v. The New York Times, et al., 93 Civ. 6878 (S.D.N.Y., filed Dec. 16, 1993), is GRANTED in its entirety. The Clerk of Court is directed to close the motion at ECF No. 53. (Signed by Judge George B. Daniels on 7/31/2014) (mro) (Entered: 07/31/2014) |
| 08/06/2014 | 63 | TRANSCRIPT of Proceedings re: ARGUMENT held on 11/3/2005 before Judge George B. Daniels. Court Reporter/Transcriber: Thomas Murray, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/2/2014. Redacted Transcript Deadline set for 9/11/2014. Release of Transcript Restriction set for 11/7/2014.(Rodriguez, Somari) (Entered: 08/06/2014) |
| 08/06/2014 | 64 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a ARGUMENT proceeding held on 11/3/05 has been filed by the court reporter/transcriber in the above-captioned matter. The |

**A-21**

| | | |
|---|---|---|
| | | parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Rodriguez, Somari) (Entered: 08/06/2014) |
| 08/08/2014 | 65 | LETTER addressed to Judge George B. Daniels from Emily M. Bass dated August 8, 2014 re: Status Report. Document filed by Emily M. Bass.(Bass, Emily) (Entered: 08/08/2014) |
| 08/13/2014 | 66 | NOTICE of E-Filing of Fee Application Documents Previously Filed in Paper Form re: 62 Order on Motion for Miscellaneous Relief,. Document filed by The Authors Guild, Inc.. (Attachments: # 1 Exhibit A - 2005 Application of Class Counsel for Award of Fees, # 2 Exhibit B - (Part 1 of 2) - 2005 Declaration of Michael Boni in Support of Class Counsel's Application for Fees, # 3 Exhibit B - (Part 2 of 2) - 2005 Declaration of Michael Boni in Support of Class Counsel's Application for Fees, # 4 Exhibit C - 2005 Plfs Co-Lead Counsel's Mem in Opp to Emily Bass's Application)(Debartolomeo, A.J.) (Entered: 08/13/2014) |
| 08/13/2014 | 67 | MOTION for Attorney Fees *filed by Emily Bass in 2005*. Document filed by Emily M. Bass.(Bass, Emily) (Entered: 08/13/2014) |
| 08/13/2014 | 68 | AFFIDAVIT of Emily M. Bass in Support re: 67 MOTION for Attorney Fees *filed by Emily Bass in 2005.*. Document filed by Emily M. Bass. (Attachments: # 1 Exhibit A to Bass Aff: Aff Submitted in Tasini Case, # 2 Exhibit B to Bass Aff: Article In NYSBA Journal, # 3 Exhibit C to Bass Aff: NLJ Designation, # 4 Exhibit D to Bass Aff: NYLJ Article, # 5 Exhibit E to Bass Aff: Boni Ltr Requesting Stay of MDL, # 6 Exhibit F to Bass Aff: Overview of Time, Exps., Payments, # 7 Exhibit G to Bass Aff: Tasini Settlement, # 8 Exhibit H to Bass Aff: Resume, # 9 Exhibit I to Bass Aff: Background, # 10 Appendix Contemp Time Records, Vol. 1: Tasini, D.Ct., # 11 Appendix Contemp Time Records, Vol. 2: Tasini, D.Ct., # 12 Appendix Contemp Time Records, Vol. 3: Tasini, D.Ct., # 13 Appendix Contemp Time Records, Vol. 4: Tasini, D.Ct., # 14 Appendix Contemp Time Records, Vol. 5: Tasini 2d Cir & S.Ct. & MDL, 00-md-1379)(Bass, Emily) (Entered: 08/13/2014) |
| 08/13/2014 | 69 | DECLARATION of Linda A. Backiel in Support re: 67 MOTION for Attorney Fees *filed by Emily Bass in 2005.*. Document filed by Emily M. Bass. (Bass, Emily) (Entered: 08/13/2014) |
| 08/13/2014 | 70 | DECLARATION of Jordan Rossen in Support re: 67 MOTION for Attorney Fees *filed by Emily Bass in 2005.*. Document filed by Emily M. Bass. (Bass, Emily) (Entered: 08/13/2014) |
| 08/13/2014 | 71 | DECLARATION of Michael J. Gaynor in Support re: 67 MOTION for Attorney Fees *filed by Emily Bass in 2005.*. Document filed by Emily M. Bass. (Bass, Emily) (Entered: 08/13/2014) |
| 08/13/2014 | 72 | AFFIDAVIT of Martin Garbus in Support re: 67 MOTION for Attorney Fees *filed by Emily Bass in 2005.*. Document filed by Emily M. Bass. (Bass, Emily) (Entered: 08/13/2014) |
| 08/13/2014 | 73 | AFFIDAVIT of Barbara Garson in Support re: 67 MOTION for Attorney Fees |

| | | |
|---|---|---|
| | | *filed by Emily Bass in 2005*.. Document filed by Emily M. Bass. (Bass, Emily) (Entered: 08/13/2014) |
| 08/13/2014 | 74 | AFFIDAVIT of Sonia Jaffe Robbins in Support re: 67 MOTION for Attorney Fees *filed by Emily Bass in 2005*.. Document filed by Emily M. Bass. (Bass, Emily) (Entered: 08/13/2014) |
| 08/13/2014 | 75 | REPLY AFFIDAVIT of Jordan Rossen in Support re: 67 MOTION for Attorney Fees *filed by Emily Bass in 2005*.. Document filed by Emily M. Bass. (Attachments: # 1 Exhibit J: Redacted Atty-Client Memos Produced By Client In Response To Allegations agnst Bass)(Bass, Emily) (Entered: 08/13/2014) |
| 08/13/2014 | 76 | REPLY AFFIDAVIT of Barbara Garson in Support re: 67 MOTION for Attorney Fees *filed by Emily Bass in 2005*.. Document filed by Emily M. Bass. (Bass, Emily) (Entered: 08/13/2014) |
| 08/13/2014 | 77 | REPLY AFFIDAVIT of Michael J. Gaynor in Support re: 67 MOTION for Attorney Fees *filed by Emily Bass in 2005*.. Document filed by Emily M. Bass. (Bass, Emily) (Entered: 08/13/2014) |
| 08/13/2014 | 78 | REPLY AFFIDAVIT of Laurence Gold in Support re: 67 MOTION for Attorney Fees *filed by Emily Bass in 2005*.. Document filed by Emily M. Bass. (Bass, Emily) (Entered: 08/13/2014) |
| 08/13/2014 | 79 | REPLY AFFIDAVIT of Emily M. Bass in Support re: 67 MOTION for Attorney Fees *filed by Emily Bass in 2005*.. Document filed by Emily M. Bass. (Bass, Emily) (Entered: 08/13/2014) |
| 08/13/2014 | 80 | NOTICE of Filing Of Transcript re: 67 MOTION for Attorney Fees *filed by Emily Bass in 2005*.. Document filed by Emily M. Bass. (Attachments: # 1 : Transcript of Court Conference Held on June 17, 2004)(Bass, Emily) (Entered: 08/13/2014) |
| 08/13/2014 | 81 | FIRST MEMORANDUM OF LAW in Opposition re: 17 MOTION for Attorney Fees *and Reimbursement of Costs; Service Awards to A/B Plaintiffs; and Approval of Payment of Administrative Costs. , filed in 2005*.. Document filed by Emily M. Bass. (Bass, Emily) (Entered: 08/13/2014) |
| 08/26/2014 | 82 | STIPULATION AND ORDER REGARDING CLAIMS ADMINISTRATOR'S COMPENSATION: The Claims Administrator will continue to serve in that role under the RSA and perform all work necessary to fully administer the settlement under the RSA, and will continue to do so until settlement payments have been issued to all class members entitled thereto under the RSA and administration of the settlement is otherwise complete in all respects. The Claims Administrator's total compensation for (i) all work described in paragraph 1 above and reimbursement of all costs incurred in connection therewith (including but not limited to the costs of issuing and mailing settlement payment checks to class members); and for (ii) all work done by the Claims Administrator and all costs incurred to date in connection with the RSA (including but not limited to costs of disseminating notice) will be in the form of a flat fee of Three Hundred Eighty-Nine Thousand Dollars ($389,000). The parties recognize that the fees of the Claims Administrator are fair and reasonable. A/B Counsel and the Defense Group will undertake all |

**A-23**

| | | |
|---|---|---|
| | | reasonable efforts in submitting work requests to the Claims Administrator to avoid or minimize duplicative or unnecessary activity on the Claims Administrator's part. The flat fee described in paragraph 2 above will be paid to the Claims Administrator from the Initial Deposit Balance, and using the Excess Amount, within three business days after the Court's entry of order on this stipulation. Nothing in this agreement reduces, eliminates, or affects any obligation of the Defense Group under the RSA to fund settlement payments to valid claimants, including those obligations set forth in paragraph 2(c) of the RSA. Pursuant to the foregoing stipulation and paragraph 11 (c) of the Revised Settlement Agreement (requiring Court approval of all disbursements of settlement funds. (Signed by Judge George B. Daniels on 8/26/2014) (mro) (Entered: 08/26/2014) |
| 09/15/2014 | 83 | SECOND MOTION To Supplement The Record *On Appeal*. Document filed by Emily M. Bass.(Bass, Emily) (Entered: 09/15/2014) |
| 09/15/2014 | 84 | DECLARATION of Emily M. Bass in Support re: 83 SECOND MOTION To Supplement The Record *On Appeal*.. Document filed by Emily M. Bass. (Attachments: # 1 Exhibit MJB 6/6/14 Ltr to Ct w/ 3 Prop'd Substitute Orders, # 2 Exhibit Notification to EB re Allocation, # 3 Exhibit Explanatory Note & Suggested Captions, # 4 Exhibit 8/27/14 Ltr EB emailed MJB et al, # 5 Exhibit Paper Entitled "Opposition" A/B Counsel filed in 2d Circuit)(Bass, Emily) (Entered: 09/15/2014) |
| 09/15/2014 | 85 | MEMORANDUM OF LAW in Support re: 83 SECOND MOTION To Supplement The Record *On Appeal*. . Document filed by Emily M. Bass. (Bass, Emily) (Entered: 09/15/2014) |
| 10/01/2014 | 86 | MEMORANDUM OF LAW in Opposition re: 83 SECOND MOTION To Supplement The Record *On Appeal*. . Document filed by The Authors Guild, Inc.. (Rice, Diane) (Entered: 10/01/2014) |
| 10/06/2014 | 87 | ORDER granting in part and denying in part 83 Motion: The second motion of Emily M. Bass to supplement the record as to sixteen (16) documents that predate the June 10, 2014 Order, which is unopposed, is GRANTED. However, Bass's motion to supplement the record with a letter dated August 6, 2014 is DENIED. This letter was not filed before the June 10, 2014 Order for the court's consideration. Bass's requests that her law firm be added to the case docket sheet and that the date this case was filed be changed from 2013 to 2000 are DENIED. The Clerk of Court is directed to close the motion at ECF No. 83. (Signed by Judge George B. Daniels on 10/6/2014) (tn) (Entered: 10/06/2014) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/09/2014 09:09:34 | | |
| **PACER Login:** | ai0873:2979500:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search** | 1:00-md-01379- |

Case 14-2550, Document 50-1, 10/22/2014, 1356770, Page 33 of 158

A-24

|  |  | Criteria: | GBD |
|---|---|---|---|
| Billable Pages: | 12 | Cost: | 1.20 |

**A-25**

CLOSED,ECF,MDL,MEMBER,RELATED

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:00-cv-06049-GBD

The Authors Guild, et al v. The Dialog Corp., et al
Assigned to: Judge George B. Daniels
Demand: $0
Lead case: 1:00-md-01379-GBD
Member case: (View Member Case)
Related Case: 1:00-md-01379-GBD
Cause: 17:101 Copyright Infringement

Date Filed: 08/15/2000
Date Terminated: 06/10/2014
Jury Demand: Plaintiff
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

**Plaintiff**

**The Authors Guild, Inc.**
*on behalf of itself and its members*

represented by **Laura B. Hoguet**
Hoguet Newman Regal & Kenney, LLP
10 East 40th Street
35 Floor
New York, NY 10016
212 689-8808
Fax: 212 689-5101
Email: lhoguet@hnrlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael J. Boni**
Kohn, Swift, & Graf, P.C.
1 South Broad Street, Suite 2100
Philadelphia, PA 19107
(215)-238-1700
Fax: (215)-238-1968
Email: mboni@kohnswift.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Neil L. Glazer**
Kohn, Swift & Graf, P.C.
One South Broad Street
Suite 2100
Philadelphia, PA 19107
(215) 238-1968
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**A-26**

**Plaintiff**

**Letty Cottin Pogrebin**                    represented by **Laura B. Hoguet**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael J. Boni**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Neil L. Glazer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**James Gleick**                    represented by **Laura B. Hoguet**
(See above for address)
*LEAD ATTORNEY*

**Michael J. Boni**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Neil L. Glazer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Andrea Dworkin**                    represented by **Laura B. Hoguet**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael J. Boni**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Neil L. Glazer**
(See above for address)
*LEAD ATTORNEY*

**A-27**

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Tom Dunkel**                          represented by **Laura B. Hoguet**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael J. Boni**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Neil L. Glazer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Marie Winn**                          represented by **Laura B. Hoguet**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael J. Boni**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Neil L. Glazer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ronald Hayman**                          represented by **Laura B. Hoguet**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael J. Boni**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**A-28**

**Neil L. Glazer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robert Lacey**                       represented by  **Laura B. Hoguet**
*on behalf of themselves and all others*              (See above for address)
*similarly situated*                                  *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Michael J. Boni**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Neil L. Glazer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**The Dialog Corporation**

**Defendant**

**Reed Elsevier Inc.**

**Defendant**

**Dow Jones Reuters Business
Interactive, LLC**
*doing business as*
Factiva

**Defendant**

**Bell & Howell Company**

**Defendant**

**The Thomson Corporation**

**Plaintiff**

**E.L. Doctorow**                     represented by  **Laura B. Hoguet**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*

**A-29**

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Donald Spoto**                     represented by **Laura B. Hoguet**
                                     (See above for address)
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Robley Wilson**                    represented by **Laura B. Hoguet**
                                     (See above for address)
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Northern Light Technology, Inc.**

**Defendant**

**Ebsco Industries, Inc.**           represented by **David Louis Roth**
                                     Roth and Duncan, P.A
                                     515 N. Flagler Drive, Suite 325
                                     West Palm Beach, FL 33401
                                     (561)-655-5529
                                     Fax: (561)-655-7818
                                     Email: droth@rothduncan.com
                                     *LEAD ATTORNEY*
                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Content Commerce, L.P.**
*doing business as*
Contentville.com

**Defendant**

**Mediastream, Inc.**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 08/15/2000 |   | Magistrate Judge Kevin N. Fox is so Designated. (bm) (Entered: 08/16/2000) |
| 08/15/2000 | 2 | RULE 1.9 CERTIFICATE filed by The Authors Guild, Letty Cottin Pogrebin, James Gleick, Andrea Dworkin, Tom Dunkel, Marie Winn, Ronald Hayman, Robert Lacey . (bm) (Entered: 08/16/2000) |

**A-30**

| 08/15/2000 | 1 | CLASS ACTION COMPLAINT filed. Summons issued and Notice pursuant to 28 U.S.C. 636(c). FILING FEE $ 150.00 RECEIPT # 381658. (bm) (Entered: 08/16/2000) |
| 08/23/2000 | 5 | RETURN OF SERVICE executed as to The Dialog Corp. c/o the registered agent in the State of Delaware by Joanne Maymi on 8/17/00. Answer due on 9/6/00 for The Dialog Corp. (kw) (Entered: 08/24/2000) |
| 08/23/2000 | 4 | RETURN OF SERVICE executed as to Bell & Howell Co. c/o of registered agent in the State of Delaware by Joanne Maymi on 8/17/00. Answer due on 9/6/00 for Bell & Howell Co. (kw) (Entered: 08/24/2000) |
| 08/23/2000 | 3 | RETURN OF SERVICE executed as to Dow Jones Reuters by Joanne Maymi on 8/17/00 . Answer due on 9/6/00 for Dow Jones Reuters . (jp) (Entered: 08/24/2000) |
| 09/05/2000 | 6 | Affidavit of service of summons and complaint as to The Thomson Corp. by Vanessa C. Dyson, Exec. Assistant/Legal on 8/24/00. Answer due on 9/13/00 for The Thomson Corp. (djc) (Entered: 09/06/2000) |
| 09/21/2000 | 7 | STIPULATION AND ORDER: reset answer due for 10/16/00 for The Thomson Corp., for Bell & Howell Co., for Dow Jones Reuters, for Reed Elsevier Inc., for The Dialog Corp. ( signed by Judge Richard Owen ) (sac) (Entered: 09/21/2000) |
| 09/22/2000 | 8 | AMENDED COMPLAINT by The Authors Guild, Letty Cottin Pogrebin, James Gleick, Andrea Dworkin, Tom Dunkel, Marie Winn, Ronald Hayman, and Robert Lacey (Answer due 10/5/00 for The Thomson Corp., for Bell & Howell Co., for Dow Jones Reuters, for Reed Elsevier Inc., and for The Dialog Corp. ) amending [1-1] complaint against E.L. Doctorow, Donald Spoto, Robley Wilson, Northern Light Tech., Ebsco Industries, In, Content Commerce, L., and Mediastream, Inc. (kw) (Entered: 09/26/2000) |
| 09/29/2000 | 9 | DEMAND for jury trial by The Authors Guild, Letty Cottin Pogrebin, James Gleick, Andrea Dworkin, Tom Dunkel, Marie Winn, Ronald Hayman, Robert Lacey, E.L. Doctorow, Donald Spoto, Robley Wilson (sac) (Entered: 10/03/2000) |
| 09/29/2000 | 9 | (CORRECTED) FIRST AMENDED COMPLAINT by The Authors Guild, Letty Cottin Pogrebin, James Gleick, Andrea Dworkin, Tom Dunkel, Marie Winn, Ronald Hayman, Robert Lacey, E.L. Doctorow, Donald Spoto, Robley Wilson (Answer due 10/12/00 for Mediastream, Inc., for Content Commerce, L., for Ebsco Industries, In, for Northern Light Tech., for The Thomson Corp., for Bell & Howell Co., for Dow Jones Reuters, for Reed Elsevier Inc., for The Dialog Corp.) amending [1-1] complaint ; Summons issued. (sac) (Entered: 10/03/2000) |
| 10/24/2000 | 10 | STIPULATION and ORDER; that the time for defts The Dialog Corporation, Reed Elsevier Inc., Dow Jones Reuters Business Interactive, LLC d/b/a Factiva, Bell & Howard Company, Northern Light Technology Inc., and The Thomas Corporation to move, answer or otherwise respond to the First Amended Complt. in this action is hereby extended from 10/16/00 to 10/30/00 (the "Extended Date"); provided, however, that in the event any deft herein answers or otherwise responds to the complt. in Laney v. Dow Jones & Co., Inc., Civil Actin No. 00 CV 769 RRM (D. |

**A-31**

| | | |
|---|---|---|
| | | Del.) (the "Delaware Complt."), on a date (the "Delaware Response Date") prior to the extended date, then that deft shall also answer or otherwise respond in this action on the later of (a) the Delaware Response Date, or (b) the date on which that deft would be required to answer or otherwise respond to the First Amended Complt. in this action under the F.R.C.P. ; ( signed by Judge Richard Owen ) (lf) (Entered: 10/25/2000) |
| 10/31/2000 | 12 | NOTICE of attorney appearance for Ebsco Industries, Inc. by David Roth. (kw) (Entered: 11/01/2000) |
| 10/31/2000 | 11 | NOTICE OF MOTION by Ebsco Industries, for an order admitting attorneys Michael S. Denniston, Robert K. Spotswood, and Jeffrey M. Anderson to appear pro hac vice on behalf of defendant EBSCO Industries, Inc. . No return date (kw) (Entered: 11/01/2000) |
| 11/01/2000 | 13 | Notice of reassignment to Judge Sidney H. Stein . Copy of notice and judge's rules mailed to Attorney(s) of record: David Roth, Laura B. Hoguet, Neil L. Glazer, Michael J. Boni . (jp) (Entered: 11/02/2000) |
| 11/09/2000 | 14 | RULE 1.9 CERTIFICATE filed by Mediastream, Inc. (sac) (Entered: 11/13/2000) |
| 11/16/2000 | 15 | NOTICE OF MOTION by Mediastream, Inc. for an order, admitting Steven A. Brick, Esq. to appear pro hac vice, as counsel for deft Mediastream, Inc. in this action ; Return date not indicated. Declaration of James J. Murtha & Steven A. Brick in support attached. (sac) (Entered: 11/17/2000) |
| 11/21/2000 | | Memo endorsed on motion; granting [11-1] motion for an order admitting attorneys Michael S. Denniston, Robert K. Spotswood, and Jeffrey M. Anderson to appear pro hac vice on behalf of defendant EBSCO Industries, Inc. ( signed by Judge Sidney H. Stein ); Copies mailed. (Sent a copy to the Attorney Admissions Clerk). (kw) Modified on 11/22/2000 (Entered: 11/22/2000) |
| 11/21/2000 | 19 | STIPULATION and ORDER extending time to answer or otherwise respond; reset answer due for 11/30/00 for Mediastream, Inc. ( signed by Judge Sidney H. Stein ) (lam) (Entered: 11/22/2000) |
| 11/21/2000 | 18 | STIPULATION and ORDER; that the time for defts The Dialog Corporation, Reed Elsevier Inc., Dow Jones Reuters Business Interactive, LLC d/b/a Factiva, Bell & Howell Company, Northern Light Technology Inc., The Thomson Corporation and Ebsco Industries Inc. to move, answer or otherwise respond to the First Amended Complt. in this action is hereby extended from 10/30/00 to 11/30/00; provided, however, that in the event any deft herein answers or otherwise responds to the complt. in Laney v. Dow Jones & Co., Inc., Civil Action No. 00CV769 RRM (D.Del.) (the "Delaware Complt."), on a date (the "Delaware Response Date") prior to the Extended Date, then that Deft shall also answer or otherwise respond in this action on the later of (a) the Delaware Response Date, or (b) the date on which that Deft would be required to answer or otherwise respond to the First Amended Complt. in this action under the F.R.C.P.; and further provided that it is agreed that a motion for a stay in the Delaware proceeding shall not give rise to a requirement |

**A-32**

| | | |
|---|---|---|
| | | that the moving deft(s) answer or otherwise respond in this proceeding ; ( signed by Judge Sidney H. Stein ) (lf) (Entered: 11/22/2000) |
| 11/21/2000 | 17 | Initial Pretrial Conference Notice/ORDER; set initial case management conference for 10:30 a.m. on 12/15/00 ; plaintiffs' attorney is directed to notify defendants' atty of this conference ; (signed by Judge Sidney H. Stein ); Copies mailed. (djc) (Entered: 11/22/2000) |
| 11/21/2000 | 16 | STIPULATION AND ORDER: set answer due for 11/30/00 for Content Commerce, L.P. ( signed by Judge Sidney H. Stein ) (sac) (Entered: 11/22/2000) |
| 11/30/2000 | | ORDER granting 15 Motion for Steven A. Brick to Appear Pro Hac Vice. Steven A. Brick shall be admitted to the bar of this court pro hac vice shall be permitted to argue or try this action as counsel or advocate. Original document filed in case #00cv7376, document #13.. (Signed by Judge Richard Owen on 11/29/00) Copies mailed by chambers.(dle, ) (Entered: 03/29/2004) |
| 11/30/2000 | | Transmission to Attorney Admissions Clerk. Transmitted re: Order on Motion to Appear Pro Hac Vice,, to the Attorney Admissions Clerk for updating of Attorney Information. (dle, ) (Entered: 03/29/2004) |
| 12/11/2000 | 25 | CERTIFIED TRUE COPY OF CONDITIONAL TRANSFER IN ORDER FROM THE MDL PANEL... that pursuant to 28 U.S.C. 1407, this action listed and pending in the District of Delaware be, and the same hereby is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Sidney H. Stein for coordinated or consolidated proceedings with the action(s) pending there. (bm) (Entered: 01/04/2001) |
| 12/14/2000 | 22 | NOTICE OF MOTION by Mediastream, Inc. for Ian C. Ballon to appear pro hac vice for deft MediaStream ; Return date not indicated (cd) (Entered: 12/18/2000) |
| 12/14/2000 | 21 | NOTICE OF MOTION by Mediastream, Inc. for Jason Poston to appear pro hac vice for deft ; Return date not indicated (cd) (Entered: 12/18/2000) |
| 12/19/2000 | 23 | AFFIDAVIT of Laura B. Hoguet by The Authors Guild, Letty Cottin Pogrebin, James Gleick, Andrea Dworkin, Tom Dunkel, Marie Winn, Ronald Hayman, Robert Lacey, E.L. Doctorow, Donald Spoto, Robley Wilson in support of Re: admission of Mr. Michael J. Boni Pro Hac Vice on behalf of plaintiffs. (pl) (Entered: 12/21/2000) |
| 12/28/2000 | 24 | NOTICE OF MOTION by Bell & Howell Co. for an order, purs. to Rule 1.3(c), admitting Juli Wilson Marshall and Lisa P. Conlon to appear pro hac vice as counsel for deft Bell & Howell Company ; Return date not indicated. (sac) (Entered: 12/29/2000) |
| 01/17/2001 | | Case accepted as related to MDL # 1379. (bm) (Entered: 01/17/2001) |
| 01/17/2001 | 26 | Notice of reassignment to Judge George B. Daniels . Copy of notice and judge's rules mailed to Attorney(s) of record: David Roth, Laura B. Hoguet, Neil L. Glazer . (bm) (Entered: 01/17/2001) |

**A-33**

| | | |
|---|---|---|
| 02/22/2001 | 28 | ORDER; granting [21-1] motion for Jason Poston to appear pro hac vice for deft. ( signed by Judge George B. Daniels ); Copies mailed. Original document sent to Attorney Admissions Clerk. (jp) (Entered: 02/22/2001) |
| 02/22/2001 | 27 | ORDER; granting [22-1] motion for Ian C. Ballon to appear pro hac vice for deft MediaStream. ( signed by Judge George B. Daniels ); Copies mailed. Original document sent to Attorney Admissions Clerk. (jp) (Entered: 02/22/2001) |
| 03/01/2001 | | MEMORANDUM OPINION AND ORDER #85226; that for the reasons stated on this Opinion, the application for a stay of proceedings is granted ; this case will be placed on the suspense docket until the Supreme Court issues its decision in Tasini. The parties are directed to contact this Court within 30 days of the date of that decision . ( signed by Judge George B. Daniels ); Copies mailed. Original document filed under M-21-90(GBD), document number 4. (jp) (Entered: 03/02/2001) |
| 07/06/2001 | 29 | NOTICE OF MOTION by The Authors Guild, Letty Cottin Pogrebin, James Gleick, Andrea Dworkin, Tom Dunkel, Marie Winn, Ronald Hayman, Robert Lacey, E.L. Doctorow, Donald Spoto, Robley Wilson for an order, consolidating 2:00 Civ. 6049 (Lead Case) with the following cases: 00 Civ. 7376, 00 Civ. 769, 01 Civ. 6032 for all pre-trial purposes, purs. to FRCP 42(a) ; and for an order, for the Court to enter the proposed Pre-trial Order No. 1 to govern such consolidated actions ; Return date 7/24/01. (sac) (Entered: 07/12/2001) |
| 07/06/2001 | 30 | MEMORANDUM OF LAW by The Authors Guild, Letty Cottin Pogrebin, James Gleick, Andrea Dworkin, Tom Dunkel, Marie Winn, Ronald Hayman, Robert Lacey, E.L. Doctorow, Donald Spoto, Robley Wilson in support of [29-1] motion for an order, consolidating 2:00 Civ. 6049 (Lead Case) with the following cases: 00 Civ. 7376, 00 Civ. 769, 01 Civ. 6032 for all pre-trial purposes, purs. to FRCP 42(a), [29-2] motion for an order, for the Court to enter the proposed Pre-trial Order No. 1 to govern such consolidated actions. (sac) (Entered: 07/12/2001) |
| 07/24/2001 | 31 | (DUPLICATE ORIGINAL) ORDER removing case from suspense docket. ( signed by Judge George B. Daniels ) (Orig. doc. filed in case M-21-90 (GBD) (ae) (Entered: 07/25/2001) |
| 08/14/2001 | | PRETRIAL ORDER filed regarding consolidation of this action with actions 00 cv 7376 and 00 cv 9411; coordination of Authors Guild v. New York Times (01 cv 6032); Master file (M21-90), Master Docket (M21-90) and separate action dockets; newly filed or transferred actions; captions of case; mediation of consolidated actions; consolidated complaint; responsive pleading to the complaint in the New York Times Action; organization of pltffs counsel and reservation of rights. ( signed by Judge George B. Daniels ) Original document filed under lead case number MDL 1379, M21-90, document number 7. (jp) (Entered: 08/31/2001) |
| 08/14/2001 | | Consolidated Member Case. Lead Case Number: MDL #1379 (M21-90). (jp) (Entered: 08/31/2001) |
| 08/16/2001 | 32 | Order referring action to the Clerk to assign the above-entitled action to mediation. ( signed by Judge B. Daniels ) (tp) (Entered: 08/17/2001) |

**A-34**

| 04/03/2012 | | ***NOTE TO ATTORNEY TO E-MAIL PDF. Note to Attorney Laura B. Hoguet to E-MAIL the PDF for Document 8 Amended Complaint, to: caseopenings@nysd.uscourts.gov. (laq)** Modified on 4/4/2012 (laq). (Entered: 04/03/2012) |
|---|---|---|
| 04/03/2012 | | ***NOTE TO ATTORNEY TO E-MAIL PDF. Note to Attorney Laura B. Hoguet to E-MAIL the PDF for Document 1 Complaint to: caseopenings@nysd.uscourts.gov. (laq)** Modified on 4/4/2012 (laq). (Entered: 04/03/2012) |
| 12/03/2012 | 33 | ORDER DESIGNATING CASE AN ECF CASE: The pending civil cases noted in the attachment to this Order are designated as cases to the Electronic Case Filing database (ECF) and the Clerk of Court shall docket a copy of this Order in each case and designate the case as an ECF case. IT IS FURTHER ORDERED that, Counsel to any party who is not a registered user of this Court's ECF database is directed to register immediately and obtain a log in and password to this Court's ECF database. Attorneys appearing as counsel for plaintiff(s) or defendant(s) shall file their pleading(s) and other permitted papers using the ECF system. (Signed by Judge George B. Daniels on 12/3/2012) (ft) Modified on 12/4/2012 (ft). (Entered: 12/04/2012) |
| 04/09/2013 | | CASE ACCEPTED AS RELATED. Create association to 1:00-md-01379-GBD. (sjo) (Entered: 04/09/2013) |
| 01/17/2014 | 34 | ENDORSED LETTER addressed to Judge George B. Daniels, from Matthew W. Walch, dated 1/15/2014, re: Motion for Preliminary Approval of Revised Settlement Agreement, scheduled for January 22, 2014 - request to attend the hearing telephonically. ENDORSEMENT: SO ORDERED. (Signed by Judge George B. Daniels on 1/17/2014) (ja) (Entered: 01/23/2014) |
| 01/22/2014 | 35 | ORDER GRANTING PRELIMINARY APPROVAL OF REVISED PROPOSED CLASS ACTION SETTLEMENT. The Court has reviewed the forms of notice attached to the Agreement, and the Court has determined that the notices adequately advise class members of the terms of the Agreement and further proceedings. Accordingly, it is hereby ORDERED as follows: The motion is GRANTED. The Agreement is hereby preliminarily approved. The case shall proceed as a class action with the following plaintiff class provisionally certified for settlement purposes only (the "Class") and as further set forth herein. A final settlement/fairness hearing shall be held on June 10, 2014 at 10:00 a.m. before the undersigned in Courtroom 11A of the Daniel Patrick Moynihan United Courthouse, United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007. (See Order). (Signed by Judge George B. Daniels on 1/22/2014) (ja) Modified on 1/23/2014 (ja). (Entered: 01/23/2014) |
| 01/22/2014 | | Set/Reset Hearings: Fairness Hearing set for 6/10/2014 at 10:00 AM in Courtroom 11D, 500 Pearl Street, New York, NY 10007 before Judge George B. Daniels. Settlement Conference set for 6/10/2014 at 10:00 AM in Courtroom 11D, 500 Pearl Street, New York, NY 10007 before Judge George B. Daniels. (ja) (Entered: |

**A-35**

SDNY CM/ECF Version 5.1.1

| | | 01/23/2014) |
|---|---|---|
| 01/22/2014 | 36 | ENDORSED LETTER addressed to Judge George B. Daniels, from Charles S. Sims, dated 1/21/2014, re: the hearing scheduled for tomorrow morning. The storm that began this morning, however, has complicated arrangements for the hearing. At present, however, I am constrained to request - on behalf of all parties - that all counsel be allowed to appear by conference call, which Mr. Boni will organize. If the Court concludes that it prefers that at least one counsel appear in person, I would make my way to the Courthouse to do so. ENDORSEMENT: SO ORDERED. (Signed by Judge George B. Daniels on 1/22/2014) (ja) (Entered: 01/23/2014) |
| 06/10/2014 | | Minute Entry for proceedings held before Judge George B. Daniels: Settlement Conference held on 6/10/2014. Plaintiff Counsel: Laura B. Hoguet, Michael J. Boni, Neil L. Glazer, Gary S. Fergus, Daniel C. Girard;Defense Counsel: David Louis Roth, Charles S. Sims and Court Reporter present. (Vega, Elizabeth) (Entered: 06/11/2014) |
| 07/17/2014 | 37 | TRANSCRIPT of Proceedings re: MOTION held on 6/10/2014 before Judge George B. Daniels. Court Reporter/Transcriber: Andrew Walker, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/11/2014. Redacted Transcript Deadline set for 8/21/2014. Release of Transcript Restriction set for 10/20/2014.(Rodriguez, Somari) (Entered: 07/17/2014) |
| 07/17/2014 | 38 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a MOTION proceeding held on 6/10/14 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days... (Rodriguez, Somari) (Entered: 07/17/2014) |
| 07/24/2014 | | Terminate Transcript Deadlines (kgo) (Entered: 07/24/2014) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/16/2014 11:46:43 | | | |
| PACER Login: | us5070:2654438:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:00-cv-06049-GBD |
| Billable Pages: | 9 | Cost: | 0.90 |

**A-36**

ADMCLO,MEMBER,RELATED

## U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:00-cv-07376-GBD

| | |
|---|---|
| Posner, et al v. Gale Group, Inc., et al | Date Filed: 09/28/2000 |
| Assigned to: Judge George B. Daniels | Date Terminated: 11/30/2005 |
| Demand: $0 | Jury Demand: Plaintiff |
| Cause: 17:101 Copyright Infringement | Nature of Suit: 820 Copyright |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Gerald Posner**                            represented by **Caryn Gail Schechtman**
                                             DLA Piper US LLP (NY)
                                             1251 Avenue of the Americas
                                             New York, NY 10020
                                             (212)-896-2983
                                             Fax: (212)-835-6001
                                             Email: caryn.schechtman@dlapiper.com
                                             *LEAD ATTORNEY*

**Plaintiff**

**Robert E. Treuhaft and Jessica L.**        represented by **Caryn Gail Schechtman**
**Treuhaft Trust**                           (See above for address)
*Robert Treuhaft, Trustee*                   *LEAD ATTORNEY*

**Plaintiff**

**Jay Feldman**                              represented by **Caryn Gail Schechtman**
                                             (See above for address)
                                             *LEAD ATTORNEY*

**Plaintiff**

**Michael Castleman, Inc.**                  represented by **Caryn Gail Schechtman**
                                             (See above for address)
                                             *LEAD ATTORNEY*

**Plaintiff**

**The National Writers Union**               represented by **Caryn Gail Schechtman**
*a labor organization*                       (See above for address)
                                             *LEAD ATTORNEY*

**Plaintiff**

**A-37**

| | | |
|---|---|---|
| **Robin Vaughan** | represented by | **Caryn Gail Schechtman** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |

**Plaintiff**

| | | |
|---|---|---|
| **Mary Ann Sherman** | represented by | **Caryn Gail Schechtman** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |

**Plaintiff**

| | | |
|---|---|---|
| **MIriam Raftery** | represented by | **Caryn Gail Schechtman** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |

**Plaintiff**

| | | |
|---|---|---|
| **Paula McDonald** | represented by | **Caryn Gail Schechtman** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |

**Plaintiff**

| | | |
|---|---|---|
| **P/K Associates, Inc.** | represented by | **Caryn Gail Schechtman** |
| *and on behalf of those similarly situated* | | (See above for address) |
| | | *LEAD ATTORNEY* |

V.

**Defendant**

**Gale Group, Inc.**
*a Delaware Corporation*

**Defendant**

**Northern Light Technology
Corporation**
*a Delaware Corporation*

**Defendant**

**Bell & Howell Information and
Learning Company**
*a Delaware Corporation*

**Defendant**

**Thomson Corporation**
*a Canadian Corporation*

**Defendant**

**A-38**

**Thomson Business Information**
*a business unit of Thomson Corporation*

**Defendant**

**Reed Elsevier, Inc.**
*a Mssachusetts Corporation*
*doing business as*
Lexis/ Nexis

**Defendant**

**West Publishing Corporation**
*a Minnesota Corporation*
*doing business as*
West Group

**Defendant**

**Dow Jones Reuters Business Interactive, LLC**
*a Delaware Corporation*

**Defendant**

**Mediastream, Inc.**
*a Pennsylvania Corporation*

**Defendant**

**Union-Tribune Publishing Company**
*a California Corporation*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/28/2000 | | Mailed notice to Register of Copyrights. (tp) (Entered: 10/02/2000) |
| 09/28/2000 | 3 | RULE 1.9 CERTIFICATE filed by P/K Associates, Inc. (tp) (Entered: 10/02/2000) |
| 09/28/2000 | 2 | RULE 1.9 CERTIFICATE filed by Michael Castleman. (tp) (Entered: 10/02/2000) |
| 09/28/2000 | | CASE REFERRED TO Judge Richard Owen. (tp) (Entered: 10/02/2000) |
| 09/28/2000 | 1 | CLASS ACTION COMPLAINT filed. Summons issued and Notice pursuant to 28 U.S.C. 636(c). FILING FEE $ 150.00 RECEIPT # 385550. (tp) (Entered: 10/02/2000) |
| 10/05/2000 | 4 | Related Case Explanation by Gerald Posner, et al (lf) (Entered: 10/06/2000) |
| 10/20/2000 | 5 | NOTICE OF MOTION by Gerald Posner, Robert E. Treuhaft, Jay Feldman, Michael Castleman, National Writers, Robin Vaughan, Mary Ann Sherman, MIriam Raftery, Paula McDonald, P/K Associates, Inc. for an order, purs. to Rule 1.3(c) of |

**A-39**

| | | the Local Civil Rules, permitting Gary S. Fergus to appear pro hac vice for pltffs ; Return date not indicated. Declaration of Cary G. Mazin in support attached. (sac) (Entered: 10/24/2000) |
|---|---|---|
| 10/26/2000 | | Remark by Cashier's Office on copy of endorsed motion for admission pro hac vice, Doc. #5; "#388263, $25.00, 10/26/00". (sn) (Entered: 10/30/2000) |
| 10/26/2000 | 6 | Affidavit of service as to Northern Light by Donna Canali, Receptionist, on 10/10/00. Answer due on 10/30/00 for Northern Light. (sac) (Entered: 10/30/2000) |
| 10/26/2000 | 6 | Affidavit of service as to Reed Elsevier, Inc. by Shari Obermeyer, Agent for Service of Process, on 10/9/00. Answer due on 10/30/00 for Reed Elsevier, Inc. (sac) (Entered: 10/30/2000) |
| 10/26/2000 | 6 | Affidavit of service as to Dow Jones Reuters by Margaret Wilson, Authorized Agent, on 10/9/00. Answer due on 10/30/00 for Dow Jones Reuters. (sac) Modified on 10/30/2000 (Entered: 10/30/2000) |
| 10/26/2000 | 6 | Affidavit of service as to Thomson Business by Alan Lewis, Treasurer, on 10/10/00. Answer due on 10/30/00 for Thomson Business. (sac) Modified on 10/30/2000 (Entered: 10/30/2000) |
| 10/26/2000 | 6 | Affidavit of service as to Thomson Corporation by Alan Lewis, Treasurer, on 10/10/00. Answer due on 10/30/00 for Thomson Corporation. (sac) Modified on 10/30/2000 (Entered: 10/30/2000) |
| 10/26/2000 | 6 | Affidavit of service as to Bell & Howell Inf. by Margaret Wilson, Authorized Agent, on 10/9/00. Answer due on 10/30/00 for Bell & Howell Inf. (sac) Modified on 10/30/2000 (Entered: 10/30/2000) |
| 10/26/2000 | 6 | Affidavit of service as to Gale Group, Inc. by Sarah Devore, Authorized Agent, on 10/9/00. Answer due on 10/30/00 for Gale Group, Inc. (sac) Modified on 10/30/2000 (Entered: 10/30/2000) |
| 10/26/2000 | 6 | Affidavit of service as to Union-Tribune by Linda Myrick, Legal Secretary, on 10/10/00. Answer due on 10/30/00 for Union-Tribune. (sac) Modified on 10/30/2000 (Entered: 10/30/2000) |
| 10/26/2000 | 6 | Affidavit of service as to West Publishing by Lewis Freeman, General Manager, on 10/10/00. Answer due on 10/30/00 for West Publishing. (sac) Modified on 10/30/2000 (Entered: 10/30/2000) |
| 10/26/2000 | 6 | Affidavit of service of Summons in a civil case, Class Action complaint for Copyright Infringement, Declaratory Relief - Demand for Jury Trial as to Mediastream, Inc. c/o CT Corporation System by serving agent for service of process on 10/11/00. Answer due on 10/31/00 for Mediastream, Inc. (sac) Modified on 10/30/2000 (Entered: 10/30/2000) |
| 10/26/2000 | | Memo endorsed on motion; granting [5-1] motion for an order, purs. to Rule 1.3(c) of the Local Civil Rules, permitting Gary S. Fergus to appear pro hac vice for pltffs; ( signed by Judge Richard Owen ); copies mailed; forwarded orig. doc. to Attny. |

**A-40**

|  |  |  |
|---|---|---|
|  |  | Admissions Clerk (lf) (Entered: 10/26/2000) |
| 11/01/2000 | 7 | STIPULATION and ORDER; reset answer due for 11/30/00 for Mediastream, Inc. (signed by Judge Richard Owen ) (djc) (Entered: 11/01/2000) |
| 11/03/2000 | 9 | STIPULATION AND ORDER, reset answer due for 11/30/00 for Dow Jones Reuters, for West Publishing, for Reed Elsevier, Inc., for Thomson Business, for Thomson Corporation, for Bell & Howell Inf., for Northern Light, for Gale Group, Inc. ( signed by Judge Richard Owen ) (sac) Modified on 11/08/2000 (Entered: 11/06/2000) |
| 11/03/2000 | 8 | STIPULATION and ORDER, reset answer due for 11/30/00 for Union-Tribune ( signed by Judge Richard Owen ) (cd) (Entered: 11/06/2000) |
| 11/09/2000 | 10 | RULE 1.9 CERTIFICATE filed by Mediastream, Inc. (kw) (Entered: 11/13/2000) |
| 11/13/2000 | 11 | Notice of assignment to Judge Richard Owen . Copy of notice and judge's rules mailed to Attorney(s) of record: Caryn G. Mazin . (bm) (Entered: 11/15/2000) |
| 11/21/2000 | 12 | NOTICE OF MOTION by Mediastream, Inc. for an order, purs. to Rule 1.3(c) of the Local Civil Rules of the Court, admitting Steven A. Brick to appear pro hac vice as counsel of record for deft MediaStream, Inc. in this action ; Return date not indicated. Declaration(s) of James J. Murtha, Steven A. Brick in support attached. (sac) (Entered: 11/28/2000) |
| 11/30/2000 | 13 | ORDER, granting [12-1] motion purs. to Rule 1.3(c) of the Local Civil Rules of the Court, admitting Steven A. Brick to appear pro hac vice as counsel of record for deft MediaStream, Inc. in this action ( signed by Judge Richard Owen ); Copies mailed. (orig doc. sent to the atty admissions clerk) (lam) (Entered: 12/01/2000) |
| 12/06/2000 | 14 | STIPULATION and ORDER, extending time for all defts through and including 21 days after the Multidistrict Panel issues its determination in MDL #1379,or such earlier date as the defts shall be required to answer or move in the action presently pending in the USDC for the District of Delaware entitled Lacey et al v Dow Jones et al (00 cv 769) ( signed by Judge Richard Owen ) (cd) (Entered: 12/06/2000) |
| 12/14/2000 | 16 | NOTICE OF MOTION by Mediastream, Inc., for an order admitting Ian C. Ballon, Esq. to appear pro hac vice . Declaration of James J. Murtha in support is attached. Declaration of Ian C. Ballon in support is attached. No Return date. (kw) (Entered: 12/18/2000) |
| 12/14/2000 | 15 | NOTICE OF MOTION by Mediastream, Inc., for an order admitting Jason Poston, Esq. to appear pro hac vice on behalf of Mediastream . Declaration of James J. Murtha in support is attached. No Return Date. (kw) (Entered: 12/18/2000) |
| 12/28/2000 | 17 | NOTICE OF MOTION by Bell & Howell Inf. for Juli Wilson Marshal and Lisa P. Conolon to appear pro hac vice for deft Bell and Howell Information and Learning Co ; Return date not indicated (cd) (Entered: 12/29/2000) |
| 01/17/2001 |  | Case accepted as related to MDL # 1379. (bm) (Entered: 01/17/2001) |

**A-41**

| | | |
|---|---|---|
| 01/17/2001 | 18 | Notice of reassignment to Judge George B. Daniels . Copy of notice and judge's rules mailed to Attorney(s) of record: Caryn G. Mazin . (bm) (Entered: 01/17/2001) |
| 02/22/2001 | | ORDER re: 16 Motion to Appear Pro Hac Vice filed by Mediastream, Inc. Ian C. Ballon shall be and is admitted to the bar of this court pro hac vice and shall be and is permitted to argue or try this action as counsel or advocate on behalf of Mediastream. Original document filed in case #00cv6049, document #27. (Signed by Judge George B. Daniels on 12/20/00) (dle, ) (Entered: 03/29/2004) |
| 02/22/2001 | | Transmission to Attorney Admissions Clerk. Transmitted re: Order,, to the Attorney Admissions Clerk for updating of Attorney Information. (dle, ) (Entered: 03/29/2004) |
| 02/22/2001 | | ORDER re: 15 Motion to Appear Pro Hac Vice filed by Mediastream, Inc. Jason Poston shall be and is admitted to the bar of this court pro hac vice and shall be and is permitted to argue or try this action as counsel or advocate. Original document filed in case #00cv6049, document #28. (Signed by Judge George B. Daniels on 12/20/00) (dle, ) (Entered: 03/29/2004) |
| 02/22/2001 | | Transmission to Attorney Admissions Clerk. Transmitted re: Order,, to the Attorney Admissions Clerk for updating of Attorney Information. (dle, ) (Entered: 03/29/2004) |
| 03/01/2001 | | MEMORANDUM OPINION AND ORDER #85226; that for the reasons stated on this Opinion and Order, the application for a stay of proceedings is granted ; this case will be placed on the suspense docket until the Supreme Court issues its decision in Tasini. The parties are directed to contact the Court within 30 days of the date of that decision . ( signed by Judge George B. Daniels ); Copies mailed. Original document filed under case number M-21-90, document number 4. (jp) (Entered: 03/02/2001) |
| 07/06/2001 | | NOTICE OF MOTION by Gerald Posner, Robert E. Treuhaft, Jay Feldman, Michael Castleman, National Writers, Robin Vaughan, Mary Ann Sherman, MIriam Raftery, Paula McDonald, P/K Associates, Inc. for an order, consolidating 2:00 Civ. 6049 00 Civ. 7376, 00 Civ. 769, 01 Civ. 6032 for all pre-trial purposes, purs. to FRCP 42(a) ; and for an order, for the Court to enter the proposed Pre-trial Order No. 1 to govern such consolidated actions ; Return date 7/24/01. (orig. doc. dktd. in 00 Civ. 6049, doc. #29). (sac) Modified on 07/12/2001 (Entered: 07/12/2001) |
| 07/06/2001 | | MEMORANDUM OF LAW by Gerald Posner, Robert E. Treuhaft, Jay Feldman, Michael Castleman, National Writers, Robin Vaughan, Mary Ann Sherman, MIriam Raftery, Paula McDonald, P/K Associates, Inc. in support of [0-1] motion for an order, consolidating 2:00 Civ. 6049; 00 Civ. 7376, 00 Civ. 769, 01 Civ. 6032 for all pre-trial purposes, purs. to FRCP 42(a), [0-2] motion for an order, for the Court to enter the proposed Pre-trial Order No. 1 to govern such consolidated actions. (orig. doc. dktd. in 2:00 Civ. 6049, doc. #30). (sac) Modified on 07/12/2001 (Entered: 07/12/2001) |

**A-42**

| | | |
|---|---|---|
| 07/24/2001 | 19 | (DUPLICATE ORIGINAL) ORDER removing case from suspense docket. ( signed by Judge George B. Daniels ) (Orig. doc. filed in case M-21-90 (GBD) (ae) (Entered: 07/25/2001) |
| 08/14/2001 | | PRETRIAL ORDER filed regarding consolidation of this action with actions 00 cv 6049 and 00 cv 9411; coordination of Authors Guild v. New York Times action; Master File MDL # 1379, Master Docket (M21-90) and separate action dockets; Newly filed or transferred actions; captions of case; mediation of consolidated actions; consolidated complaint; responsive pleading to the complaint in the New York Times action; organization of pltffs counsel and reservation of rights. ( signed by Judge George B. Daniels ) Original document filed under case number MDL # 1379, M21-90, document number 7. (jp) (Entered: 08/31/2001) |
| 08/14/2001 | | Consolidated Member Case. Lead Case Number: MDL #1379 (M21-90). (jp) (Entered: 08/31/2001) |
| 08/16/2001 | 20 | Order referring action to the Clerk to assign the above-entitled action to mediation. ( signed by Judge George B. Daniels ) (sac) (Entered: 08/17/2001) |
| 08/27/2001 | 21 | ORDER granting [17-1] motion for Juli Wilson Marshal and Lisa P. Conolon to appear pro hac vice for deft Bell and Howell Information and Learning Co. ( signed by Judge George B. Daniels ); Copies mailed. (Forwarded Admissions Clerk) (sn) Modified on 08/29/2001 (Entered: 08/28/2001) |
| 11/30/2005 | 22 | MINUTE ORDER PURSUANT TO MEMORANDUM FROM THE ADMINISTRATIVE OFFICE OF THE U.S. COURTS, DATED JUNE 15TH, 1973....Case Closed administratively pursuant to Memorandum from the Administrative Office of the United States Courts dated June 15th, 1973.... (Signed by Judge Michael B. Mukasey on 11/30/2005) (lb, ) (Entered: 12/01/2005) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/16/2014 11:47:29 | | | |
| PACER Login: | us5070:2654438:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:00-cv-07376-GBD |
| Billable Pages: | 5 | Cost: | 0.50 |

**A-43**

ADMCLO,MDL,RELATED

## U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:00-cv-09411-GBD

Laney, et al v. Dow Jones & Co., et al
Assigned to: Judge George B. Daniels
Demand: $0
Lead case: 1:00-md-01379-GBD
Member case: (View Member Case)
Case in other court: USDC-DDE, 1:00-cv-769
                    MDL PANEL, M21-90
                    MDL PANEL, MDL1379
Cause: 17:101 Copyright Infringement

Date Filed: 12/12/2000
Date Terminated: 05/31/2006
Jury Demand: Plaintiff
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

### Plaintiff

**Ruth Laney**
*on behalf of herself and all others*
*similarly situated*

represented by **Megan D. McIntyre**
Grant & Eisenhofer, PA (DE)
123 Justison Street
Wilmington, DE 19801
(302)-622-7020
Fax: (302)-622-7100
Email: mmcintyre@gelaw.com
*LEAD ATTORNEY*

### Plaintiff

**Ronald M. Schwartz**

represented by **Megan D. McIntyre**
(See above for address)
*LEAD ATTORNEY*

V.

### Defendant

**Dow Jones & Company, Inc.**

represented by **Kenneth J. Nachbar**
Morris, Nichols, Arsht & Tunnell
1201 North Main Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
*LEAD ATTORNEY*

### Defendant

**A-44**

**Reed Elsevier Inc.**                     represented by **James M. Mulligan , Jr.**
Connolly, Bove, Lodge & Hutz
1220 Market Building
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
*LEAD ATTORNEY*

**Defendant**

**Northern Light Technology**          represented by **Michael Hanrahan**
**Incorporated**                       Prickett, Jones & Elliott
1310 King Street
P.O. Box 1328
Wilmington, DE 19899
(302) 888-6500
Fax: (302) 658-8111
Email: mhanrahan@prickett.com
*LEAD ATTORNEY*
*PRO HAC VICE*

**Defendant**

**Bell & Howell Company**              represented by **Frederick L. Cottrell , III**
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 658-6541
*LEAD ATTORNEY*

**Juli Wilson Marshall**
Latham & Watkins
233 South Wacker Drive
Suite 5800 Sears Tower
Chicago, IL 60606
(312) 876-7700
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa P. Conlon**
Latham & Watkins
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**A-45**

**The Thomson Corporation**                 represented by **Philip A. Rovner**
                                            Potter, Anderson & Corroon, L.L.P.
                                            Hercules Plaza
                                            P.O. Box 951
                                            Wilmington, DE 19899
                                            (302) 658-6541
                                            *LEAD ATTORNEY*

**Defendant**

**West Publishing Corporation**             represented by **Philip A. Rovner**
                                            (See above for address)
                                            *LEAD ATTORNEY*

**Defendant**

**Gale Group**                              represented by **Philip A. Rovner**
                                            (See above for address)
                                            *LEAD ATTORNEY*

**Defendant**

**Dialog Corporation**                      represented by **Philip A. Rovner**
                                            (See above for address)
                                            *LEAD ATTORNEY*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/12/2000 | | Case accepted as related to MDL # 1379 & M21-90. (bm) (Entered: 12/12/2000) |
| 12/12/2000 | | Magistrate Judge Kevin N. Fox is so Designated. (bm) (Entered: 12/12/2000) |
| 12/12/2000 | 1 | CERTIFIED TRUE COPY OF CONDITIONAL TRANSFER IN ORDER FROM THE MDL PANEL....transferring action from the U.S.D.C. for the District of Delaware, Docket No.: 1:00-cv-769, MDL No.: 1379, M No.: 21-90, to the S.D.N.Y. Mailed letter requesting transfer of their file. (bm) (Entered: 12/12/2000) |
| 12/27/2000 | | Mailed notice with Rules 2 & 3 to attorney(s) of record. (bm) (Entered: 12/28/2000) |
| 12/27/2000 | | Mailed notice to USDC-District of Delaware acknowleding receipt of file. (bm) (Entered: 12/28/2000) |
| 12/27/2000 | | MDL Transfer In: Received Certified Copy of docket entries and file from the District of Delaware, Docket No.: 00-cv-769 (RRM), MDL No.: 1379. (bm) (Entered: 12/28/2000) |
| 01/10/2001 | 2 | NOTICE OF MOTION (FILED ON SERVICE DATE) by Bell & Howell Co. for an order, purs. to Rule 1.3(c) of the Local Rules for the SDNY, admitting Juli Wilson Marshall and Lisa P. Conlon to the bar of this Court pro hac vice as counsel for deft Bell and Howell Company . No return date indicated. Declarations of Alexandra A.E. Shapiro, Juli Wilson Marshall, and Lisa P. Conlon in support attached. (sn) |

**A-46**

| | | |
|---|---|---|
| | | (Entered: 01/11/2001) |
| 01/17/2001 | 3 | Notice of reassignment to Judge George B. Daniels . Copy of notice and judge's rules mailed to Attorney(s) of record: Philip A. Rovner, Frederick L. Cottrell III, Michael Hanrahan, James M. Mulligan Jr., Megan D. McIntyre, Kenneth J. Nachbar . (bm) (Entered: 01/17/2001) |
| 03/01/2001 | | MEMORANDUM OPINION AND ORDER #85226; that for the reasons set forth on this Opinion and Order, the application for a stay of proceedings is granted ; this case will be placed on the suspense docket until the Supreme Court issues its decision in Tasini. The Parties are directed to contact the Court within 30 days of the date of that decision . ( signed by Judge George B. Daniels ); Copies mailed. Original document filed under case number M-21-90(GBD), document number 4. (jp) (Entered: 03/02/2001) |
| 07/24/2001 | 4 | (DUPLICATE ORIGINAL) ORDER removing case from suspense docket. ( signed by Judge George B. Daniels ) (Orig. doc. filed in case # M-21-90 (GBD) (ae) (Entered: 07/25/2001) |
| 08/14/2001 | | PRETRIAL ORDER filed regarding consolidation of this action with actions 00 cv 6049, 00 cv 7376; coordination of Authors Guild v. New York Times action; Master file (MDL #1379), Master Docket (M21-90) and separate action dockets; newly filed or transferred actions captions of case; mediation of consolidated actions; consolidated complaint; responsive pleading to the complaint in the New York Times action; organization of pltffs counsel and reservation of rights, ( signed by Judge George B. Daniels ) Original document filed in lead case #M21-90 (MDL # 1379), document number 7. (jp) (Entered: 08/31/2001) |
| 08/14/2001 | | Consolidated Member Case. Lead Case Number: MDL # 1379, (M21-90). (jp) (Entered: 08/31/2001) |
| 08/16/2001 | 5 | Order referring action to the Clerk to assign the above-entitled action to mediation. ( signed by Judge George B. Daniels ) (tp) (Entered: 08/17/2001) |
| 03/01/2004 | | MEMO ENDORSEMENT granting re: 2 Motion to Appear Pro Hac Vice filed by Bell & Howell Company. (Signed by Judge George B. Daniels on 2/27/04) (kw, ) (Entered: 03/04/2004) |
| 03/04/2004 | | Transmission to Attorney Admissions Clerk. Transmitted re: Memo Endorsement, to the Attorney Admissions Clerk for updating of Attorney Information. (kw, ) (Entered: 03/04/2004) |
| 05/31/2006 | 6 | DUPLICATE MINUTE ORDER PURSUANT TO MEMORANDUM FROM THE ADMINISTRATIVE OFFICE OF THE U.S. COURTS, DATED JUNE 15TH, 1973....Case Closed administratively pursuant to Memorandum from the Administrative Office of the United States Courts dated June 15th, 1973.... (Signed by Judge Michael B. Mukasey on 5/31/06)(orig. entered in 76cv2125(RWS) as document # 363) (Signed by Judge Michael B. Mukasey on 5/31/06) (kco, ) (Entered: 06/08/2006) |

A-47

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/16/2014 11:48:56 | | | |
| **PACER Login:** | us5070:2654438:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:00-cv-09411-GBD |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

PAGES A-48–A-51 LEFT BLANK INTENTIONALLY

A-52

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

00CIV. 6049

```
                                             X
THE AUTHORS GUILD, INC., on behalf of        :
itself and its members, and LETTY            :
COTTIN POGREBIN, JAMES GLEICK,               :  Index No. 00 Civ.
ANDREA DWORKIN, TOM DUNKEL, MARIE WINN,      :
RONALD HAYMAN and ROBERT LACEY, on           :
behalf of themselves and all other           :
person similarly situated,                   :
                                             :
                Plaintiffs,                  :  CLASS ACTION COMPLAINT
                                             :
            v.                               :  JURY TRIAL DEMANDED
                                             :
THE DIALOG CORPORATION, REED ELSEVIER        :
INC., DOW JONES REUTERS BUSINESS             :
INTERACTIVE, LLC d/b/a FACTIVA,              :
BELL & HOWELL COMPANY and THE THOMSON        :
CORPORATION,                                 :
                                             :
                Defendants.                  :
                                             X
```

Plaintiffs allege as follows:

1.    Plaintiffs bring this action pursuant to the

Copyright Act of 1976 as amended, 17 U.S.C. § 101, et seq., for

damages and injunctive relief for infringement of copyright and

for declaratory judgment pursuant to 28 U.S.C. § 2201.

2.    As hereinafter alleged, plaintiff The Authors

Guild, Inc. ("The Authors Guild") is a nonprofit membership

organization that represents book authors and freelance writers

whose works were excerpted, reproduced and/or distributed, and

which at all times from the first such act until the present have

A-53

subjects. West's electronic data bases infringe the copyrighted works of plaintiffs and class members.

20. Each of the defendants operates at least one electronic database or makes electronic database products. Each of the defendants includes in one or more of its electronic databases written works previously published in newspapers, magazines, and/or books, including works contributed to such publications by freelance authors. Each of the defendants has excerpted, reproduced and/or distributed works written by freelance authors without obtaining the license or permission of such authors to do so and without compensating such authors for such excerpting, reproduction and/or distribution. Each of the defendants has infringed works of one or more of the Named Plaintiffs by copying, storing, and reproducing in a data base maintained by such defendant, a work or works as to which such Named Plaintiff has registered his or her copyright. Each of the defendants has profited and continues to profit from this unauthorized reproduction and distribution.

### Class Allegations

21. The Named Plaintiffs allege a Class consisting of all authors who, as of the commencement of the trial of this action, owned or shall own a copyright in at least one work that

12

A-54

was created and first published after January 1, 1978, and which

work was excerpted, reproduced and/or distributed by one or more

defendants in their electronic databases on or after August 15,

1997.

22. With respect to damages, the Class contains three

subclasses, consisting of the following:

Subclass 1: All authors who are members
of the general class and who own at least one
registered copyright with an effective
registration date that is earlier than the
commencement of an act of reproduction and
distribution of the registered work committed
by defendants, or, that was registered within
three months after the first date of
publication of the work. Named plaintiffs
Pogrebin, Gleick, Dworkin and Dunkel are
members of Subclass 1;

Subclass 2: All authors who are members
of the general class and who own at least one
registered copyright with an effective
registration date that is later than the
commencement of an act of reproduction and
distribution of the registered work committed
by defendants, and, that was not registered
within three months after the first
publication of the work. Named Plaintiffs
Pogrebin, Gleick, Dworkin, Dunkel and Winn
are members of Subclass 2;

Subclass 3: All authors who are members
of the general class and whose work is
protected by copyright in their country of
origin, where that country is not the United
States but is a signatory of the Berne
Convention. Named Plaintiffs Hayman and
Lacey are members of Subclass 3.

13

A-55

## UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

| | |
|---|---|
| RUTH LANEY, on behalf of herself and all others similarly situated, | ) ) ) Case No.: _____ 0 0 7 6 9 _____ |
| Plaintiff, | ) **CLASS ACTION COMPLAINT FOR** ) **COPYRIGHT INFRINGEMENT** |
| v. | ) ) **DEMAND FOR JURY TRIAL** |
| DOW JONES & COMPANY, INC., REED ELSEVIER INC., | ) ) ) |
| Defendants. | ) ) |

Individual and representative Plaintiff Ruth Laney, by and through her attorneys on behalf of herself and all others similarly situated, complains against defendants Dow Jones & Company, Inc. and Reed Elsevier Inc. (collectively referred to as "Defendants") as follows:

### NATURE OF THIS CLASS ACTION COMPLAINT

1.      This is a case about freelance writers, the articles freelance writers wrote for particular newspapers or magazines, and the unauthorized re-use of those articles in electronic databases of Defendants and others in violation of the copyright laws of the United States.

According to the publishers of the nation's newspapers and magazines and the producers of these databases, the publishing world has, for at least the last fifteen years, been engaged in the practice of recycling articles in this manner. As a result of this course of conduct and the cumulative effect of these infringements and recycling, the databases established by Defendants and others now contain, in some instances, hundreds of millions of recycled articles. Each of these databases contains copies of copyrighted articles and literary works for which the Defendants do not hold the rights.

1

**A-56**

13.     Plaintiff alleges that venue properly lies in this Judicial District pursuant to

28 U.S.C. § 1400 (a) because the Defendants may be found within this Judicial District and also

because they have engaged in substantial acts of infringement within this Judicial District.

## CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this action on behalf of herself and all others similarly situated, as

members of the proposed Plaintiff class.  The general class (hereinafter "the Class") that the

representative Plaintiff in this action seeks to represent is composed of the following:

> All persons and/or entities who, at the time of the filing of this Complaint,
> own the copyright in one or more literary works that, within the last three
> years, have been reproduced, distributed, displayed and/or sold by either
> or both of the Defendants, or that have been carried in either or both of
> their databases, without the permission of the copyright owner.  The
> literary works to which this definition applies are those that were first
> created on or after January 1, 1978.  Excluded from the class are the
> Defendants in this action, any entity in which the Defendants have a
> controlling interest, any employees, officers, or directors of Defendants,
> and the legal representatives, heirs, successors, and assigns of Defendants.

15.     This action has been brought and may properly be maintained as a Class Action

pursuant to Rule 23 of the Federal Rules of Civil Procedure.

16.     Numerosity of the Class – Fed. R. Civ. P. 23(a)(1): The persons and/or entities in

the Class are so numerous that the joinder of all such persons is impracticable and the disposition

of their claims in a Class Action rather than in individual actions will benefit the parties and the

Court.  The precise number of class members and their addresses are unknown to Plaintiff,

although it is believed that the Class will number at least ten thousand.  Class members may be

notified of the pendency of this action by mail, supplemented (if deemed necessary or

appropriate by the Court) by published notice.

17.     Existence and Predominance of Common Questions of Law and Fact – Fed. R.

Civ. P. 23(a)(2); 23(b)(3): There is a well-defined community of interest in the questions of law

and fact involved affecting the plaintiff Class.  Questions of law and fact common to the Class

include, but are not limited to, the following:

4

A-57

FILE COPY

DOC# 1 ORIGINAL

00CIV. 7376

BROBECK, PHLEGER & HARRISON LLP
Caryn G. Mazin (CM-3858)
1633 Broadway
New York, New York 10019
Telephone: (212) 581-1600
Facsimile: (212) 586-7878

Gary S. Fergus (California State Bar No. 95318)
Spear Street Tower
One Market
San Francisco, California 94105
Telephone: (415) 442-0900
Facsimile: (415) 442-1010

HOSIE FROST LARGE & McARTHUR
Spencer Hosie (California State Bar No. 101777)
George Frost (California State Bar No. 178528)
Spear Street Tower
One Market, 22nd Floor
San Francisco, California 94105
Telephone: (415) 247-6000
Facsimile: (415) 247-6001

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ x

GERALD POSNER, the ROBERT E.
TREUHAFT AND JESSICA L. TREUHAFT
TRUST; Robert Treuhaft, Trustee; JAY
FELDMAN; and MICHAEL CASTLEMAN,
INC.; the NATIONAL WRITERS UNION, a
labor organization, ROBIN VAUGHAN, MARY
SHERMAN, MIRIAM RAFTERY, PAULA
McDONALD, P/K ASSOCIATES, INC., and
on behalf of those similarly situated,,

                    Plaintiffs,

     against

GALE GROUP, INC., a Delaware Corporation;
NORTHERN LIGHT TECHNOLOGY
CORPORATION, a Delaware Corporation;
BELL & HOWELL INFORMATION AND
LEARNING COMPANY, a Delaware
Corporation; THOMSON CORPORATION, a
Canadian Corporation; and THOMSON
BUSINESS INFORMATION, a business unit of

**CLASS ACTION COMPLAINT FOR
COPYRIGHT INFRINGEMENT
DECLARATORY RELIEF**

**CLASS ACTION**

**DEMAND FOR JURY TRIAL**

1

NYOLIB1\CM1\
197324.01
(40JG011.DOC)

A-58

24. Defendant Dow Jones Interactive is a Delaware corporation. Dow Jones Interactive, for a fee, sells full text articles Online on a wide variety of business and general topics.

25. Defendant Mediastream is a Pennsylvania corporation. Mediastream for a fee, offers Online full text of freelance newspaper articles published in a variety of newspapers.

26. Defendant Union Tribune is a California corporation. Defendant Union Tribune displays, distributes, and reproduces Online full text of freelance newspaper articles.

### JURISDICTION AND VENUE

27. This Court has original jurisdiction of the subject matter of the copyright infringement claim under 17 U.S.C. §101 et seq., with jurisdiction vested in this Court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. §1338(a) (acts of Congress relating to copyrights) and 28 U.S.C. 2201 (declaratory relief).

28. Venue properly lies in this Judicial District pursuant to 28 U.S.C. §1391(b)(2) and (c) because the Defendants and the Thomson Defendants have engaged in substantial acts of infringement within this Judicial District. Venue is also proper in this District York pursuant to 28 U.S.C. §1391(b)(1) because Defendants and Thomson Defendants are subject to personal jurisdiction in this Judicial District and reside in this Judicial District pursuant to 28 U.S.C. §1391(c).

### CLASS ALLEGATIONS

11

A-59

29.     Plaintiffs bring this action on behalf of themselves and all others similarly situated, as members of the proposed class. The general class (hereinafter the "Class") whom the representative Plaintiffs in this action seek to represent is comprised of the following:

(a) All persons who own a registered copyright in or own the copyright and have filed an application for registration in at least one Copyrighted Work that was created and first published after December 31, 1977, and which was distributed, displayed, reproduced and/or sold by Defendant within three years of the date of the filing of this Complaint or at any time thereafter. Excluded from this Class are: (1) all of the Defendants, the Thomson Defendants, and their respective entities in which they have a controlling interest; (2) the employees, officers, directors, and legal representatives of the Defendants, the Thomson Defendants and the respective entities in which they have a controlling interest; and (3) the heirs, successors, assigns and legal representatives of any of the individuals identified in subparagraph (2) above.

30. This Action has been brought and may properly be maintained as a Class Action pursuant to Federal Rules of Civil Procedure, Rule 23:

31. Numerosity of the Class - Fed. R. Civ. Proc. 23(a)(1): The persons and/or entities in the Class are so numerous that the joinder of all such persons is impractical and the disposition of their claims in a Class Action rather than in individual actions will benefit the parties and the Court.

32. Existence and Predominance of Common Question of Law and Fact - Fed. R. Civ. Proc. 23(a)(2) & 23(b)(3): There is a well-defined community of interest in

NYOLIB1\CM1\
187324.01
(40JG011.DOC)

**A-60**



BROBECK, PHLEGER & HARRISON LLP
Caryn G. Mazin (CM-3858)
1633 Broadway
New York, New York 10019
Telephone: (212) 581-1600
Facsimile: (212) 586-7878

Gary S. Fergus (California State Bar No. 95318)
Spear Street Tower
One Market
San Francisco, California 94105
Telephone: (415) 442-0900
Facsimile: (415) 442-1010

HOSIE FROST LARGE & McARTHUR
Spencer Hosie (California State Bar No. 101777)
George Frost (California State Bar No. 178528)
Spear Street Tower
One Market, 22nd Floor
San Francisco, California 94105
Telephone: (415) 247-6000
Facsimile: (415) 247-6001

Attorneys for Plaintiffs

**ORIGINAL**






UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                        :

GERALD POSNER, et al.          :

                        :       CASE NUMBER 00CIV. 7376
         Plaintiffs,    :

      against              :

GALE GROUP, INC.,         :       **RELATED CASE EXPLANATION**
                        :       **(Addendum to Civil Cover Sheet)**
         Defendants.   :

-------------------------------------------------------------- x

The above-captioned action is related to The Authors Guild, Inc. et al. v. The

Dialog Corp. et al., No. 00 Civ. 6049 (RO) in that both actions involve substantially similar legal

**A-61**

questions concerning the rights of authors whose registered copyrighted literary works are made

available without authorization through the internet.

DATED:     New York, New York
           October 5, 2000

BROBECK, PHLEGER & HARRISON LLP

By _____
Caryn G. Mazin (CM-3858)
1633 Broadway
New York, New York 10019
Telephone:   (212) 581-1600
Facsimile:   (212) 586-7878

Gary S. Fergus (California State Bar No: 95318)
Spear Street Tower
One Market
San Francisco, California 94105
Telephone:(415) 442-0900
Facsimile: (415) 442-1010

HOSIE FROST LARGE & McARTHUR
Spencer Hosie (California State Bar No. 101777)
George Frost (California State Bar No. 178528)
Spear Street Tower
One Market, 22nd Floor
San Francisco, California 94105
Telephone:(415) 247-6000
Facsimile: (415) 247-6001

ATTORNEYS FOR PLAINTIFFS

A-62

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE AUTHORS GUILD, INC.,
on behalf of itself and its members, DERRICK
BELL and LYNN BRENNER. on behalf of
themselves and all other persons similarly situated,

DOC # 1



**01 CV** **6032**

CIVIL ACTION NO.

     Plaintiffs,

    v.

THE NEW YORK TIMES COMPANY,

     Defendant.

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

    Plaintiff The Authors Guild, on behalf of its members, and named Plaintiffs

Derrick Bell and Lynn Brenner (collectively "Named Plaintiffs"), individually and on behalf of

all other persons similarly situated, by their attorneys, allege as follows:

    1.   Plaintiffs bring this action pursuant to the Copyright Act of 1976 as

amended, 17 U.S.C. § 101, et seq., for damages and injunctive relief for infringement of

copyright .

## JURISDICTION AND VENUE

    2.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331,

and 28 U.S.C. § 1338(a) .

    3.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)

and (c), since Defendant is subject to personal jurisdiction in this judicial district, and pursuant to

**A-63**

infringed the copyright of works of Plaintiffs. Defendant profits from this unauthorized

reproduction, distribution and other such uses.

## CLASS ALLEGATIONS

11.    The Class consists of all authors who, at the time of the filing of this

Complaint, owned a copyright in at least one work that was created and first published in a print

publication owned or controlled by Defendant after January 1, 1978, and which work was,

among other things, and without limitation, reproduced, distributed, displayed, excerpted,

published, uploaded, downloaded, and/or transmitted in Defendant's or any other electronic

database, all without the authorization or consent of the authors and without payment to them for

such uses.

12.    The Class contains two subclasses, consisting of the following:

> Subclass 1:  All authors who are members of the general
> Class and who own at least one registered copyright with
> an effective registration date that is earlier than the
> commencement of an act of infringement of the registered
> work committed by Defendant, or that was registered
> within three months after the first date of publication of the
> work;

> Subclass 2:  All authors who are members of the general
> Class and whose copyrights do not have an effective
> registration date that is earlier than the commencement of
> an act of reproduction and distribution of the registered
> work committed by Defendant, and that was not registered
> within three months after the first publication of the work.

13.    The exact number of members of the Class and each subclass is not known

to the Named Plaintiffs, but, according to Defendant, the Class consists of approximately 27,000

5

A-64

MICHAEL J. BONI
KOHN SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Telephone: (215) 238-1700
Facsimile: (215) 238-1968

GARY S. FERGUS
BROBECK, PHLEGER & HARRISON
Spear Street Tower
One Market Street
San Francisco, CA 94105
Telephone: (415) 442-0900
Facsimile: (415) 442-1010

DANIEL C. GIRARD
GIRARD & GREEN LLP
160 Sansome Street, Suite 300
San Francisco, CA 94104
Tele: (415) 981-4800
Facsimile: (415) 981-4846

CO-LEAD COUNSEL FOR
PLAINTIFFS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| _____ | x | MDL NO. 1379 |
|  | : |  |
| IN RE LITERARY WORKS IN ELECTRONIC | : | **CONSOLIDATED AMENDED** |
| DATABASES COPYRIGHT LITIGATION | : | **CLASS ACTION COMPLAINT** |
|  | : |  |
| _____ | x | **DEMAND FOR JURY TRIAL** |

A-65

Plaintiffs, for their Consolidated Amended Class Action Complaint against each of the defendants, by their attorneys, allege as follows:

## NATURE OF THE ACTION

1.    This is a case about freelance and other authors, the works they authored, the copyrights they own for those works under federal law, and the wholesale, massive infringement of those rights by defendants.

2.    Plaintiffs are published freelance and other authors, and trade associations that include thousands of freelance authors. The plaintiff freelancers licensed their works for publication to various print publications but did not grant to those publications or to defendants the right to reproduce, display, sell, and/or distribute their work in electronic form.

3.    Defendants are commercial entities that maintain electronic databases that contain millions of individual works, including those authored by plaintiffs. Defendants obtained plaintiffs' works from the print publishers that first published their works. Defendants have and continue to reproduce, display, sell, and/or distribute plaintiffs' works without plaintiffs' authorization. The databases have generated tremendous revenues for defendants because the works that comprise the databases are offered for sale and/or licensed to the public.

4.    By reproducing, displaying, selling, and/or distributing plaintiffs' works without authorization, defendants have infringed, and continue to infringe, plaintiffs' copyrights. Their infringement is willful and continuing.

5.    Defendants knew that the copyright laws of the United States required them to obtain authorization from the holders of the copyrights in these literary works before reproducing, displaying, selling and/or distributing copies, or permitting others to do so. Despite

2

A-66

this knowledge, for years, defendants systematically reproduced, displayed, sold and/or distributed these copyrighted works without authorization from the copyright holders, and permitted others to do so, and thereby infringed the copyrights directly, vicariously and/or contributorily. Defendants collected substantial revenues and realized substantial profits as a result.

6.      Plaintiffs other than the American Society of Journalists and Authors, The Authors Guild, Inc. and the National Writers Union (collectively the "Associational Plaintiffs"), own and have registered or applied to register copyrights in the works that defendants have reproduced, displayed, sold and/or distributed without proper authorization.

7.      By this action, plaintiffs, on behalf of themselves and all others similarly situated, seek damages and injunctive relief for defendants' past and present infringement.

## JURISDICTION AND VENUE

8.      This action arises under the Copyright Act of 1976, 17 U.S.C. secs. 101 et seq. Plaintiffs hold their copyrights and possess valid claims for infringement under that statute. This Court has jurisdiction over those claims pursuant to 28 U.S.C. sec. 1331 (federal question), 28 U.S.C. sec. 1338 (acts of Congress related to copyright), and 28 U.S.C. sec. 1367 (supplemental jurisdiction).

9.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because defendants are subject to personal jurisdiction in and reside in this district pursuant to 28 U.S.C. § 1391(c) and/or because defendants have distributed infringing copies of plaintiffs' works in this district.

3

**A-67**

## PARTIES

### THE NAMED PLAINTIFFS

10.     The individual plaintiffs ("Named Plaintiffs") are published, professional authors who created literary works, or trusts or corporations that hold rights in literary works, for which the copyrights have been registered under United States law or protected by copyright in a nation of origin that is party to a copyright treaty to which the United States is a signatory.

11.     Plaintiff Michael Castleman, Inc. (hereinafter "Castleman Inc.") is a California Corporation with its principal place of business located in San Francisco, California. Castleman Inc. has been assigned the copyright in "The .02 Percent Solution" authored by Michael Castleman. Mr. Castleman is a member of the National Writers Union.

12.     Plaintiff E.L. Doctorow, who resides in New York City, is a professional author and a member of The Authors Guild.

13.     Plaintiff Tom Dunkel, who resides in Washington D.C., is a professional journalist and writer and a member of the American Society of Journalists and Authors.

14.     Plaintiff Andrea Dworkin, who resides in Brooklyn, New York, is a teacher, scholar, published writer, and a member of The Authors Guild.

15.     Plaintiff Jay Feldman is a resident of Davis, California. Mr. Feldman is a freelance writer.

16.     Plaintiff James Gleick, who resides in Garrison, New York, is a professional author who writes and publishes widely on scientific and other subjects. Plaintiff Gleick is a member and Vice President of The Authors Guild.

4

**A-68**

17.     Plaintiff Ronald Hayman is a citizen of the United Kingdom who resides in London. Plaintiff Hayman is a professional writer and is a member of The Authors Guild.

18.     Plaintiff Robert Lacey, a citizen of the United Kingdom who resides in London, is a professional writer and member of The Authors Guild.

19.     Plaintiff Ruth Laney is a resident of Baton Rouge, Louisiana. Plaintiff Laney is a freelance author and a member of the American Society of Journalists and Authors.

20.     Plaintiff Paula McDonald is a citizen of the United States who resides in Rosarito, Mexico. Ms. McDonald is a freelance author and a member of the National Writers Union.

21.     Plaintiff P/K Associates, Inc. is a Wisconsin, Corporation (hereinafter "P/K"). P/K is the owner of the copyright in numerous articles written by Franklynn Peterson in the general subject matter of computers.

22.     Plaintiff Letty Cottin Pogrebin, who resides in New York City, is a professional and freelance writer. Plaintiff Pogrebin is a member and President of The Authors Guild.

23.     Plaintiff Gerald Posner is a resident of New York, New York. Mr. Posner is a freelance author and an advisory board member of the National Writers Union.

24.     Plaintiff Miriam Raftery is a California resident. Ms. Raftery is a freelance author and a member of the National Writers Union.

25.     Plaintiff Ronald M. Schwartz is a resident of Wakefield, Rhode Island. Plaintiff Schwartz is a freelance author.

26.     Plaintiff Mary Sherman is a resident of Boston, Massachusetts. Ms. Sherman is a freelance author and a member of the National Writers Union.

5

**A-69**

27.     Plaintiff Donald Spoto, who resides in Los Angeles, California, is a professional writer of biographies and a member of The Authors Guild.

28.     Plaintiff the Robert E. Treuhaft and Jessica L. Treuhaft Trust, Robert Treuhaft, trustee, dated December 3, 1985 (hereinafter the "Mitford Trust"), is a California trust located in Oakland, California. Jessica L. Treuhaft is the legal name of author Jessica Mitford.

29.     Plaintiff Robin Vaughan is a resident of Boston, Massachusetts. Ms. Vaughan is a freelance author.

30.     Plaintiff Robley Wilson, who resides in Winter Park, Florida, is a professional writer of poetry and fiction and is a member of The Authors Guild.

31.     Plaintiff Marie Winn, who resides in New York City, is the author of articles that have been published in newspapers and magazines. Plaintiff Winn is a member of The Authors Guild.

32.     Attached hereto as Exhibit A is a list of the Named Plaintiffs, their works protected by copyright, applicable registration numbers, and the databases plaintiffs are presently informed and believe contain each work.

33.     Each of the Named Plaintiffs is the exclusive owner of the copyrights listed for that plaintiff. None of the Named Plaintiffs has authorized defendants or any of them to store his or her literary works in defendants' electronic databases, or to reproduce, display, sell and/or distribute such works in and through defendants' databases.

6

**A-70**

## ASSOCIATIONAL PLAINTIFFS

34.    Plaintiff National Writers Union ("NWU") is a labor organization, organized in the State of New York, whose 7,200 members nationwide are freelance writers. The NWU is an organization that has been committed to improving the economic working conditions of its freelance members, assisting them in grievance disputes with publishers regarding their compensation, contract negotiations between freelance writers and publishers as well as advocating for its members' enforcement of their copyrights. The NWU has established a Publications Rights Clearinghouse ("PRC"), devoted to facilitating payment of its members for the use of their copyrighted works. The PRC is a transaction-based, author-controlled licensing system for freelance writers. The PRC has negotiated on behalf of authors industry-wide licenses and owns the rights to convey licenses to numerous works owned by the thousands of members from the PRC associate membership organizations.

35.    Plaintiff The Authors Guild, Inc. ("the Guild") is a not-for-profit corporation organized under New York law and having its place of business at 31 East 28th Street, New York, New York. The Guild has three categories of membership: "Regular Members" are book authors published by an established American publisher who have had a book in print within the last seven years, and freelance writers who have published three works of fiction or non-fiction in a periodical of general circulation within the last eighteen months; "Associate Members" are authors who have a book publishing contract with an established American publisher for a work not yet published; and "Members-at-Large" are literary agents, heirs, trustees or executors of the estates of deceased members, attorneys and accountants representing authors, and book authors whose books have been out-of-print for more than seven years. The Guild has in excess of 8,000

7

**A-71**

members. The activities of the Guild include reviewing members' publishing and agency contracts; intervening in disputes involving authors' rights; providing advice to members of developments in the law and in publishing that affect their rights; and advocating legislation in matters affecting copyright, freedom of expression, taxation and other issues affecting professional authors.

36.     The American Society of Journalists and Authors ("ASJA"), founded in 1948, is an organization of independent nonfiction writers with a membership of more than 1,000 freelance writers of magazine articles, trade books, and other forms of nonfiction writing. The ASJA was founded to advance professional development by providing members with regular confidential market information, a network of editors and field professionals, an exclusive referral service, seminars and workshops and the opportunity to explore professional issues and concerns with colleagues. Since its institution the ASJA has focused on protecting freelancers' interests by serving as a spokesman for the right to control and profit from all uses of their work.

37.     In 1995, the Guild, the ASJA and other writers groups formed the Authors Registry, Inc. ("the Registry") to help authors collect royalties for the distribution of their work through photocopying, electronic transmission and other means. The Authors Registry was designed to allow publishers, particularly newspaper and magazine publishers, to share their income for secondary use licenses equitably with their freelance contributors. Author-founders of the Registry were Robert A. Caro, E. L. Doctorow, Betty Friedan, James Gleick, George J. W. Goodman ("Adam Smith"), Gael Greene, Garrison Keillor, James A. Michener, Letty Cottin Pogrebin, Anna Quindlen, and Scott Turow. At present, the Registry's database contains more

**A-72**

than 30,000 professional authors. To date, the Registry has distributed over $1,500,000 to authors in royalty payments for secondary uses of their work.

38.     The rights of freelance and other authors that the Associational Plaintiffs seek to vindicate in this action are rights that their members possess individually. The Associational Plaintiffs seek injunctive relief for their members and others to enjoin the unauthorized reproduction, display, sale, and/or distribution of copyrighted works.

### DEFENDANTS

39.     Defendant Thomson Corporation is a Canadian corporation with its principal place of business in Eagan, Minnesota. Defendant Thomson Business Information is a business unit of Thomson Corporation, and the two collectively are referred to as the "Thomson Defendants." Thomson Corporation is the ultimate parent corporation of Gale Group, Inc., West Group, Dialog and Thomson Business Information.

40.     Defendant The Dialog Corporation ("Dialog") is a corporation that has its principal place of business in Cary, North Carolina. In May 2000, Dialog was acquired by defendant Thomson. Dialog's electronic data bases store over nine terabytes of information (the equivalent of six billion pages), which are made accessible via the Internet to corporate subscribers.

41.     Defendant Gale Group, Inc. is a Delaware corporation. The prior name of Gale Group, Inc. was Information Access Company. Gale Group, Inc. provides, for a fee, online access to electronic copies of approximately 6,000 titles of full text newspapers and full text periodicals with 20 years of coverage from 1980 to the present. The Gale Group, Inc. electronic database has approximately 15,000,000 articles from healthcare periodicals, newspaper and

9

**A-73**

newswire services, general interest magazines, business and technology publications and academic journals.

42.     Defendant West Publishing Company, Inc. d/b/a West Group, a division, is a Minnesota corporation. West Publishing Company ("West Group") is an online subscription fee publisher of articles from legal, newspaper, scientific and business information journals. West Group reproduces, displays, sells and/or distributes full text articles online.

43.     Defendant Dow Jones & Company, Inc. ("Dow Jones") is a Delaware Corporation with a principal office at 200 Liberty Street, New York, New York, 10281. Dow Jones publishes The Wall Street Journal and Barron's, and operates The Wall Street Interactive Edition ("WSJ.com."). As of December 31, 1999, WSJ.com had over 375,000 subscribers, making it the largest paid subscription site on the Internet.

44.     Defendant Dow Jones Reuters Business Interactive, LLC, d/b/a/ Factiva ("Dow Jones Reuters"), is a limited liability company organized under the laws of the State of Delaware and having its principal place of business in New York, New York. Dow Jones Reuters is a joint venture of Dow Jones and Reuters, a global news agency. Subscribers to services offered by Dow Jones Reuters have access to current and past articles from 6000 newspapers, magazines and business-news sources. Dow Jones Reuters, for a fee, sells full text articles online on a wide variety of business and general topics.

45.     Defendant EBSCO Industries, Inc. ("EBSCO") is a corporation with its principal office in Birmingham, Alabama and is in the business of creating and aggregating databases.

46.     Defendant Knight Ridder Inc. ("Knight Ridder") is a Florida corporation with its principal address at 50 West San Fernando Street, San Jose, California 95113. Knight-Ridder is

10

**A-74**

the third largest newspaper publisher in the United States and operates a network of online news internet sites through its separate internet subsidiary Knight Ridder Digital. Knight Ridder Digital is headquartered in San Jose, California and is a leader in local information services on the World Wide Web and the founder of the Real Cities network. Knight Ridder Digital develops and manages the internet properties of Knight Ridder.

47.     Defendant Mediastream, Inc. is a Pennsylvania Corporation. Mediastream, Inc., for a fee, offers online full text of freelance newspaper articles published in a variety of newspapers.

48.     Defendant NewsBank is a privately held company whose corporate headquarters are in Naples, Florida and whose operations are located in Chester, Vermont. NewsBank owns and controls a database of newspaper articles called News Library and also operates a database of news articles it calls the "NewsBank Public Library Collection."

49.     Defendant Northern Light Technology Corporation ("Northern Light") is a Delaware Corporation with its principal place of business in Cambridge, Massachusetts. Northern Light through its Special Collection provides, for a fee, online access to articles from more than 6,200 full-text publications in a wide variety of subject areas including news, general interest, medical, financial and academic.

50.     Defendant ProQuest Company ("ProQuest") is a Delaware corporation. Its principal place of business is in Ann Arbor, Michigan. ProQuest, formerly Bell & Howell Company, operated Bell & Howell Information and Learning Company (formerly University Microfilms International). On June 6, 2001, Bell & Howell Information and Learning Company changed its name to ProQuest Information and Learning Company. Through its on line

11

**A-75**

information system and via CD-ROM and magnetic tape, ProQuest provides access to its databases that include articles from more than 20,000 periodicals and 7,000 newspapers. ProQuest aggregates the works of publishers and authors, creates proprietary abstracts and assembles thematic collections to facilitate access for its customers.

51.     Defendant Reed Elsevier Inc. ("Reed Elsevier") is a Massachusetts corporation, with its principal place of business in Newton, Massachusetts, that does business in New York. Reed Elsevier provides information throughout the United States through print, CD-ROM and online services. Reed Elsevier companies include Elsevier Science, a leading publisher of scientific information, and LEXIS-NEXIS, a division of Reed Elsevier, and a leading provider of information to legal, corporate and government markets. LEXIS-NEXIS is an online subscription fee publisher of articles from more than one thousand two hundred scientific, legal and business information journals. LEXIS-NEXIS displays, reproduces, sells, and/or distributes full text articles online.

52.     Defendant Union-Tribune Publishing Company is a California corporation. It displays, distributes, and reproduces in a database online the full text of freelance newspaper articles.

53.     Each of the defendants, except for the Thomson Defendants, operates at least one electronic database or makes electronic database products. Each of such defendants includes in one or more of its electronic databases written works previously published in newspapers, magazines, and/or books, including works contributed to such publications by freelance and other authors. Each of such defendants has reproduced, displayed, sold, and/or distributed works, and/or authorized others to do so, that were written by freelance and other authors,

12

**A-76**

without obtaining the license or permission to do so and without compensating such authors for

such reproduction, display, sale, distribution and/or authorizing others to do so. Each of such

defendants has infringed works of one or more of the Named Plaintiffs by copying, displaying,

storing, distributing and/or reproducing in a database maintained by such defendant, a work or

works as to which such Named Plaintiff has registered his or her copyright (or, in the case of

plaintiffs Hayman and Lacey, a work or works whose nation of origin is a party to a copyright

treaty to which the United States is also a party). Each of such defendants has profited and

continues to profit from this unauthorized display, storage, reproduction and distribution.

54.     The Thomson Defendants are liable to plaintiffs and the Class for vicarious and

contributory infringement of copyrighted works, as set forth more fully hereafter.

CLASS ALLEGATIONS

55.     The Class is initially defined as all persons who own a copyright in a literary work

created and first published on or after January 1, 1978 and electronically reproduced, displayed,

sold, and/or distributed by one or more of defendants or any party authorized to do so by one or

more of defendants without the owners' permission on or after August 15, 1997. Excluded from

the Class are (a) defendants and any entity in which any defendant has a controlling interest;

(b) the employees, officers and directors of those identified in subparagraph (a); and (c) the heirs,

successors, assigns and legal representatives of the persons identified in subparagraph (b) above.

56.     This action has been brought and may properly be maintained as a Class Action

pursuant to Rule 23 of the Federal Rules of Civil Procedure.

57.     Numerosity of the Class – Fed. R. Civ. Proc. 23(a)(1): The persons and/or entities

in the Class are so numerous that the joinder of all such persons is impractical and the disposition

13

**A-77**

of their claims in a class action rather than in individual actions will benefit the parties and the

Court. The exact number of members of the Class is not known to plaintiffs, but plaintiffs

estimate that the Class exceeds 10,000 persons.

58.     Existence and Predominance of Common Question of Law and Fact – Fed. R.

Civ. Proc. 23(a)(2) & 23(b)(3): There is a well-defined community of interest in the questions of

law and fact involved affecting the plaintiff Class. Questions of law and fact common to the

Class include, but are not limited to, the following:

a.     Whether defendants, in the unauthorized reproduction, display, sale,

and/or distribution of literary works, infringed the copyrights of those works.

b.     Whether defendants acted willfully with respect to the acts complained of

herein;

c.     The profits defendants reaped as the result of their unlawful activities;

d.     Whether the Named Plaintiffs and the Class have sustained damages and,

if so, the proper measure of such damages;

e.     Whether injunctive relief is appropriate.

These questions of law and fact predominate over questions that affect only

individual Class members.

59.     Typicality – Fed. R. Civ. Proc. 23(a)(3): The claims of the Named Plaintiffs are

typical of those of the Class. The Named Plaintiffs own copyrights in literary works that

defendants have reproduced and carried in their databases. The claims of the Named Plaintiffs

and all members of the Class depend on showing the acts or omissions of defendants complained

of herein.

14

**A-78**

60.     Adequacy of Representation – Fed. R. Civ. Proc. 23(a)(4):  Plaintiffs are adequate

representatives of the Class and will fairly and adequately protect the interests of the Class.

Plaintiffs' interests do not in any way conflict with the interests of the members of the Class that

they seek to represent.  Plaintiffs are committed to the vigorous prosecution of this action and

have retained competent counsel experienced in complex class action litigation and experienced

in copyright actions to represent them.

61.     Injunctive Relief – Fed. R. Civ. Proc. 23(b)(2):  Defendants have acted or refused

to act on grounds generally applicable to the Class by failing to obtain prior authorization from

Class members to incorporate their works into defendants' databases and/or to thereafter

distribute, display, sell, and/or reproduce Class members' copyrighted works and by willfully

infringing at least one work of each Class member, thereby making appropriate final injunctive

relief with respect to the Class as a whole.

62.     Superiority – Fed. R. Civ. Proc. 23(b)(3):  A class action is the best available

method for the fair and efficient adjudication of this controversy.  The United States Supreme

Court decided in *New York Times Co., Inc. v. Tasini*, ___ U.S. ___, 121 S. Ct. 2381 (2001), that

the defendant print publishers, electronic databases and information aggregators there had no

right or privilege under the Copyright Act to reproduce, display, sell, and/or distribute without

authorization copyrighted freelance works through electronic databases as alleged herein.  A

class action provides the most effective and meaningful vehicle to effectuate the Supreme

Court's decision and enforce the liabilities that Court established.  Since the damages suffered by

individual Class members, while not inconsequential, may be relatively small, the expense and

burden of individual litigation make it impractical for members of the Class to seek redress

15

**A-79**

individually for the wrongful conduct alleged herein. Should separate actions be required to be brought by each individual member of the Class, the resulting multiplicity of lawsuits would cause undue hardship and expense on the Court and the litigants. A class action is therefore the best method to assure that the wrongful conduct alleged herein is remedied, and that there is a fair, efficient, and full adjudication of this controversy. Plaintiffs anticipate no difficulty in the management of this litigation as a class action.

## GENERAL ALLEGATIONS

63.     Defendants compiled databases containing many thousands of article listings and/or unauthorized copies of copyrighted works, which can be accessed by consumers online or by other means and searched by subject matter, author name, keyword, and article or periodical title. After accessing and/or viewing these works on defendants' databases, consumers can purchase unauthorized full text copies of individual articles.

64.     Defendants continue to electronically reproduce, display, sell, and/or distribute for profit copyrighted works that defendants knew or reasonably should have known were protected by copyright, without the Named Plaintiffs' or Class members' authorization.

65.     Defendants' acts have caused, and unless restrained, will continue to cause substantial damages and irreparable injury to the Named Plaintiffs and the Class through:

        a.      continued infringement of their works and/or the effectuation of new and further infringements;

        b.      depreciation in the value and ability to license and sell their copyrighted works;

        c.      lost profits and/or opportunities; and

16

**A-80**

d.      damage to their goodwill and reputation.

66.     Defendants acted willfully or knew or should have known that their actions constituted infringement.

67.     The Named Plaintiffs and the Class have suffered damages from the unlawful practices of defendants.

## COUNT ONE

### Copyright Infringement

### (Named Plaintiffs and the Class Against All Defendants)

68.     Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in all preceding paragraphs.

69.     The Named Plaintiffs and the Class members each own a valid copyright in and to at least one literary work that has been reproduced, displayed, sold, and/or distributed by one or more defendants and/or that one or more defendants authorized others to reproduce, display, sell and/or distribute without authorization from The Named Plaintiffs or Class members.

70.     As a result of defendants' acts of copyright infringement and the foregoing allegations, the Named Plaintiffs and the Class have suffered damages as more fully set forth in the Wherefore clause of this Complaint.

17

**A-81**

## COUNT TWO

### Vicarious Copyright Infringement

### (Named Plaintiffs and the Class Against Defendants Thomson, Gale Group, Northern Light and ProQuest)

71.     Plaintiffs reallege and incorporate by reference as if fully set forth herein the

allegations contained in all preceding paragraphs.

72.     At all material times, the defendants identified below had the ability to control the

conduct of their business units and/or subsidiaries, knew that those business units and/or

subsidiaries were offering online electronic databases of copyrighted works that infringed

authors' rights, and encouraged or induced customers to infringe authors' rights.

73.     These defendants derived substantial financial benefit from the infringing conduct

of these business units and/or subsidiaries, committed vicarious infringement, and did so

knowingly and/or willfully.

74.     The vicariously liable defendants are:

| Vicariously Liable Defendants | Controlled Entities |
|---|---|
| Gale Group | Business Units |
| Thomson Business | Gale Group |
| Thomson | Gale Group, West Group, Dialog |
| Northern Light | Special Collection |
| ProQuest (formerly Bell & Howell | ProQuest Information and Learning |
| Company) | Company (formerly Bell & Howell |
| | Information and Learning Company) |

75.     As a result of defendants' acts of vicarious copyright infringement, the Named

Plaintiffs and the Class have suffered damages as more fully set forth in the Wherefore clause of

this Complaint.

18

**A-82**

## COUNT THREE

### Contributory Copyright Infringement

### (Named Plaintiffs and the Class Against All Defendants)

76.     Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in all preceding paragraphs.

77.     Defendants, with the knowledge that their online business units that offered (or, in the case of EBSCO, contributed to the development of) electronic databases of copyrighted works were infringing on authors' rights, encouraged, facilitated, induced and/or participated in the infringement by supporting those activities both on their websites and otherwise and affirmatively encouraging the continuation of the infringing business activities and supporting those business units in that conduct. Defendants derived a substantial financial benefit from the infringing conduct of their online business units. Defendants' contributory infringement was willful and/or knowing.

78.     Defendants encouraged, facilitated and/or induced customers accessing their databases to purchase unauthorized electronic reproductions of copyrighted works and /or to display and reproduce those copyrighted works without authorization from Named Plaintiffs or Class members. Defendants knew that neither they nor their customers were authorized to reproduce, display, sell, and/or distribute the copyrighted works. Defendants derived a substantial financial benefit from the infringing conduct of their customers.

79.     As a result of defendants' contributory infringement, the Named Plaintiffs and the Class have suffered damages as more fully set forth in the Wherefore clause of this Complaint.

19

**A-83**

## COUNT FOUR

### Injunctive Relief

### (All Plaintiffs Against All Defendants)

80.     Plaintiffs reallege and incorporate by reference as if fully set forth herein the allegations contained in all preceding paragraphs.

81.     By, among other things and without limitation, reproducing, distributing, storing, displaying, excerpting, publishing, uploading, downloading, and/or transmitting by electronic and other means the works of the Named Plaintiffs and the Class, all without their consent and without payment to them for such uses, defendants continuously for a number of years have infringed the copyrights of the Named Plaintiffs and the Class as herein above alleged. Defendants also have infringed the copyrights of the Named Plaintiffs and the Class by purporting to license their copyrighted works on electronic databases and other electronic media without their authorization or consent.  Further, defendants continue at present and will continue in the future to so infringe such copyrights unless restrained by the Court.

82.     Plaintiffs are entitled to an injunction barring defendants from continued infringement of the copyrights of the Named Plaintiffs and the Class, and other equitable relief as more fully set forth in the Wherefore clause of this Complaint.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs pray for relief and that judgment be entered against defendants as follows:

A.     For certification of the Class;

20

**A-84**

B.     For an award of plaintiffs' actual damages, defendants' profits and/or

statutory damages;

C.     For an injunction (a) barring defendants from continued infringement of

the copyrights of the Named Plaintiffs and the Class, and/or (b) other equitable relief to redress

any continuing violations of the Act;

D.     For costs and attorneys' fees; and

E.     For such other and further relief as the Court finds just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs, as provided by Rule 38 of the Federal Rules of Civil Procedure, request trial by

jury in the above-entitled cause.

KOHN, SWIFT & GRAF, P.C.

Dated: September 20, 2001                    By _Michael J. Boni_

Michael J. Boni (Admitted pro hac vice)
Robert T. LaRocca (Admitted pro hac vice)
Joanne Zack
Neil Glazer
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Telephone:  (215) 238-1700
Facsimile:  (215) 238-1968

GARY S. FERGUS
DIANE S. RICE
BROBECK, PHLEGER & HARRISON LLP
Spear Street Tower
One Market Street
San Francisco, CA 94105
Telephone:  (415) 442-0900
Facsimile:  (415) 442-1010

21

A-85

DANIEL C. GIRARD
A.J. DeBARTOLOMEO
ANN SAPONARA
GIRARD & GREEN LLP
160 Sansome Street, Suite 300
San Francisco, CA 94104
Tele: (415) 981-4800
Facsimile: (415) 981-4846

CO-LEAD COUNSEL FOR PLAINTIFFS

FRED NEWMAN
HOWARD WINTNER
HOGUET, NEWMAN & REGAL, L.L.P.
10 East 40th Street
New York, NY 10016
(212) 689-8808

SPENCER HOSIE
GEORGE FROST
HOSIE, FROST, LARGE & McARTHUR
Spear Street Tower
One Market, 22nd Floor
San Francisco, CA 94105
(415) 247-6000

EMILY M. BASS
GAYNOR & BASS
535 Fifth Avenue, 23rd Floor
New York, NY 10017-3610
(212) 953-4300

PLAINTIFFS' EXECUTIVE COMMITTEE

22

A-86

Case 1:00-md-01379-GBD   Document 80-1   Filed 08/13/14   Page 1 of 14

1

```
     46HHTASC
1    UNITED STATES DISTRICT COURT
1    SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x
2
3    TASINI, et al.,
3
4                  Plaintiff,
4
5          v.                           93 Civ. 8678 (GBD)
5
6    THE NEW YORK TIMES, INC.,
6
7                  Defendant.
7
8    ------------------------------x
8
9
9                                       New York, N.Y.
10                                      June 17, 2004
10                                      9:30 a.m.
11
11   Before:
12
12                     HON. GEORGE B. DANIELS
13
13                                      District Judge
14
14                          APPEARANCES
15
15   JORDAN ROSSEN
16        Attorney for Plaintiff
16
17   GEORGE FREEMAN
17        Attorney for Defendant New York Times, Inc.
18
18   EMILY BAESS
19        Attorney for Defendant Gauston and Robbins
20
20
21
21
22
22
23
23
24
24
25
25
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

A-87

Case 1:00-md-01379-GBD   Document 80-1   Filed 08/13/14   Page 2 of 14

2

46HHTASC
```
 1              (Case called)
 2              THE COURT:  I guess I should start with whoever wants
 3    to lay out where we are at this point.  From the last
 4    correspondence I got it seems to me that there is, with regard
 5    to the MDL case and maybe even with regard to this case related
 6    to the MDL case that the parties have agreed upon what they
 7    think is an appropriate equitable settlement for the clients.
 8              My understanding is that there is some dispute in this
 9    case with regard to attorneys' fees, and that seems to be the
10    last issue.  I can say right away, and then you can give me a
11    solution, that obviously I don't intend if there is an
12    equitable, appropriate settlement to be made in the MDL case
13    for all the parties, I don't intend to have that held up simply
14    because there is the dispute about attorneys' fees here.  So
15    you have to give me some solution to that so we can do what is
16    right for all the clients here.
17              Do you want to be heard first?
18              MR. FREEMAN:  Yes, your Honor.  I think we have good
19    news on that score for you, but let me for two minutes tell you
20    how we got to where we are.
21              THE COURT:  Sure.
22              MR. FREEMAN:  Basically this case, the Tasini case,
23    was filed in 1993 by eight freelance journalists suing the
24    Times, Time, Inc. and Newsday, as well as Lexis-Nexis, another
25    electronic database publisher, for copyright infringement.
```
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

A-88

Case 1:00-md-01379-GBD   Document 80-1   Filed 08/13/14   Page 3 of 14

3

```
       46HHTASC
 1                THE COURT:  I know all of that.
 2                MR. FREEMAN:  We ended up winning summary judgment in
 3      front of Judge Sotomayor.
 4                THE COURT:  Going up to the Supreme Court, coming
 5      back, I know that whole history.
 6                MR. FREEMAN:  What I wanted to say, your Honor, was
 7      after the Second Circuit reversed and decided in favor of the
 8      plaintiffs, that is the point at which three class action
 9      cases, which now are the MDL litigation, were filed.
10                Those cases were immediately stayed after they were
11      filed because at that point the Supreme Court had determined to
12      review the Second Circuit decision.  As you know, the Supreme
13      Court affirmed the Second Circuit basically imposing liability
14      on the defendants.  The only issue left to be determined was
15      damages, not only in the Tasini case but also, obviously, in
16      the followup class action cases.
17                THE COURT:  So tell me something I don't know and the
18      good news.
19                MR. FREEMAN:  At that point we went to mediation and
20      engaged Ken Fineberg to help us try to come to an industry-wide
21      solution.  We have been working with Mr. Fineberg for the past
22      two years, and the good news is, your Honor, that this week,
23      prior to this hearing, we came to an agreement with Ms. Baess
24      and have settled the Tasini case.
25                The medium news, I guess, is that we hope that in the
                       SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

A-89

Case 1:00-md-01379-GBD   Document 80-1   Filed 08/13/14   Page 4 of 14

4

46HHTASC
1   coming months we will have equally good news on the wider,
2   broader MDL litigation.
3           THE COURT:  What needs to be done from your
4   perspective with regard to that at this point, just getting
5   everyone to sign on?
6           MR. FREEMAN:  Basically getting everyone on board.
7   There are still some remaining small issues.  Frankly, we just
8   have been working with these Tasini plaintiffs in the last few
9   days so that that news has not yet reached, I don't think, all
10  of the class action folks.  So there is still some things to be
11  tied down, but I think we are getting close.
12          THE COURT:  Is there anything I should do at this
13  point to assist you or to put this on the right track, if it is
14  not on the right track, from your point of view, Mr. Freeman?
15          MR. FREEMAN:  I think from our point of view we are
16  basically there in this case and I think we can get there in
17  the other case.
18          THE COURT:  That is good news to hear.
19          Let me hear from the plaintiffs.  Do the plaintiffs
20  have any different view of this or that I need to do anything,
21  or should I back off and let you resolve this as you are
22  confident that you are on track to do that at this point?
23          MS. BAESS:  Your Honor, the defendants in the Tasini
24  case and the plaintiffs in the Tasini case I think have been in
25  accord for a while now.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

A-90

Case 1:00-md-01379-GBD   Document 80-1   Filed 08/13/14   Page 5 of 14

5

46HHTASC
1              THE COURT:  Sure.
2              MS. BAESS:  I want to make it clear that plaintiffs in
3     the Tasini case were not the cause of the impasse that was
4     reached in the MDL, but we are glad to be able to resolve that
5     impasse regardless and enable the class action to go forward.
6              I would like to give your Honor a heads up, to alert
7     you to certain basic things because I don't want your Honor to
8     feel down the road that we have been less than forthright or
9     straightforward with you.
10             The settlement in the Tasini case totally resolves the
11    damages claims of the Tasini plaintiffs with respect to the
12    Tasini works.  It also totally resolves the claims for counsel
13    fees by the Tasini counsel against the Tasini defendants.  But
14    what this settlement contemplates is that I will be seeking,
15    Tasini counsel will be seeking the bulk of our attorneys' fees
16    for work in the Tasini case in the class action, in the MDL,
17    out of the common fund.  It is the members of the class that
18    have benefited from the work of Tasini counsel and therefore
19    everybody here is agreed that the most appropriate place for
20    those counsel fees to come out of is the class action funds.
21             I didn't want your Honor to be startled when either a
22    month from now or six months from now when papers are presented
23    in the MDL and we put in applications either for attorneys'
24    fees or an application to comply with Rule 23.1 so that notice
25    that goes out to the class can have notice of our attorneys'
                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

A-91

Case 1:00-md-01379-GBD   Document 80-1   Filed 08/13/14   Page 6 of 14

6

46HHTASC
1    fee claim on it, I didn't want your Honor to be surprised, look
2    at our papers and say, I thought counsel fees or attorneys'
3    fees for work in the Tasini action was totally resolved.
4               THE COURT:  My only question at this point is whether
5    or not you have any indication from any other plaintiffs or any
6    defendants at this point that anyone disagrees with that.
7               MS. BAESS:  Yes, I do.  The only people that I believe
8    that disagree with that, your Honor, as far as I know, are
9    plaintiffs colead counsel in the MDL.  They take the
10   position -- the Tasini defendants have for a long time taken
11   the position that the bulk of our attorneys' fees should come
12   out of the common fund, out of the class action, and in effect
13   said to us, we believe rightly, go to the plaintiff coleads
14   there and negotiate your fees out of the common fund.
15              THE COURT:  You don't think that is going to be
16   possible?
17              MS. BAESS:  I believe that your Honor will need to
18   decide all the attorneys' fee issues.
19              THE COURT:  Are you already at an impasse with other
20   plaintiffs' attorneys and lead counsel on this issue?
21              MS. BAESS:  Yes, your Honor.
22              THE COURT:  Because I don't want to even deal with
23   this unless I know a good faith effort has been made to resolve
24   this among plaintiffs, and ultimately I can tell you, and you
25   can tell other plaintiffs in that action, that I think the
                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

A-92

Case 1:00-md-01379-GBD   Document 80-1   Filed 08/13/14   Page 7 of 14

7

46HHTASC
1    appropriate course of action is for the parties to go ahead
2    and, if you reach an impasse, to go ahead and settle the case
3    and submit the issue of attorneys' fees to the court.  I will
4    either decide it directly myself or I will determine whether or
5    not I should send it to the magistrate judge to give me a
6    report and recommendation on that issue.  Or if you want to try
7    to resolve that by submitting it to whoever -- I forget all the
8    parties that are mediating at this point.  If you want to
9    submit it there and give me a recommendation, then I will
10   proceed any way you can agree upon.
11          I want you to agree upon what you can agree upon first
12   and then agree to disagree and tell me what the limited issue
13   is with regard to attorneys' fees, because I see no other
14   reasonable course of action for anyone other than to approve
15   the settlement, if the settlement is equitable and appropriate
16   for the parties, and to resolve separately the issue of
17   attorneys' fees if it cannot be resolved by the parties.
18          I do not intend to have the case held hostage, as they
19   say, over the limited issue of what amount of attorneys' fees
20   are appropriate in the Tasini case and whether or not those
21   attorneys' fees, depending on whether or not what is in
22   dispute, should come out of the global settlement.  So I think
23   that that issue should be settled separately and the clients
24   should not have to suffer because the lawyers are fighting
25   about where the lawyers' payments are going to come from.
                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

Case 14-2550, Document 50-1, 10/22/2014, 1356770, Page 99 of 158

8

46HHTASC

1          If you have a different position, you can explain that
2   to me and urge upon me and I will bring in all the parties or I
3   will hear all the parties on paper if you believe that should
4   be the case.  Unless I can get what I think is a strong
5   argument that that should be the case, and at this point I
6   can't imagine why that would be an argument given the nature of
7   this case and the importance of this case for the clients, and
8   if the clients are eager, ready and willing to accept a
9   settlement, why that settlement should be held up because of
10  that.
11          I urge the parties to try to agree, to try to agree on
12  where the money is going to come from and try to agree on the
13  amount of the settlement.  To the extent -- the amount of
14  attorneys' fees.  To the extent you cannot agree, then it seems
15  to me it is appropriate to approve the settlement for the
16  parties and for the court to decide, one, if the amount of the
17  attorneys' fees -- I don't even know if the amount is at issue.
18  If the amount is not at issue, then resolve that and don't
19  submit that to me.
20          The limited issue is what is going to come up.  Submit
21  that issue to me and I will determine whether it should come
22  out of the MDL pot.  I think the best thing you could do, you
23  have made significant progress on this case and I commend the
24  lawyers and the parties on the efforts they have put into this
25  case, and I think this case has made significant progress and
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

A-94

Case 1:00-md-01379-GBD   Document 80-1   Filed 08/13/14   Page 9 of 14

9

```
46HHTASC
 1    primarily due to the efforts of the lawyers on both sides.  Try
 2    to limit my issue for resolution and then anticipate and tell
 3    the parties that I anticipate that you should propose, if the
 4    settlement is equitable, you propose the settlement to me, and
 5    to the extent you agree on how attorneys' fees should be
 6    handled, you propose that to me jointly.  And to the extent
 7    that you disagree, then I will settle that issue separately.
 8    But there is no compelling reason to hold up what would
 9    otherwise be an equitable settlement for the clients.
10           Now, if you think for some reason that the attorneys
11    fee issues affect significantly what would be the recovery of
12    the appropriate settlement for the parties, then let me know
13    that.  That is not what I hear being said by either party, that
14    the issue is that the settlement will affect what in
15    everybody's judgment is a reasonable resolution for the client
16    as to this case.
17           That being said, the parties should get this
18    transcript and read this transcript and you should all sit down
19    and see if you can resolve this, because I think that would be
20    the best scenario.  But otherwise, I intend to move directly to
21    resolve that issue so this case will be resolved in your
22    clients' best interests for all parties.
23           MR. FREEMAN:  Your Honor, I think you are absolutely
24    right.  Basically this case, the Tasini case, is settled.  I
25    mean including the attorneys' fees.  That is done.  The MDL
```
SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

A-95

Case 1:00-md-01379-GBD   Document 80-1   Filed 08/13/14   Page 10 of 14

```
                                                              10
     46HHTASC
 1   case I would suspect, don't guarantee but would suspect, within
 2   two, three months it will be settled, including the amount of
 3   attorneys' fees but for the question of the allocation of
 4   attorneys' fees.
 5          On that point, as you inquire of defense's position,
 6   we actually agree with Ms. Baess that she has conferred a great
 7   benefit on the class action plaintiffs and we think deserving
 8   of an allocation, favorable allocation, and I think that
 9   probably one of the ways you have set out be asked to resolve
10   it at some point, I think down the line that is going to be the
11   one issue that is going to be left over.
12          THE COURT:  I don't know at this point, obviously, the
13   amount that really would be in dispute about payment, but what
14   I would urge all of the parties is that you sit down and just
15   work out the numbers and figure out whether it makes more sense
16   to spend the money fighting about this issue rather than
17   putting it in the pot and resolving this issue.  I don't want
18   the difference to be $100,000 worth of litigation because you
19   don't want $75,000 to come out of the pot.
20          So the parties should sit down and realistically
21   figure out what is in the clients' best interest and figure
22   out -- I think that this can be resolved, and I think it can be
23   resolved by the parties themselves.  I would very quickly move
24   forward to resolve this issue, and I would not, unless somebody
25   gives me a real compelling reason that I can't imagine at this
                  SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300
```

A-96

Case 1:00-md-01379-GBD   Document 80-1   Filed 08/13/14   Page 11 of 14

11

46HHTASC
1    point, I would not have the clients held hostage because the
2    lawyers are fighting about where the money is going to come
3    from with regard to attorneys' fees.
4              Yes, Ms. Baess.
5          MS. BAESS:  Your Honor, I just wanted to make clear
6    for the record that I am fully in accord with the court's
7    position.  I would never hold the class settlement hostage to
8    the question of attorneys' fees.  I agree with the court that
9    the question of attorneys' fees is totally severable from the
10   question of the settlement of the class claims.  I have tried
11   in good faith for probably about a year and a half to discuss
12   these issues with plaintiff colead counsel.  I was told by them
13   that if I brought the issues of attorneys' fees to the court
14   for resolution that I would be acting unethically, and I was
15   threatened with ethics charges.
16             I am willing, your Honor, more than willing to sit
17   down with plaintiff colead counsel again and try to resolve
18   this.  After having litigated this case for eleven years, I
19   have no desire to litigate anything further.  I will try to
20   resolve it with them again, but if that is not possible,
21   unfortunately the question of allocation, as Mr. Freeman said,
22   may well be before your Honor.
23             THE COURT:  My suggestion is this.  Given what my
24   position is in this conference, go back to them, get the
25   transcript, talk it out with them.  Hopefully this discussion
                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

A-97

Case 1:00-md-01379-GBD   Document 80-1   Filed 08/13/14   Page 12 of 14

12

46HHTASC
1   will be helpful for the parties to help you move forward and
2   resolve what can be resolved.  If you are not able to do so, if
3   you believe it should be sent out to a mediator a magistrate
4   judge or myself, if I can resolve that even short of a formal
5   motion, then tell me that and I will consider that and consider
6   what the parties think might be useful to resolve this.  But
7   ultimately after considering that if the parties believe that
8   the only way to resolve that is to simply submit it to the
9   court and have the court, as they say, force a decision upon
10  you, then I will do that.  I will do that very quickly.
11         I don't expect any party at this point to say we are
12  unwilling or unprepared to sign off on the settlement in the
13  MDL case because we are not going to do so until we resolve the
14  attorneys' fees issue.  That is not a reasonable position to
15  take in negotiation nor is it a reasonable position to take on
16  behalf of the clients.  As they say, we can figure out how much
17  money you just spent having this conference that comes out of
18  the pot.  It may or may not come out of one of those pots.  So
19  let's figure out what the most efficient way to resolve this
20  for the clients are and figure out what the costs are really
21  going to be and figure out whether or not we are going to spend
22  a dollar to get a dime.  Let's move forward on that.
23         I have great confidence despite this issue in the
24  lawyers, how the lawyers have conducted themselves to this
25  point in negotiating a settlement for their clients and
               SOUTHERN DISTRICT REPORTERS, P.C.
                      (212) 805-0300

A-98

Case 1:00-md-01379-GBD   Document 80-1   Filed 08/13/14   Page 13 of 14

13

46HHTASC
1    pursuing this case.  I will give you whatever leeway, time,
2    assistance that you want in terms of trying to resolve this.
3           At this point I will simply await your report or
4    status as to where the case is before I decide to do anything
5    else, whether the parties want another conference with the MDL
6    case or the Tasini case with these parties.  I wanted to see
7    these parties because that is what I was told the issue was.
8    It seems to me the issue is not with the Tasini parties.  If I
9    need to have a broader discussion, I will let you know.  Just
10   report to me over the next few months what arrangements or
11   stalemate you have reached or suggest to me you want me to
12   resolve this right away.
13           MR. ROSSEN:  Your Honor, can I amplify one thing?
14           THE COURT:  Yes, sir.
15           MR. ROSSEN:  Ms. Baess in the very beginning stated
16   that this is a settlement for the articles in the Tasini case.
17   For example, Mr. Tasini has two articles.  He may have 15 other
18   articles which will be part of the other case.
19           THE COURT:  I understand.
20           Thank you very much.  Good luck.
21           (Adjourned)
22
23
24
25

                    SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

A-99

53vrlitc[2].txt
SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

4

53vrlitc
1    counsel for the plaintiffs in that action.  I have had the
2    opportunity to speak with Mr. Sims about this.  The plaintiffs'
3    position with respect to the MDL matter is that we do not
4    intend to oppose the transfer of that action here.
5              Assuming the panel agrees to finally transfer here, it
6    would be a tag-along action, fall in line pursuant to this
7    Court's case management order which was entered about three
8    years ago, more than three years ago, and presumably that
9    action would simply be considered a tag-along and follow the
10   settlement.  I don't know what the attorneys in that case
11   intend to do.
12             THE COURT:  In the meantime, I would suggest that you
13   see if you can reach out to the attorneys, speak to the
14   attorneys.  I have no indication that any of the plaintiffs or
15   defendants have any objection to the proposed settlement at
16   this point.  I would obviously like to know right away whether
17   or not they have some objection that they want to state to you
18   or the Court, but particularly that they are fully aware of
19   what the terms of the settlement are, so we don't have to deal
20   with that issue later on and have me hear from them that they
21   need to inquire further and need more information or that they
22   have some objections as a plaintiff to the settlement.
23             MR. BONI:  We will be happy to do that, your Honor.
24             THE COURT:  I guess I should also ask independently on
25   the record with regard to the Tassini case itself, which is
                    SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

5

53vrlitc
1    really technically I believe still a separate case other than
2    the MDL.  What is the status with regard to the Tassini cases?
3             MR. BONI:  Your Honor, we know of the case.  It is a
4    separate case.  It is not part of this MLD proceeding.  I only
5    know through the grapevine that that case, as far as I know, is
6    settled and fully resolved.  What we are seeking today is
7    simply approval of the class action MDL.
8             THE COURT:  You don't have any indication that there
9    is any issue to be raised in relationship to that case that
10   need be of concern in approving preliminarily or ultimately the
11   settlement in this case?
12             MR. BONI:  No, your Honor, not today.  I don't want to
13   leave that hanging there.  It very well may be an issue that
14   has to do with the allocation of plaintiffs' attorneys' fees.
15   We believe that that is more appropriately the subject of
16   hearing on another day, but not today.
17             THE COURT:  I have been aware that that has been an
18   issue in the past.  Although you don't believe that it is an
19   issue that should affect the settlement in this case, you are
20   not at this point in a position to represent that that issue
21   has been resolved?
22             MR. BONI:  The issue, as far as I know, your Honor,
23   has not been resolved, but it is not an issue for today.
24             THE COURT:  Did anyone else wish to be heard, either
25   from the plaintiffs' side or from the defense, on the
                    SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

6

53vrlitc
1    settlement?  Hearing none --
                         Page 3

550ALITH

```
 9   There's a process that is already in place, just so that the
10   Court knows, so that if class members have questions, they can
11   submit them by e-mail.  Those are actually distributed, and
12   class counsel are responding to them and already have begun
13   that process.  We are responding to class members as we speak.
14            THE COURT:  All right.
15            MR. BONI:  So we could change it to "questions or
16   comments," I suppose.
17            THE COURT:  I think there's something already,
18   language similar to that on the other Web site.  But as I say,
19   I think the important thing is that I want those individuals to
20   know -- I want some language that indicates to the Court
21   because we'll review and consider those comments.  So if people
22   feel that they want to be heard before the Court, they will
23   want to be either an objector or opt out, they can have an
24   opportunity to express their views and comments with regard to
25   the potential settlement that this Court will consider in that
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

46

550ALITH

```
 1   regard.
 2            Then what I want to do is, let me just shift gears and
 3   address, which technically is not a motion and I guess if
 4   anything it's my motion to get everybody in here and try to
 5   stay on top of an efficient resolution of the issues that have
 6   been raised by Ms. Shatzkin on behalf of Ms. Bass, and
 7   Ms. Bass.
 8            I guess what I should do is, I'm not particularly
 9   interested in a lot of discussion about it because, as I
10   indicated when we first started, my intention is to approve no
11   distribution of attorney's fees until this issue is resolved,
12   so it's in everybody's interest to resolve it in an efficient,
13   expeditious way.  Nor do I at this point intend to have any
14   delay of the process that we're involved in because of this.
15   And that's always been my position.  And I think the parties
16   have recognized that and have acted accordingly with regard to
17   that.  But this is what I am going to suggest.  And then, if
18   there is some disagreement about it, then I will figure out
19   what I am going to order instead.  But I'm going to suggest
20   that -- I want the -- obviously we're going to receive lead
21   counsel's general formula for the distribution of attorney's
22   fees.  I don't know if you need to lay that out for me any time
23   before June 15, but I assume on June 15 you're going to have a
24   significant amount of information made public with regard to
25   comment by potential class members with regard to how you
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

47

550ALITH

```
 1   anticipate the attorney's fees, amount of attorney's fees and
 2   how it will be distributed and what was the basis for that
 3   distribution.
 4            I want to know a couple of things.  I think these are
 5   the things that I want the parties to start working on.  I want
 6   to know -- and again, I want to know what lead counsel's
 7   general job formula is with distribution.  I know generally
 8   about the numbers and some other issues, but as much as I can
 9   get as quickly as I can what the formula for distribution of
10   attorney's fees is going to be, and no later than June 15.
11   That's obviously when it's going to go out for comment.
12            With regard to Ms. Bass's request, I need to know, I
13   need to have laid out for me exactly what the amount -- I think
```

Page 22

A-101

550ALITH

14    I do have an amount if that amount is the same, what the amount
15    requested by Ms. Bass is with regard to that portion of the
16    attorney's fees and how that is calculated.  I want to know
17    from Ms. Bass the amount that was received in the Tasini case.
18    I want to know the amount of hours that were performed in that
19    case.  I want to know whether or not all those hours or what
20    portion of those hours, billable hours, have been partially or
21    fully compensated.  And I want to know the total, if there are
22    attorney's fees awarded in the Tasini case above and beyond the
23    total amount of hours spent, I want to know what that is.  So I
24    want a breakdown of what has already been received and what
25    that is supposed to represent basically.
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

                                                                    48

550ALITH
1             What I want to do is this.  I think if we can -- I
2     would like to take at least the next 30 days to use the good
3     graces of our mediator to see if this issue can't be resolved.
4     I think you should pull together all that information, start
5     working on what I'm interested in.  But I'd like you to sit
6     down with the mediator to see if this issue can be resolved
7     sometime between now and the end of June, and hopefully it will
8     be resolved before June 15, but if not, try to resolve this
9     before the end of June.
10            If there is no resolution through the mediator, I want
11    Ms. Bass to go ahead and submit her fee application to the
12    Court by July 1.  If you can resolve it by agreement and if you
13    can resolve it with use of the mediator by June 15, that would
14    be great so we can just go ahead and send out the notice to the
15    potential class members.  If you cannot resolve it, then I will
16    probably allow the notice to go out.  But I will allow
17    Ms. Bass's application to be filed with the Court by July 1.
18    And lead counsel in this case can respond to that by July 15.
19    So I will have that further before me before that date if I
20    have to resolve it myself.
21            And obviously, Ms. Bass or Ms. Shatzkin on her behalf
22    can have whatever independent opportunity that they wish to
23    object as any one else, any class member would object to the
24    settlement, if you wish to object to the distribution of the
25    attorney's fees.  But I assume that if you're not able to
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

                                                                    49

550ALITH
1     resolve this through the mediation process, that whatever
2     submission that I get with the kind of information that I've
3     been asked, that I've indicated I'm interested in, will
4     probably be an adequate opportunity to get that from Ms. Bass,
5     what it is she basically wants and why she wants it.  And I
6     want to know what it's calculated on.  As I said, I want to
7     know what was received in Tasini, I want to know how many hours
8     that represented, and I want to know what -- if there were
9     moneys that were received beyond what were compensated as
10    hourly compensation.  And then I want to know on what formula
11    or what basis it's being argued that Ms. Bass should receive a
12    percentage and what percentage or some other level of
13    compensation out of the attorney's fees that are here.  And
14    then I want lead counsel to respond to that by July 15 so I can
15    read it and be ready before and resolve that.
16            If it can't be resolved before July 28 or by July 28,
17    if it can't be resolved by July 28, then quite frankly, again,
18    I, if, as I say, the lawyers have to wait for their money, then
                              Page 23

A-102

550ALITH

19    that's just what's going to happen. Under the rest of the
20    settlement, if it is appropriate, it will still go forward in
21    regard to approving the settlement and the total, the
22    settlement recovery by individual class members and the total
23    amount of attorney's fees that are to be paid. But I
24    anticipate and am hopeful that one of two or three things will
25    happen, that with the use of the mediator you will come to some
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

50

550ALITH

 1    agreement with regard to this issue. If you cannot, then it
 2    will be submitted to me on that schedule. And then I will
 3    immediately and quickly, I'll either bring you in to hear you
 4    further on it before July 28 or hear you further on July 28 or
 5    a time beyond that. But I will anticipate that my intention
 6    will be, once I get all the information, that I would turn to
 7    this issue rather than wait, and be in a position to quickly
 8    resolve this issue for the parties that are still at a
 9    stalemate with regard to this.
10            Given that, I don't think that there's any need for
11    any adjustment of the schedule. I know that Ms. Shatzkin had
12    proposed an adjustment of the schedule if that was appropriate.
13    I think that that's necessary. And as I say, I think that this
14    issue could be resolved and be resolved in the time frame that
15    we need to move on, and I don't think that any adjustment to
16    the schedule is required to resolve that issue by the parties.
17    But I would encourage you to see if you can resolve this
18    through the mediator. And if not, then you just immediately tell
19    me what your positions are, and then I will just independently
20    make a determination as to what I believe is appropriate, given
21    the factors that you submit should be considered with regard to
22    how the attorney's fees should be distributed.
23            MS. SHATZKIN: Your Honor, may I just be very briefly
24    heard?
25            THE COURT: Yes, sure. Just put your name in the
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

51

550ALITH

 1    record.
 2            MS. SHATZKIN: Yes. Karen Shatzkin, your Honor, of
 3    the firm of Shatzkin & Mayer, for Ms. Bass.
 4            I actually had come in today, your Honor, prepared to
 5    suggest a schedule very similar to what your Honor laid out so
 6    that you will not need to make any adjustments from the July
 7    28th date. With regard to preparing to be able to meet with
 8    the mediator, would your Honor consider obliging lead counsel
 9    to share with us the underlying records that go to their fee
10    application? They have had Ms. Bass's class action hours and
11    disbursements for well over a year. They have not done the
12    same in terms of sharing their hours and disbursements. We
13    would be entirely happy to provide -- I wasn't sure from your
14    Honor's instruction whether you intended that we provide it
15    also to lead counsel when we gave the basis for her, for
16    Ms. Bass's request for Tasini hours, but we would be very
17    willing -- I think that a mediation only works better if the
18    parties have a full factual basis. So we would provide not
19    just this is the number of hours and this is what we think it's
20    worth, but here are the hours, here are our records, here is
21    the basis for it, and before we sat down with the mediator we
22    would both have had a chance to see the other side's factual
23    record.

Page 24

A-103

55OALITH

24    THE COURT:  Mr. Boni, did you want to respond?
25    MR. BONI:  Yes, your Honor.  Thank you.  Your Honor
            SOUTHERN DISTRICT REPORTERS, P.C.
                    (212) 805-0300

52

55OALITH
1    started by saying that there were two kind of cardinal rules
2    that you've maintained.  One of them is that none of this
3    should delay the process any.  Unfortunately, to ask us at this
4    time to focus on a fee allocation issue, inter se, among the
5    class counsel, at a time when we are going to be mired in
6    dealing with Mr. Chalmers' objections, who has said on the
7    record we're going to hear a lot of them -- I would not be
8    surprised if unfortunately other objectors came forward.  There
9    is a tight schedule here.  We have been working diligently and
10   for hours on end with the claims administrator.  We're going to
11   be inundated with communications from class counsel on
12   questions.
13          THE COURT:  At this point I am not asking you to do
14   anything else other than what you anticipated that you were
15   going to do, be prepared for, and be ready to publicly submit
16   on June 15.
17          MR. BONI:  Your Honor, that's not, that's respectfully
18   not the case.  What the parties to this dispute do not dispute
19   is that plaintiffs' counsel's fee petition will seek the amount
20   that the settlement agreement called for, which comes to $3.8
21   million for fees.  There is no dispute among Ms. Bass and us
22   that what the Court should consider under all the circumstances
23   that courts consider fee applications -- collective lodestar,
24   percentage of the benefit conferred, the factor analysis --
25   that is what we intended to file.  That is the information
            SOUTHERN DISTRICT REPORTERS, P.C.
                    (212) 805-0300

53

55OALITH
1    class members need to hear and under Baldwin United only need
2    to hear.  They don't need, to decide whether they think that
3    fee is too much in relation to $18 million, whether they really
4    didn't do that great, they shouldn't be given that under the
5    factor analysis there wasn't much risk here, for all those
6    reasons they shouldn't get $3.8 million.
7          The dispute between lead counsel and Ms. Bass is
8    nothing more than an anticipated dispute once your Honor first
9    considers the fee application.  This structure, your Honor,
10   entirely puts the cart before the horse.
11          THE COURT:  Well, Mr. Boni, I'm not quite sure what it
12   is you're saying is the onerous burden that you're being put to
13   in order to resolve this in the same time frame that we are
14   moving forward.
15          MR. BONI:  We are going to have a brief that's due in
16   early July, two weeks prior -- I think July 14 -- early July,
17   that will be our motion for final approval of the settlement.
18   That will be a brief that will be explaining to the Court why
19   this settlement should be approved as fair, reasonable, and
20   adequate.  It will also, of necessity, have to deal with at
21   least one objection, with all of the points that were raised.
22   That's going to take time.  That is for the benefit of the
23   class.
24          This dispute between Ms. Bass and us, which has to do
25   with the narrow legal issue of whether work done in one
            SOUTHERN DISTRICT REPORTERS, P.C.
                    (212) 805-0300

54

A-104

55OALITH

55OALITH
```
 1   litigation that yielded a holding that had some value in
 2   another litigation is entitled to recompense from a common fund
 3   in that other litigation.
 4            THE COURT:  Well, Mr. Boni, that doesn't answer my
 5   question.  I'm not sure what it is you're saying that you don't
 6   want to do.
 7            MR. BONI:  We believe, your Honor, that until the
 8   class settlement is finally approved and until the Court
 9   approves whatever amount it approves, that then for the first
10   time puts a pie on the table from which counsel can then cut it
11   up.  No one is getting any money.  There is no disbursement of
12   any money.  No money is given out.  But there will be at that
13   time a decision to allocate, out of the hopefully $3 million,
14   what Fred Newman will get, what Mr. Fergus will get, what Diane
15   Rice will get and A.J.'s firm.  And Ms. Bass, we all know, will
16   not be happy with that amount because it's our position that
17   the Court should approve fees based on work done just in this
18   case.
19            THE COURT:  All right.  So again --
20            MR. BONI:  But it's only -- I'm sorry.
21            THE COURT:  But what -- there are only certain things
22   that I've said that I think you ought to do right now.  One is,
23   I think you ought to sit down with the mediator.
24            MR. BONI:  No problem.
25            THE COURT:  You say you don't want to sit down with
```
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300

55

55OALITH
```
 1   the mediator?
 2            MR. BONI:  No, your Honor.  We're happy to do that.
 3            THE COURT:  Two, I said that she should submit her --
 4   that you should prepare whatever it is that you anticipate to
 5   prepare for public disbursement to the potential class members
 6   with regard to attorney's fees by June 15, which you say you
 7   are already going to do.
 8            MR. BONI:  Yes, your Honor.
 9            THE COURT:  So that's not an issue.  Then I said that
10   they should submit, if you're not able to resolve this with the
11   mediator, they should submit what their position is by July 1.
12            MR. BONI:  Yes.
13            THE COURT:  That doesn't cause you any work.  And then
14   I said that you should respond to that by July 15.  If they
15   objected on the basis of the settlement on attorney's fees,
16   you're going to have to respond to that in any event, so that's
17   not new work either.
18            MR. BONI:  But, your Honor, they're already on record
19   in a letter to your Honor that they're not objecting to the
20   attorney's fees.  They are objecting to an unripe allocation
21   issue.  They're not objecting to the $3.8 million.
22            THE COURT:  Well, Mr. Boni, quite frankly, the only
23   thing I hear you saying is that you don't want to deal with
24   this now, you want to put it off later.  Everything that I have
25   laid out, you still have not yet told me what it is that I
```
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300

56

55OALITH
```
 1   asked you to do that you don't want to do.
 2            MR. BONI:  Your Honor required us to respond to
 3   Ms. Bass's fee application by July 15.  That is on or about the
 4   exact same date that our brief, where we ought to be focusing
```
                              Page 26

A-105

550ALITH

```
5    on the class and whether final approval of the settlement is
6    granted -- we're not going to get to cut up any attorney's fees
7    unless the Court grants final approval.
8             THE COURT:  All right.  So you don't want to have to
9    respond by July 15.
10            MR. BONI:  We would prefer to respond after the Court
11   decides the fee petition so we know what size of the pie we're
12   cutting up.
13            THE COURT:  No.  I'm not going to do it that way.  I'm
14   not going to do it that way.
15            MR. BONI:  Then how do we --
16            THE COURT:  We know what the size of the pot is going
17   to be.  You proposed what the size of the pot is.  No one has
18   objected, they have not objected to the size of the pot.  You
19   can't keep avoiding this issue.  I want this issue dealt with
20   and settled.  All right.  And quite frankly, by not settling
21   this issue, we're taking a great chance that this is going to
22   be a problem for us rather than having this resolved, if
23   there's nothing else that you said that you don't want to do,
24   other than respond to them by July 15.
25            Now, for some reason if they submit something that you
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

57

550ALITH

```
1    don't anticipate -- and quite frankly I'm not sure there's a
2    whole lot you're not going to anticipate at this point.  I
3    pretty much know what your position is.  You don't care what
4    they have to say.  They should get nothing.  That's what I
5    understand your position is right now.  So I'm not quite sure
6    how complicated this is going to be.  I want to see if you can
7    work it out with the mediator.  If you can't work it out with
8    the mediator, then don't waste the mediator's time.  Tell them
9    your position is not going to change no matter what and go on
10   and do what you need to do.  Then they can file their -- they
11   can file the nature of their application, they can file the
12   nature of objections, they can file any way they feel they want
13   to file, on July 1.
14            At this point, if appropriate and you have an adequate
15   time to do so, I would like to see what your position is in
16   reaction to what they file by July 15.  If you feel that that
17   is distracting, you don't have time to do that, you need a
18   reasonable time beyond that to do that, then tell me how much
19   more time you need at the time, depending on what the nature of
20   the issue is, and then I'll consider whether or not you should
21   have more time to July 28 or more time after July 28.
22            Quite frankly I don't really -- you're absolutely
23   right, there is a limited interest that the class members have
24   in terms of how the pot for attorney's fees is going to be
25   divided.  They have a greater interest in how much is going to
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

58

550ALITH

```
1    go to attorney's fees.  But I cannot say, as I believe
2    Mr. Chalmers addressed, I cannot say that they have no interest
3    in how these attorney's fees are going to be divvied up.
4    Because quite frankly, how it should be divvied up could affect
5    how much you really should get.
6             So to sort of say that we have a certain amount of
7    money for attorney's fees and if there are five of us we should
8    all get it and if there are ten of us we should all get it, I
9    mean, there still needs to be some justification that if it's
```

Page 27

A-106

55OALITH

10    five of you instead of ten, why shouldn't you get half as much.
11    So I don't know what the issue is going to be.  And I'm not
12    going to let this issue come up on this at the end of the
13    process and then have parties, either who are here or not here,
14    say now that somehow that issue has to be looked at before we
15    can move forward.  If it turns out that this issue of how -- if
16    I have to approve the amount of attorney's fees as a reasonable
17    amount and then at some later point have to determine -- if the
18    process means that I have to determine how it's going to be
19    divvied up at some time after July 28, then so be it.  That's
20    where we'll have to be.  Hopefully we won't have to be in that
21    position, because, as I say, quite frankly, the issue ain't
22    that complicated.  OK.  You know, either they get something or
23    they don't get something.  It's really not that complex.
24          So you can either work, as I said, the parties, just
25    like I tell parties to the litigation -- you guys are supposed

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

59

55OALITH

1     to be on the same side.  I tell parties in a litigation, you
2     can either fight it out or you can work it out.  So I'm going
3     to give you an opportunity to see if you can work it out.  If
4     you can't work it out, they are going to tell me what it is
5     they think they deserve out of this pot.  You're going to tell
6     me you don't think they deserve a dime out of this pot, or you
7     may say, well, you can toss them this amount because we already
8     discussed with them maybe we would give them something just to
9     have this go away.  You can tell me what your position is.
10          And quite frankly, given what I've indicated to you
11    that I'm interested in, in terms of what they're interested in
12    and how you intend to divide up -- you know, I'm interested in
13    not -- the only other thing that I'm interested in other than
14    what your position is with regard to whether they are entitled
15    to some or none is, I really do want to have some feel for what
16    the formula is that you're saying everybody else is getting
17    something.  Because that may affect my judgment as to whether
18    it's appropriate that they get anything or, if they get
19    anything, it may affect my judgment as to how much they should
20    get, if they should get anything.
21          So that's all I'm trying to do.  I'm trying to put --
22    I'm trying to put this in a situation so that I can address
23    this efficiently.  As I say, there's a lot to be done.  I
24    understand your position is that you don't have time to be
25    bothered with this now.  But, you know, you don't want to fight

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

60

55OALITH

1     about this, you want to do the more important things to getting
2     this very, you know, significant, complicated, and hopefully
3     successful settlement done.  And if the lawyers want to fight
4     about who gets paid when and how, then you can do that later.
5     I understand that.  But at this point, I'm not going to put
6     this off.  If we have to go to that, that's going to be where
7     we'll end up.  But initially, unless you tell me something
8     specifically that I've laid out is too burdensome, then I'm not
9     going to do that.
10          Now, with regard to Ms. Shatzkin's application
11    involving whether or not you give her chapter and verse and
12    dime for dime, no, I'm not going to order that.  I'm not going
13    to order that in the first instance.  I'm not going to order
14    that for mediation.  And I'm not going to tell the mediator how

Page 28

A-107

550ALITH

15  to deal with it.  Obviously I have great respect for
16  Mr. Feinberg and the people who work in his office and the
17  people that I know that work with him.  And if they just decide
18  they want to lock you in a room and not let you out until you
19  resolve this, then he can do it any way he thinks can be
20  effective.  If it doesn't work, it doesn't work, you come out
21  and you tell me that you tried and the other side is just not
22  willing to compromise or be reasonable and you tell me what it
23  is that you think should be resolved.  And then, once you do
24  that, you put it in my hands.  You don't even have to think
25  about it again.  You can move forward so that we get this
            SOUTHERN DISTRICT REPORTERS, P.C.
                 (212) 805-0300

                                                          61

    550ALITH

1   settlement done.  And I guarantee that I will very quickly
2   resolve this issue as soon as I hear from the parties with
3   regard to this.
4         So let's get this on track.  I want to see this.  I
5   would like to be satisfied on July 28 that all major issues
6   have been addressed and that we know where we're going to go.
7   That's what I'd like to do.  We may not be able to do that on
8   this issue and some other issues.  But this is the schedule, as
9   I've just put Mr. Chalmers on.  I'm going to stick to this
10  schedule because I think this is an appropriate and efficient
11  way to proceed.  And in my review of not only what I've seen so
12  far but the process that we've been engaged in, I think it's
13  very important to stay on this schedule and to let all who have
14  an interest in this understand that all issues that were we're
15  addressing now will be addressed in an appropriate and
16  efficient manner.
17        So go forward in that regard.  If you suggest some
18  adjustment in that or some, you know, some necessary delay in
19  that process, let me know and let me know why and I'll consider
20  that.  But otherwise, let's go ahead.  Let's put this on the
21  table.  Let's get it resolved.  Let's not keep putting it off.
22  I don't want to hear about this in November.  I want to try to
23  see if I can resolve this in July and August.
24        MS. SHATZKIN:  Thank you, your Honor.
25        THE COURT:  Is there anything else with regard to that
            SOUTHERN DISTRICT REPORTERS, P.C.
                 (212) 805-0300

                                                          62

    550ALITH

1   issue that is of concern right now, something that I should
2   address before we utilize that process?
3         MR. BONI:  No, your Honor.  You just said that if we
4   can work some adjustments so that we can get these briefs and
5   have a little breathing room to get them out --
6         THE COURT:  Yes.  I will definitely accommodate that.
7   Mr. Chalmers, did you want to say something?
8         MR. CHALMERS:  Yes, your Honor, because I'm here -- if
9   I hadn't heard what I just heard you wouldn't hear this, but I
10  have heard it.
11        THE COURT:  Sure.
12        MR. CHALMERS:  In our brief, it's in the briefs I
13  filed in this, it's our view that the law in this circuit
14  requires a fee application to have a complete lodestar.  That's
15  not what Mr. Boni just described his fee application would be.
16        THE COURT:  Well, I understand your position and I'm
17  not going to opine one way or the other on whether or not at
18  this point what is anticipated to be produced on June 15 is or
19  isn't going to be adequate in that regard.
                    Page 29

A-108

55OALITH

20          MR. CHALMERS:  I understand.
21          THE COURT:  What I'm anticipating, consistent with
22  what the parties have told me, is that at least there will be
23  some public indication of what the attorney's fees will be that
24  is significant and appropriate for parties to object if they
25  wish to object to attorney's fees.  And I think that's the
                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

                                                              63

55OALITH
1   intent of the rule and the statute.  And I am going to
2   anticipate that June 15 -- my position at this point is that
3   June 15 is an appropriate date and enough time that that's
4   what's intended in order to have all interested parties make
5   appropriate objections to it.  And then I'm going to assume
6   that the nature of the information will be adequate in order to
7   make whatever specific objections need to be made in a timely
8   basis.  And if it's not, then I can address that at that point
9   in time.
10          MR. CHALMERS:  Thank you, your Honor.
11          THE COURT:  All right, then.  Let's proceed that way.
12  If necessary, any or all of you, if I need to bring you in here
13  before July 28, let me know and we'll have a sit-down and talk.
14  As I say, you've done most of the work.  My role now is to not
15  let this fall apart just because there are missteps.  Let's
16  just see if we can get this done and appropriately done and
17  stay on schedule so that all parties who are represented here
18  will have what is a reasonable settlement for all involved.
19          I will wait to hear from you or I'll see you on July
20  28 or if we need to get together before then we will.  But I
21  would suggest that you speak to the mediator right away, get
22  before the mediator right away, and the first thing to do is
23  agree upon a process in which you might be able to at least
24  talk this out rather than simply being resistant to the other
25  side's position.  If you talk it out and your positions are the
                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

                                                              64

55OALITH
1   same, then they're the same and I'll resolve it.  But as I say,
2   I'm not sure this issue is any more complicated than the issue
3   that was resolved after three years of mediation.  So let's see
4   if we can resolve this.  All right.
5           MR. BONI:  Thank you, your Honor.
6           MR. SIMS:  Thank you, your Honor.
7           MR. FERGUS:  Thank you, your Honor.
8                           o0o
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

                        Page 30

**A-109**

Agreement") is fair, reasonable, adequate and in the best interests of plaintiffs and the Class in light of, among other things, the risks inherent in prosecuting the Action and the benefits obtained under the Settlement Agreement; and

WHEREAS, the Defense Group, each member of which expressly denies all of the allegations made by plaintiffs or any liability whatsoever, have agreed to enter into this Settlement Agreement to conclude finally and definitively all claims brought in the Action and to reduce further expense, inconvenience, and the distraction of burdensome and protracted litigation; and

WHEREAS, (a) the parties agree that the claims of plaintiffs against defendants should be certified as a class action for purposes of the settlement of such claims, and (b) the parties therefore stipulate to a class for settlement purposes only as defined below;

NOW, THEREFORE, in consideration of the covenants and agreements set forth in this Settlement Agreement, it is agreed by and among the undersigned that the claims of plaintiffs and the Class shall be settled and compromised with the Defense Group, subject to approval of the Court as required by Rule 23(e) of the Federal Rules of Civil Procedure, on the following terms and conditions:

1.      Definitions. As used in this Settlement Agreement, the below terms are defined as follows:

a.      "Action" means the following actions: *In re Literary Works in Electronic Databases Copyright Litigation*, MDL No. 1379 (S.D.N.Y.); *The Authors Guild, Inc., et al., v. The Dialog Corp., et al.*, Dkt. No. 00 CV 6049 (S.D.N.Y.); *Posner, et al., v. The Gale Group Inc., et al.*, Dkt. No. 00-CV-7376 (S.D.N.Y.); *Laney, et al. v. Dow Jones & Co. Inc., et al.*, Dkt.

3

**A-110**

No. 00-CV-769 RRM (D. Del.); and *The Authors Guild, Inc., et al. v. The New York Times Company*, Dkt. No. 01 CV 6032 (S.D.N.Y.).

        b.     "Administration Costs" means the cost of (1) preparing and providing notice to the Class pursuant to the Class Notice Program (paragraph 8 below) or as otherwise ordered by the Court; (2) setting up and implementing the Claims Administration Program (paragraph 6 below); (3) plaintiffs' portion of the mediator's fees incurred in February and March 2002, and the mediator's success fee; (4) any escrow fees paid to the Depository Bank and payments to an independent third party for services and expenses in connection with administration of the Settlement Funds, including the preparation and mailing of tax forms and tax returns; and (5) all other costs necessary for the administration of the settlement.

        c.     "Associational Plaintiffs" means The Authors Guild, the National Writers Union, and the American Society of Journalists and Authors.

        d.     "Claimant" means a class member who submits a claim for an award from the settlement proceeds with respect to a Subject Work (defined in paragraph 1.f below).

        e.     "Claims Administrator" means The Garden City Group, Inc., who has been retained by Plaintiffs' Lead Counsel to administer the settlement, including but not limited to the provision of notice to the Class members, processing and assisting with class members' claims, and other administration of the Plan of Allocation (see paragraph 4 below).

        f.     "Class" is defined as follows for settlement purposes only: All persons who, individually or jointly, own a copyright under the United States copyright laws in an English language literary work that has been reproduced, displayed, adapted, licensed, sold and/or distributed in any electronic or digital format, without the person's express authorization

4

A-111

by a member of the Defense Group or any member's subsidiaries, affiliates, or licensees (a) at any time on or after August 15, 1997 (regardless of when the work first appeared in an electronic database) or (b) that remained in circulation after August 15, 1997, even if licensed prior thereto, including English language works qualifying for U.S. copyright protection under an international treaty (hereinafter "Subject Work"). Notwithstanding anything in the immediately preceding sentence to the contrary, a copyrighted work created prior to January 1, 1978, is a Subject Work only if it (a) has been electronically or digitally reproduced, displayed, adapted, licensed, sold and/or distributed by a Participating Publisher without the person's express authorization, and (b) is from a publication whose pre-1978 works have not been excluded from this settlement, as indicated on Exhibit A. Included in the Class are all copyright owners of Subject Works who, after June 25, 2001, responded to The New York Times Company's Restoration Request website or print advertisements.

    g.  "Class Counsel" means all attorneys and law firms appearing for plaintiffs in the Action.

    h.  "Database Defendants" means The Dialog Corporation, Dow Jones & Co., Inc., Dow Jones Reuters Business Interactive, LLC, d/b/a Factiva, EBSCO Industries, Inc., The Gale Group, Inc., Mediastream, Inc., Knight-Ridder, Inc., Knight Ridder Digital, Newsbank, inc., ProQuest Information and Learning Company, Reed Elsevier Inc., The Thomson Corporation, and West Publishing Corporation d/b/a West Group, and all their parents, predecessors, subsidiaries, affiliates, and divisions.

    i.  "Depository Bank" means Morgan Stanley Dean Witter, Conshohocken, Pennsylvania, designated by Plaintiffs' Lead Counsel to serve as custodial trustee and to

5

**A-112**

administer the settlement funds pursuant to an escrow agreement with the Depository Bank.

        j.      "Effective Date" is the date upon which each and all of the following events shall have occurred: (i) the Court shall have certified the Class and approved this Settlement Agreement in all respects, pursuant to Fed. R. Civ. P. 23; (ii) entry shall have been made of the final judgment of dismissal with prejudice as to the defendants against plaintiffs and/or all members of the Class who have not timely excluded themselves from the Class; and (iii) the time for any appeal from the final judgment of dismissal and the Court's approval of this Settlement Agreement shall have expired, or, if appealed, the final judgment has been affirmed in its entirety by the court of last resort to which any such appeal has been taken and such affirmance has become no longer subject to further appeal or review. Neither Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. 1651, shall be taken into consideration in calculating the above-stated time periods.

        k.      "Participating Publishers" means the publishers identified in Exhibit A hereto and any publishers that, within three business days of the date on which plaintiffs file their motion for preliminary settlement approval (pursuant to paragraph 7 below), agree – as have the publishers listed in Exhibit A -- to contribute to the settlement funds that this settlement has achieved on behalf of plaintiffs and otherwise to participate in the settlement.

        l.      "Plaintiffs' Lead Counsel" means the firms of (a) Kohn, Swift & Graf, P.C., (b) Hosie, Frost, Large & McArthur, and (c) Girard Gibbs & De Bartolomeo LLP.

        m.      "Preliminary Supplemental Participating Publishers" are the publishers that supply literary works to any of the defendants, other than publishers who are already identified as Participating Publishers. "Supplemental Participating Publishers" are all those

6

A-113

Preliminary Supplemental Participating Publishers that are not de-listed pursuant to paragraph 3.d below.

n.     "Released Claims" means: each and every claim of every Class member, whether arising under federal, state, or foreign law, that has been or could have been asserted in the Action against any member of the Defense Group, any Supplemental Participating Publisher, and all their past, present, and future parents, predecessors, subsidiaries, affiliates, and divisions, and all of their respective officers, directors, owners, partners, governors, employees, agents, nominees, successors, assigns, legal representatives and licensees (as if all Participating Publishers and Supplemental Participating Publishers had been named as defendants), with respect to any and all of the Subject Works, including but not limited to all claims arising out of the same facts as their claims of copyright infringement, past, present, or future, known or unknown, and all claims with respect to the electronic or microform reproduction, distribution, display, license, sale or adaptation of Subject Works to or by the Defense Group or Supplemental Participating Publishers; except, however, that (i) only claims for past infringement are hereby released with respect to works that class members elect to have removed or not restored under paragraph 5 below, (ii) only claims concerning Subject Works are being released, (iii) this settlement provides that Subject Works that class members do not elect to have removed or not restored under paragraph 5 below may be displayed electronically only in accordance with paragraph 13.b below, (iv) no claims shall be released against any Participating Publisher for pre-1978 works the publisher has excluded from this settlement (see Exhibit A); (v) no claims shall be released with respect to works that have not, on or prior to the date of this Agreement, been reproduced, distributed, displayed or transmitted by any Defense Group member, (vi) no

7

A-114

claims shall be released based on retaliation for participating in, objecting to or opting out of the settlement, or for exercising rights under paragraph 5.a below, (vii) none of the claims of class members who timely exclude themselves from the Class shall be released or in any other way adversely affected by the Settlement, and (viii) claims that are compensable in a class action pending in Canada on behalf of freelance authors, among other contributors, entitled *Robertson vs. The Thomson Corporation, Thomson Canada Limited, Thomson Affiliates, Information Access Company and Bell Globemedia Publishing Inc.* , (Ontario (Canada) Superior Court of Justice 96-CU-110595CP) are not being released.

   o.  "Released Parties" means the individuals and entities as specified herein in 1.n, subject to paragraphs 3.d, 13.b and 13.d, against whom claims are released.

   p.  "Representative Plaintiffs" means the following individual plaintiffs, who, subject to Court approval, are representing the Class in the settlement of the Action: Michael Castleman, E.L. Doctorow, Tom Dunkel, Andrea Dworkin, Jay Feldman, James Gleick, Ronald Hayman, Robert Lacey, Ruth Laney, Paula McDonald, P/K Associates, Inc., Letty Cottin Pogrebin, Gerald Posner, Miriam Raftery, Ronald M. Schwartz, Mary Sherman, Donald Spoto, Robert E. Treuhaft and Jessica L. Treuhaft Trust, Constance Romilly, trustee, Robin Vaughan, Robley Wilson, Marie Winn.

   q.  "Settlement Payment" means a cash distribution to a Claimant from the Settlement Funds (defined below).

  2.  Best Efforts. All plaintiffs and all members of the Defense Group shall use their best efforts to effectuate this Settlement Agreement as soon as practicable, including cooperating as set forth below in seeking the Court's certification of the Class for settlement purposes only,

8

A-115

i. Before the Court issues a final order approving this Settlement Agreement, disbursements may be made for reasonable expenses actually incurred in providing notice of the settlement to the Class, including the costs of printing, mailing, or publishing notice, or retaining the Claims Administrator to carry out all responsibilities relating to providing such notice and administration from the Initial Settlement Deposit in a total amount not to exceed $500,000 without further order of the Court, and the amounts for incurred Administrative Costs (including accrued-but-not-yet-paid expenses) shall not be refundable to the Defense Group in the event the Settlement Agreement is disapproved, voided, or otherwise fails to become final. No other payments, disbursement, or transfers of any kind from the Settlement Funds, including Class Counsel's attorneys' fees and costs of litigation, shall be made prior to the Effective Date without leave of Court for good cause shown. The Defense Group shall have no responsibility for the administration, operation, investment or distribution of the Settlement Funds. Plaintiffs shall make reasonable efforts to minimize expenditures from the Settlement Funds.

j. The Defense Group shall not have any responsibility to make any filings relating to the Settlement Funds, and the Defense Group shall have no responsibility to pay taxes, including interest and penalties due thereon, on income earned by the Settlement Funds. In the event the settlement is not approved by the Court or is otherwise terminated, all Settlement Funds (less any Administrative Costs incurred) shall be promptly returned to the Defense Group, provided that in such event the Defense Group shall be responsible for payment of all taxes on income earned on the Settlement Funds after the date of such return.

4. <u>Plan of Allocation</u>. Plaintiffs will seek Court approval of a Plan of Allocation of the settlement proceeds to eligible class members. The Plan of Allocation will provide for

13

A-116

distribution from the Settlement Funds, after the payment of (i) court approved attorneys' fees

and reimbursement of costs, (ii) court approved service awards to the Representative Plaintiffs,

and (iii) Administrative Costs. A Settlement Payment shall be made to every Claimant who

submits a timely, valid proof of claim, subject to the limitations set forth below. The Settlement

Payments shall be made pursuant to the following schedule ("Scheduled Payments"):

      a.    Category A Subject Works. For each Subject Work the Claimant properly

registered as an individual work with the United States Copyright Office in time to be eligible

for statutory damages under 17 U.S.C. § 412 (2), the Claimant will receive:

> $1,500 for the first fifteen Subject Works written for any one publisher;
> $1,200 for the second fifteen Subject Works written for that publisher; and
> $875 for all Subject Works written for that publisher after the first thirty
> Subject Works.

      b.    Category B Subject Works. For each Subject Work that the Claimant

properly registered before December 31, 2002, but not in time to be eligible for statutory

damages under 17 U.S.C. § 412 (2), the Claimant will receive, per Subject Work, the greater of

$150 or 12.5% of the original sale price of the Subject Work.

      c.    Category C Subject Works. For all other Subject Works, the Claimant

will receive, per Subject Work:

> The greater of $5 or 10% of the original price of the Subject Work (except
> for works sold for amounts over $249, as described below);
> $25 for Subject Works originally sold for $250 to $999;
> $40 for Subject Works originally sold for $1,000 to $1,999;
> $50 for Subject Works originally sold for $2,000 to $2,999;
> $60 for Subject Works originally sold for $3,000 or more.

      d.    Reduced Payments. For Subject Works created before January 1, 1995,

payments in Categories B and C above shall be reduced, to an amount no lower than $5 per

14

A-117

Subject Work, based on the years in which the Subject Work was created as follows:

> Subject Works created in 1995 or later: no reduction;
> Subject Works created in 1985-1994: a 5% reduction for each year beginning in 1994 and continuing through 1985, i.e., payments for Subject Works created in 1994 will be reduced to 95%; payments for Subject Works created in 1993 will be reduced to 90%, and so on until 1985; Subject Works created before 1985 will receive a 50% reduction.

e.　　Each Settlement Payment is further subject to paragraph 5 below.

f.　　In the event the total amount of Scheduled Payments as calculated under this paragraph 4, together with all fees and costs included in the Settlement Funds, exceeds $18 million, then the following will occur: (1) if the claims for the Subject Works that were first published after 1977 and/or that were reproduced, distributed, displayed or transmitted by a Database Defendant, together with all fees and costs, total $18 million or less, then all claims for all Subject Works will be paid in full pursuant to this paragraph 4; but (2) if the claims for the Subject Works that were first published after 1977 and that were reproduced, distributed, displayed or transmitted by a Database Defendant ("Post 1977 Claims"), together with all fees and costs, exceed $18 million, then (i) beginning with Category C claims, and then, only if necessary, the Category B and Category A claims will be reduced pro rata by the remaining amount that the total Post 1977 Claims exceeds $18 million as compared to the total amount of Post 1977 Claims for that category; and (ii) the remaining claims (i.e., claims for Subject Works first published prior to 1978 and/or that were not reproduced, distributed, displayed or transmitted by a Database Defendant ("Pre 1978 Claims")) will, beginning with Category C claims, and then, only if necessary, Category B and Category A claims, each be reduced pro rata by the same percentage as the corresponding Post 1977 category claims were reduced, if at all. This provision is intended to ensure that any pro rata reduction to the Claimants of Post 1977

15

A-118

Subject Works will be unaffected by the claims for Pre-1978 Subject Works.

g.    Any copyrighted work and each version, revision, or variant thereof prepared without material additional editing, revision, or composition by the Claimant shall be considered a single Subject Work for which the Claimant (or Claimants who claim joint ownership) has only one claim, regardless of whether the work was published in more than one newspaper or periodical; provided, however, that a revision or variant prepared by the Claimant for which the Claimant received an additional payment shall be considered an additional work, entitling the Claimant to submit an additional claim.

h.    The Defense Group and Supplemental Participating Publishers will not, with respect to claims for Category A and Category B Subject Works, for purposes of this Agreement only, enforce retroactive licenses (as defined below) against any Subject Works that were registered prior to the dates these licenses were acquired. For purposes of this Agreement, a retroactive license is a license to a Subject Work acquired without monetary consideration after the date of publication other than a license obtained as part of the agreement to acquire the Subject Work in question ("Retroactive License"). Further, the Defense Group and Supplemental Participating Publishers will not, with respect to claims for Category C Subject Works, enforce Retroactive Licenses the form of which any publisher first used on or after April 14, 2003. In addition, The New York Times Company will not, with respect to claims for Category A, Category B and Category C works, enforce any licenses, waivers, releases or any other concessions obtained from class members through their participation in The New York Times Restoration Request web site.

i.    For purposes of calculating the original price paid for works that were not

16

**A-119**

paid for in U.S. dollars, the currency that was originally paid will be converted to its U.S. dollar equivalent in order to determine the amount to be paid to claimants for Category B and Category C works. The conversion calculation shall be based on the Federal Reserve Bank's exchange rate on the date the Settlement Agreement is executed, published on its website at

http://www.federalreserve.gov/releases/h10/Hist/.

        j.      Notwithstanding anything in paragraphs 4 and 5, no Settlement Payment check to any claimant shall be for less than $5.00.

        5.      <u>Continuing Use of Subject Works</u>.

        a.      Any Claimant (other than Claimants of Category C Subject Works that are the subject of Retroactive Licenses) may, upon filing a claim within the 120-day claim period set forth below in paragraph 6.a. (but not thereafter), advise that he or she wants the Defense Group and Supplemental Participating Publishers to remove from publicly accessible non-image-based electronic databases (or, if the work has been previously removed, not to restore) Subject Works whose copyright he or she owns. Any Claimant who exercises this right shall receive as his or her Settlement Payment for such Subject Work 65% of the amount that he or she would otherwise have been entitled to receive pursuant to paragraph 4. The Defense Group and/or Supplemental Participating Publishers will thereupon remove (or not restore) the specified Subject Works from their respective non-image-based databases. In the case of image-based electronic databases, for purposes of this settlement only, the obligation to remove shall be satisfied by disabling the functionality that allows the individual article record to be returned apart from the full context of the original print publication.

        b.      To the extent that any Claimant does not exercise the right provided for in

17

A-120

12.  Attorneys' Fees and Costs. Plaintiffs' Lead Counsel, on behalf of all Class

Counsel, will apply to the Court for payment from the Settlement Funds of attorneys' fees, their

reasonable costs, and the amount, if any, of Administration Costs that exceeds $800,000, in the

total amount of $4.4 million, and for a special award to the Representative Plaintiffs in the

amount of $2,000 each. Further, Plaintiffs' Lead Counsel will apply to the Court for a one-time

supplemental payment of attorneys' fees in the amount of the difference, if any, between the total

amount of Administration Costs expended and $800,000. Plaintiffs' Lead Counsel will request

that any attorneys' fees and expenses awarded be paid to Plaintiffs' Lead Counsel, and any

special award be paid to the Representative Plaintiffs, on the Effective Date and, with respect to

the supplemental fee award, as soon as a final determination is made with respect to the total

amount of Administration Costs. Plaintiffs' Lead Counsel shall thereafter allocate any attorneys'

fees among Class Counsel in a manner in which Plaintiffs' Lead Counsel in good faith believe

reflects the contribution of such counsel to the prosecution and settlement of the Action. No

member of the Defense Group and no one on behalf of any member of the Defense Group shall

object to or take any steps whatever to undermine any application by Plaintiffs' Lead Counsel

for reasonable attorneys' fees and costs in the amount of $4.4 million, or for a special award in

the amount of $2,000 to each of the Representative Plaintiffs.

13.  Releases.

a.  Without further action by anyone, and subject to paragraph 11, as of the

Effective Date, any and all Class members, on behalf of themselves, their heirs, executors,

administrators, predecessors, successors, assigns, any person claiming by or through any Class

members and any person representing any or all Class members, for good and sufficient

27

A-121

EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE LITERARY WORKS IN ELECTRONIC )
DATABASES COPYRIGHT LITIGATION )

)
)
)

MDL No. 1379

**[PROPOSED] ORDER FOR
FINAL APPROVAL OF
SETTLEMENT AND FINAL
JUDGMENT**

This matter is before the Court pursuant to the motion of plaintiffs in the above-captioned

class action (the "Action") for final approval of settlement with defendants The Dialog

Corporation, Dow Jones & Company, Inc., Dow Jones Reuters Business Interactive, LLC, d/b/a

Factiva, EBSCO Industries, Inc., The Gale Group Inc., Knight Ridder, Inc., Knight Ridder

Digital, Mediastream, Inc., NewsBank, The New York Times Company, ProQuest Company,

ProQuest Information and Learning Company, Reed Elsevier Inc., The Thomson Corporation,

The Copley Press, Inc., and West Publishing Corporation d/b/a West Group (collectively,

"defendants"), and with non-parties _____ ("Participating Publishers").

(Defendants and the Participating Publishers shall be referred to collectively herein as the

"Defense Group.")

Plaintiffs have moved for an Order approving the settlement of the Action in accordance

with a Settlement Agreement dated December, __, 2005 between plaintiffs and the Defense

Group (the "Settlement Agreement"). Having read and considered the Settlement Agreement of

the parties and having held a hearing on the fairness of the proposed settlement, at which

1

A-122

objectors to the settlement could appear, and based upon familiarity with the files and proceedings in this manner, the Court finds that:

1.      The Court preliminarily approved the Settlement Agreement by Order of _____, 2005 (the "Preliminary Approval Order").

2.      Notice of the proposed settlement has been timely disseminated in accordance with the terms of the Preliminary Approval Order, which approved the proposed settlement and authorized such notice. Such notice is the best practicable notice to be provided and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

3.      The issues as to liability and remedies in the Action are issues as to which there are substantial grounds for difference of opinion, and the proposed settlement of the Action constitutes a resolution of those issues that is fair, reasonable and adequate to the members of the Class certified herein.

Accordingly, it is hereby

**ORDERED** as follows:

4.      The Settlement Agreement is approved as fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure and in the best interest of the Class, and the parties are directed to consummate the Settlement Agreement in accordance with its terms.

5.      The following Class (the "Class"), provisionally certified in the Preliminary Approval Order, is now finally certified for purposes of this settlement only:

> All persons who, individually or jointly, own a copyright under the United States copyright laws in an English language literary work that has been reproduced, displayed, adapted, licensed, sold and/or distributed in any electronic or digital format, without the person's express authorization by a member of the Defense Group or any member's subsidiaries, affiliates, or licensees (a) at any time on or

2

A-123

after August 15, 1997 (regardless of when the work first appeared in an electronic database) or (b) that remained in circulation after August 15, 1997, even if licensed prior thereto, including English language works qualifying for U.S. copyright protection under an international treaty (hereinafter "Subject Work"). Notwithstanding anything in the immediately preceding sentence to the contrary, a copyrighted work created prior to January 1, 1978, is a Subject Work only if it (a) has been electronically or digitally reproduced, displayed, adapted, licensed, sold and/or distributed by a Participating Publisher without the person's express authorization, and (b) is from a publication whose pre-1978 works have not been excluded from this settlement, as indicated on Exhibit A. Included in the Class are all copyright owners of Subject Works who, after June 25, 2001, responded to The New York Times Company's Restoration Request website or print advertisements.

The Court finds that (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) claims of the Representative Plaintiffs are typical of the claims of all members of the Class; (d) the Representative Plaintiffs have fairly and adequately protected and will fairly and adequately protect the interests of the Class; (e) common questions of law and fact predominate over questions affecting only individual members of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

6.    The Action is hereby dismissed, with prejudice and without costs.

7.    The releases contained in the Settlement Agreement are hereby effective.

8.    There is no just reason for delay and the judgment of dismissal with prejudice as to defendants shall be final.

9.    The Settlement Agreement and any proceedings taken pursuant thereto are not, and should not in any event be: (a) offered or received as evidence of a presumption, concession or admission by any Released Party of any fact or matter; or (b) offered or received as evidence

3

A-124

of a presumption, concession or admission of any liability, fault, wrongdoing or other dereliction of duty, or (except with written consent of the Released Party) in any way referred to for any reason in the Action, or in any other civil, criminal, bankruptcy, or administrative action or proceeding; provided, however, that reference may be made to the Settlement Agreement in such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement.

10. Consummation of the Settlement shall proceed as described in the Settlement Agreement, and the Court hereby reserves jurisdiction over the subject matter and as to each party to the Settlement Agreement with respect to the interpretation, effectuation, and implementation of the Settlement Agreement for all purposes, including enforcement of any of the terms hereof at the instance of any party and resolution of any disputes that may arise relating in any way to, or arising from, the implementation of the Settlement Agreement or the implementation of this Order.

11. Attorneys' fees and reimbursement of expenses to Class Counsel in the total amount of $4.4 million are hereby approved and awarded.

12. A special fee award to the twenty-one Representative Plaintiffs, in the amount of $2,000 each, is hereby approved and awarded.

13. Pursuant to the terms hereof, final judgment shall be entered as provided herein.

DATED this _____ day of _____, 2005.

 

 

 

 

                                                  _____
Honorable George M. Daniels,
United States District Judge

4

A-125

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE LITERARY WORKS IN ELECTRONIC DATABASES COPYRIGHT LITIGATION | MDL No. 1379 |

**APPLICATION OF CLASS COUNSEL FOR AWARD OF FEES, REIMBURSEMENT OF COSTS AND SERVICE AWARDS TO THE CLASS REPRESENTATIVES**

5625_1

**A-126**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE LITERARY WORKS IN ELECTRONIC       )
DATABASES COPYRIGHT LITIGATION           )       Master Docket No. M-21-90 (GBD)
                                         )       (MDL # 1379)
                                         )

### DECLARATION OF MICHAEL J. BONI FILED ON BEHALF OF
### KOHN, SWIFT, & GRAF, P.C. IN SUPPORT OF CLASS COUNSEL'S APPLICATION
### FOR ATTORNEYS' FEES AND DISBURSEMENTS

I, Michael J. Boni, being duly sworn, deposes and says:

1.      I am a partner of the law firm of Kohn, Swift, & Graf, P.C. I submit this

declaration in support of Class Counsel's, including my firm's, application for an award of

attorneys' fees in connection with services rendered in this case, as well as the reimbursement of

expenses incurred by my firm in connection with this litigation, from the inception of this

litigation through June 10, 2005.

2.      My firm acted as one of Plaintiffs' Co-Lead Counsel in this class action. The

tasks undertaken by my firm can be summarized as follows:

**Pre-Mediation:** Beginning in October 1999, extensive research and investigation

of the potential claims against defendants, strategizing with The Authors Guild with respect to

who to name as defendants and what causes of action to bring, preparing the initial *Authors*

*Guild* complaint, participated in numerous in-person and telephonic meetings with the

Associational Plaintiffs (the Authors Guild, the American Society of Journalists and Authors and

1

the National Writers Union) and named plaintiffs; held weekly strategy teleconferences among

Class Counsel; interviewed potential experts; researched, briefed and argued issues in connection

with the MDL proceeding; held meetings in connection with the organization of plaintiffs'

counsel in the consolidated proceeding; prepared the Consolidated Amended Class Action

Complaint and performed research in connection therewith; researched and investigated claims

against defendant Contentville, negotiated, both in New York and by telephone, a settlement with

Contentville, and drafted settlement papers regarding Contentville; researched, investigated and

responded to a multitude of authors' reports concerning coercive license agreements imposed on

them by content providers as well as reports of continuing electronic infringement after the

Supreme Court's *Tasini* decision; studied the Supreme Court briefing and participated in

meetings with respect to amici positions in connection with the Supreme Court *Tasini* case;

prepared for and participated in status conferences before this Court; researched and investigated

potential claims against the New York Times; prepared and filed a class action complaint against

the New York Times; researched and drafted TRO papers and negotiated a partial settlement

with the New York Times in connection with its Restoration Request website, including in-

person meetings in New York; initiated and participated in early settlement meeting with defense

counsel; negotiated a stipulated scheduling order and case management order with defense

counsel; researched the pending related Canadian freelance authors class litigation; worked with

copyright experts on issues such as, for example, standing with respect to authors of unregistered

works; researched and briefed a multitude of issues, including class certification, standing

requirements, Berne Convention and other international copyright treaty issues, methods of

**A-128**

industry-wide payment for the future use of infringed works (such as, for example, issuance of non-exclusive licenses and setting up and implementing a royalty payment clearinghouse system), the right to transfer licenses, the right of licensees to sub-license, implied in fact licenses, injunctive relief, parameters of Class participation (*e.g.*, letters to the editor, law review articles, scientific journal articles, etc.), spoliation of evidence, and willful infringement.

**Mediation:** attended scores of in-person meetings and teleconferences with co-counsel, clients, the mediators, and/or defense counsel; prepared mediation briefs and numerous other research memoranda and position statements; took discovery of defendants and analyzed discovery with damages expert; conducted independent discovery and investigation with respect to the publishing industry and the literary database industry (*e.g.*, market concentration and market share); monitored related litigation such as *Morris*; *Boston Globe* and *National Geographic*; prepared and presented arguments to defense counsel and the mediators; researched and briefed issues concerning plaintiffs' right to compensation for the future use of infringed works; briefed MDL transfer motion regarding one of the *National Geographic* cases; researched and responded to ProQuest's image-based archiving of newspapers, including negotiating a standstill agreement as an alternative to plaintiffs' seeking injunctive relief; prepared and exchanged settlement proposals, including mediators' proposals; drafted and exchanged settlement term sheets; served as point person for Class Counsel in negotiating with Defense Group point person Charles Sims with respect to remaining deal terms and the drafting of the settlement agreement, notice of class action settlement, proposed order of preliminary settlement approval, summary notice, final judgment and order of dismissal and claim form, claims

A-129

12.      Attached hereto as Exhibit A is the Declaration of A.J. De Bartolomeo Filed on Behalf of Girard Gibbs & De Bartolomeo, LLP in Support of Class Counsel's Application for Attorneys' Fees and Disbursements.

13.      Attached hereto as Exhibit B is the Declaration of Diane S. Rice, Esq. Filed on Behalf of Hosie McArthur LLP in Support of Class Counsel's Application for Attorneys' Fees and Disbursements.

14.      Attached hereto as Exhibit C is the Declaration of Diane S. Rice, Esq. Filed on Behalf of Brobeck Phleger & Harrison, LLP in Support of Class Counsel's Application for Attorneys' Fees and Disbursements.

15.      Attached hereto as Exhibit D is the Declaration of Gary S. Fergus in Support of Class Counsel's Application for Attorneys' Fees and Disbursements.

16.      Attached hereto as Exhibit E is the Declaration of Fredric S. Newman Filed on Behalf of Hoguet Newman & Regal, LLP in Support of Class Counsel's Application for Attorneys' Fees and Disbursements.

17.      Attached hereto as Exhibit F is the Declaration of Emily M. Bass Filed on Behalf of The Law Offices of Emily Bass for Submission with Class Counsel's Application for Attorneys' Fees and Disbursements.

18.      Class Counsel's aggregate lodestar through June 10, 2005 is $4,696,291.05.  Class Counsel's aggregate out-of-pocket expenses through June 10, 2005 are $520,847.29, plus $75,000 for plaintiffs' portion of two months of the mediator's fees, which Class Counsel agreed

**A-130**

to incur and which the mediator agreed would be paid when the fees and costs are disbursed from the settlement fund, totaling $595,847.29 in costs.

19.     Attached hereto as Exhibit G is a copy of the Declaration of Kenneth R. Feinberg in Opposition to Motion to Vacate Preliminary Approval and Motion to Establish New Procedures for Final Approval and Award of Attorneys' Fees.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on June 14, 2005, in Philadelphia, Pennsylvania.

Michael J. Boni

DECLARATION OF MICHAEL J. BONI IN SUPPORT OF CLASS COUNSEL' S APP. FOR ATTYS FEES
MDL Case No. 1379

5481_1

A-131

Case 1:00-md-01379-GBD   Document 66-2   Filed 08/13/14   Page 7 of 78

EXHIBIT 1

**In re Literary Works In Electronic Databases Copyright Litigation**, MDL No. 1379

## KOHN, SWIFT & GRAF, P.C.

### TIME REPORT - Inception through June 10, 2005

| Name | Total Hours | Hourly Rate | Total Lodestar |
|---|---|---|---|
| **PARTNERS:** | | | |
| Robert A. Swift | 11.5 | $500.00 | $5,750.00 |
| Robert J. LaRocca | 97.9 | $485.00 | $47,481.50 |
| Joanne Zack | 29.5 | $400.00 | $11,800.00 |
| Michael J. Boni | 1967.3 | $475.00 | $934,467.50 |
| | | | |
| **ASSOCIATES:** | | | |
| Craig W. Hillwig | 2.8 | $335.00 | $938.00 |
| Hilary Cohen | 609.6 | $300.00 | $182,880.00 |
| Douglas A. Abrahams | 1.5 | $435.00 | $652.50 |
| William E. Hoese | 1.2 | $435.00 | $522.00 |
| Neil Glazer | 88.6 | $330.00 | $29,238.00 |
| Elkan M. Katz | 6.3 | $325.00 | $2,047.50 |
| Kate Reznick | 45.3 | $225.00 | $10,192.50 |
| | | | |
| **PARALEGALS:** | | | |
| Aviah Cohen | 65.5 | $110.00 | $7,205.00 |
| Andrea Petranyi | 5 | $110.00 | $550.00 |
| Grayson Papa | 1.4 | $125.00 | $175.00 |
| Jessica Khan | 0.8 | $125.00 | $100.00 |
| Joseph D'Urso | 4.5 | $115.00 | $517.50 |
| Jonathan Cohen | 4.6 | $115.00 | $529.00 |
| Michele LaRosa | 5.5 | $110.00 | $605.00 |
| Sarah Brannan | 11 | $110.00 | $1,210.00 |
| Shannon Rachal | 2 | $100.00 | $200.00 |
| Wayne Eric Marr | 52 | $150.00 | $7,800.00 |
| | | | |
| TOTAL LODESTAR: | 3013.8 | | $1,244,861.00 |

**A-132**

EXHIBIT 2

## In re Literary Works In Electronic Databases Copyright Litigation, MDL No. 1379

### KOHN, SWIFT & GRAF, P.C.

### EXPENSE REPORT - Inception through June 10, 2005

| Categories: | Amount: |
|---|---|
| Photocopies/Reproduction (inside) | $3,353.40 |
| Photocopies/Reproduction (outside) | $2.42 |
| Velobind | $11.00 |
| Postage/Notice Costs | $330.33 |
| Telephone (conference calls, calling cards, etc.) | $9,762.51 |
| Telephone and Facsimile (long distance) | $4,953.37 |
| Messengers/Express Services | $451.83 |
| Filing/Witness Fees | $50.00 |
| Credit Reports and other special services | $690.00 |
| Lexis/Westlaw/Legal Research | $8,528.47 |
| Experts/Consultants | $5,025.00 |
| Meals, Hotels & Transportation | $10,057.69 |
| Assessments | $33,829.80 |

**TOTAL EXPENSES:**          $77,045.82

A-133

EXHIBIT 3

# KOHN, SWIFT & GRAF, P.C.

One South Broad Street
Suite 2100
Philadelphia, PA 19107-3389
(215) 238-1700
info@kohnswift.com

3077_1

**A-134**

Who We Are

Since its founding over 25 years ago, the firm of Kohn, Swift & Graf, P.C. has held a reputation as a national leader in class actions and other complex commercial litigation. Its 18 lawyers have been selected by both courts and co-counsel to serve as lead counsel, or as members of executive committees of counsel, in scores of class actions throughout the country in the antitrust, securities fraud, and consumer protection fields. The firm also has maintained an active and diverse commercial business practice representing several large, well-known companies. Brief professional biographies of five senior members of the firm are included for your consideration, and provide an example of the depth of experience the firm has to offer. Also included is a partial list of the firm's corporate clients.

What We Do

What we do best for our clients is aggressively handle their cases to a favorable resolution. While that may require winning lawsuits at trial, we often best serve our clients' interests by resolving disputes quickly, through negotiation and favorable settlement.

Whatever outcome best serves our clients, we pursue it to the best of our abilities because our compensation depends so much on our performance. Well over half of our time is devoted to pursuing litigation under fee agreements where our pay depends on <u>what we achieve</u>, not how much time we spend working on a case. This willingness to tie our compensation to our results gives us the flexibility to use innovative contingent, flat fee and blended fee arrangements with many of our clients, arrangements that are frequently more accommodating of the client's needs.

This willingness to tie our compensation to our results also spills over into our handling of corporate matters for the firm's business clients. The firm is receptive to creative and flexible fee arrangements, tailored to the specific client's needs.

How We Have Done

The Kohn firm has pioneered the prosecution of the most complex form of litigation — the class action — for the past 25 years. Recently, following a competitive bidding process he established to select competent counsel from among a number of vying law firms, Judge Milton Shadur of the Northern District of Illinois appointed the Kohn firm as sole counsel for a class of claimants pursing relief in a nationally publicized price fixing case against Archer Daniels Midland. See In re Amino Acid Lysine Antitrust Litigation, 918 F.Supp. 1190, 1200-01 (N.D. Ill. 1996). Under the firm's leadership, the case was settled for more than

2

A-135

$50 million and Judge Shadur praised the firm's "extraordinarily professional handling of the case."

In addition to the Lysine case, the firm has repeatedly served as counsel in substantial antitrust cases, including, among others: In re Graphite Electrodes Antitrust Litigation, Master File No. 97-CV-4182 (E.D.Pa. 1997); In re Residential Doors Antitrust Litigation, MDL No. 1039 (E.D.Pa. 1996); In re Domestic Air Transportation Antitrust Litigation, MDL No. 861 (N.D. Ga. 1993); In re Plastic Tableware Antitrust Litigation, Master File No. 94-CV-3564, (E.D.Pa. 1994); In re Chlorine and Caustic Soda Antitrust Litigation, Master File No. 86-5428 (E.D.Pa. 1986); Cumberland Farms, Inc., v. Browning-Ferris Industries, Inc., No. 94-CV-1692 (E.D.Pa. 1991); In re Tampico Fibre Antitrust Litigation, No. 94-CV-1692 (E.D.Pa. 1995).

The firm also has extensive experience in securities and consumer class actions having been appointed lead counsel, or a member of the executive committee, in the following cases: Stewart v. Associates Consumer Discount Co., Civil Action No. 97-CV-4678 (E.D.Pa.); In re Chrysler Motors Corp. Overnight Evaluation Program, MDL No. 740 (E.D.Mo.); In re Beech-Nut Apple Juice Litigation, Master File No. 86-6608 (E.D.Pa.); In re Silicone Breast Implant Litigation, MDL No. 926 (N.D. Ala.); In re Intel Pentium Processor Litigation, Master File No. 745729 (Santa Clara, Calif.); Schwab v. America Online, No. 96 CH 13732 (Cook County, Illinois); In re Pennsylvania Diet Drug Litigation, Master File No. 0031262 (Phila. County, Pennsylvania); Solo v. Duval County Housing Finance Authority, et al., No. 94-1952-CA (Duval Cty. Fla.), and Goldenberg v. Host Marriott Corp., et al., Civil No. PJM-95-3461 (D. Md.). As with the antitrust cases, the firm's involvement has produced excellent results for its clients: in the Goldenberg case concluded just last summer, for example, the Marriott defendants paid more than $22 million to settle the claims brought by a class of approximately 500 investors in a Marriott-sponsored limited partnership.

Never hesitant to take on a challenge, the firm's diverse practice also recently led it to serve as special litigation counsel for the bankruptcy trustee in the New Era bankruptcy, one of the largest and most widely-publicized bankruptcies ever filed in the Eastern District of Pennsylvania. In re Foundation for New Era Philanthropy, No. 95-13729 (E.D. Pa. Bankr. 1995). As special counsel, the firm successfully negotiated settlements with Prudential Securities, Inc., three law firms, and an accounting firm totaling in excess of $22 million for the benefit of New Era's creditors, virtually all of which were non-profit charities that had fallen victim to New Era's fraudulent fundraising scheme.

Lucrative settlements aren't the product of either luck or accident. They reflect the perspiration of hard work, and the willingness and ability to try a case to verdict. While the firm has obtained settlements in the hundreds of millions of dollars, the firm also has a unique record of successfully trying class actions and

3

other complex cases to verdict.  In the Plywood Antitrust Litigation, MDL 159 (E.D.La.), the firm served as lead trial counsel and won a jury verdict estimated at $1 billion.  More recently, name partner Robert A. Swift was the trial counsel in the Marcos Human Rights Litigation, MDL 840 (D. Hawaii), and won a $2 billion verdict which is believed to be the largest personal injury verdict in history.  He and the firm was also co-lead counsel in the historic "Swiss Bank Holocaust" Litigation that recently settled for $1.25 billion.  These kinds of results put our clients in the best position to resolve their disputes: we will aggressively litigate their claims in an effort to produce a favorable settlement but, if needed, we will try their cases.

Although not as high profile as the firm's litigation practice, the firm provides personal service to its corporate clients.  Attorneys are always available to answer questions immediately and to draft important business documents, if need be, that day.  If this sounds like the kind of law firm you want to handle your case, we suggest that you consider giving us a call.

4

A-137

### KOHN, SWIFT & GRAF, P.C.

Business Clients represented in corporate litigation, transactions, employment, real estate, tax or estate matters.

Aetna U.S. Healthcare, Inc.

Fry Communications

Strick Corp.

Cumberland Farms, Inc.

National Freight, Inc.

Hotel Rittenhouse Associates

National Property Analysts, Inc.

MetroBank

Eglin Garages (Stephanie Eglin)

T.J. Maxx

Parkway Corp.

Royal Bank of Pennsylvania

5

3077_1

A-138

## MICHAEL J. BONI

Michael J. Boni is a Director of the firm. He specializes in complex commercial litigation, including antitrust, copyright, consumer and class action litigation.

Mr. Boni graduated from the **University of Pennsylvania School of Law** in 1988. In 1980, Mr. Boni received an M.A. degree in psychology from the **University of Connecticut**, and in 1977 he received an A.B. degree from **Albright College**.

Mr. Boni has served as lead counsel in a number of complex matters, including **In re Literary Works in Electronic Databases Copyright Litigation**, MDL No. 1379 (S.D.N.Y.) ($18 million settlement pending); **Random House, Inc. v. Rosetta Books, LLC, et al.**, No. 01-Civ-1728 (S.D.N.Y.) (successful defense against copyright infringement claims brought by Random House against e-book publisher Rosetta Books); **La v. Nokia, Inc.**, No. BC 274943 (Superior Ct. Cal.) and **Henggeler v. Nokia, Inc.**, No. 03CV3633 (D. Colo.) (consumer class actions pending); **In re Pillar Point Partners Antitrust & Patent Litigation**, MDL No. 1202 (D. Ariz.) ($50 million settlement); **Mikhail, et al. v. Toshiba America Information Systems, Inc.**, No. BC 278163 (Superior Ct. Cal.) ($32 million settlement of consumer class action pending final approval); **Next Proteins International v. Radonsky, et al.**, No. BC 304799 (Superior Ct. Cal.) (consumer class action settlement pending); **In re RF Tags Antitrust Litigation**, No. 02-CV-3730 (D.N.J.) (case pending); **Pilkington, et al. v. U.S.Search.com**, No. BC 234858 (Superior Ct. Cal.) (consumer class action settled); **True Communication, Inc., d/b/a Metrodate.com v. The Gator Corporation**, No. CIV 430620 (Superior Ct. Cal.) (unfair competition class action pending); **Miller v. Pep Boys, Inc., et al.**, No. 0201-41489 (C.C.P. Phila. Cy.) (consumer class action settled); **Kleeman v. Verizon Communications Inc., et al.** (consumer class arbitration pending); **In re Rio Hair Naturalizer Products Liability**

**Litigation**, MDL No. 1055 (E.D. Mich.) ($4.5 million product liability class action settlement); and **In re AMC Shareholder Derivative Litigation**, No. 12855 (Del. Chancery) ($2.2 million settlement); **Winigrad v. Franklin Electronics**, (Superior Ct. N.J.) (consumer class action settled); **Pacillo v. Philips Electronics**, (Superior Ct. N.J.) (consumer class action settled).

In its opinion granting final settlement approval in **Rio**, the court stated that "the work of [lead counsel] and the manner in which they conducted themselves exhibited the very highest level of professionalism and competence in our legal system." 1996 U.S. Dist. LEXIS 20440, *57 (E.D. Mich. December 20, 1996).

In addition, Mr. Boni has litigated other complex matters, including: In re Western States Wholesale Natural Gas Antitrust Litigation, MDL No. 1566 (D. Nev.) (pending); In re Relafen Antitrust Litigation, Master File No. 01-12239 (D. Mass.) ($175 million antitrust class action settlement); In re Disposable Contact Lens Antitrust Litigation, MDL Docket No. 1030 (M.D. Fla.) ($75 million antitrust class action settlement); Schwab v. America Online, Inc., No. 96 CH 13732 (Cook County, Ill.) (consumer class action settlement); In re: Intelligent Electronics, Inc. Securities Litigation, Master File No. 92-CV-1905 (E.D. Pa.) ($10 million securities class action settlement); In re Lockheed Securities Litigation, Master File No. CV89-6745-TJH(Bx) (C.D. Ca.) ($17 million securities class action settlement); In re Orion Securities Litigation, Civil Action No. 91-3304 DT (JRx) (E.D.N.Y.); In re Budd Pension Plan Litigation, Master File No. 91-4082 (E.D. Pa.) (ERISA class action settled); In re: Toys "R" Us Antitrust Litigation, MDL Docket No. 1211 (E.D.N.Y.) (antitrust class action settlement); First Eastern Corporation, et al. v. Mainwaring, et al., Civil Action No. 92-CV-1176 (RLB) (E.D. Pa.).

Mr. Boni is a Vice-Chair of the Board of Directors of the Anti-Defamation League (Metropolitan Philadelphia Board), and is that Board's Chair of the Development Committee.

A-140

Mr. Boni is also a member of the Board of Directors of Community Legal Services in Philadelphia and serves on that Board's Finance and Bar Campaign Committees. He is a member of the Philadelphia Bar Association and is a member of the Association's Antitrust Committee. He is married and has three children.

Mr. Boni is admitted to practice in Pennsylvania, the United States Courts of Appeals for the Third and Sixth Circuits, and the United States District Courts for the Eastern District of Pennsylvania, Northern District of California and Eastern District of Michigan.

**A-141**

## ROBERT A. SWIFT

**Background**: Born 1946. College: Haverford College, B.A. 1968. Law School: New York University School of Law , J.D. 1973. Admitted: Penna. Bar (1973), US Supreme Court (1978), and numerous Federal District and Circuit Courts nationally

**Legal concentration**: complex civil litigation, including class actions, representing both individuals and corporations. Conducted trials and appeals in state and federal courts throughout the country. Major cases argued: **Pennsylvania v. Union Gas Company**, 491 U.S. 1 (1989); **In re Ferdinand E. Marcos Human Rights Litigation**, 25 F.3d 1467 (9th Cir. 1994); 103 F.3d 767 (9th Cir. 1996); **Murtagh v. County of Berks**, 535 Pa. 50 (1993); **Balazik v. County of Dauphin**, 44 F.3d 209 (3rd Cir. 1995). Lead or Co-Lead counsel in: **Marcos Human Rights Litigation** (D.HI); **Amino Acid Lysine Litigation** (N.D.IL.); **Holocaust Swiss Bank Litigation** (E.D.NY); **European Insurance Holocaust Litigation** (S.D.NY); **German/Austrian Bank Holocaust Litigation** (S.D.N.Y.).

**Books and Articles About**: "Human Rights Crusader," Nat'l Law J. 5/12/97; "Hitting A Home Run," ABA Litigation Magazine, spring 1997; "The Marcos Loot," Asiaweek 10/13/95; "Winning," Nat'l Law J. 3/13/95; "Taking Tyrants To Court," American Lawyer, Oct. 1991; CBS Evening News, September 2001; Eizenstat, Imperfect Justice (Public Affairs 2003); Authers & Wolfe, The Victim's Fortune (Harper Collins 2002).

**Author**: Book, "The NLRB and Management Decision Making" (Univ. Pa. 1974). Articles: "Plant Relocation: Catching Up With the Runaway Shop," 14 Bost. Coll.L.Rev. 1135 (1973); "NLRB Overkill: Predictions of Plant Relocation and Closure," 8 Ga.L.Rev. 77 (1974); "In the Eye of the Human Rights Storm," 58 Phila. Bar Assoc. Quart. 38 (1995); "The Financial Underside to the Holocaust Litigation," 20 Card. L.Rev. 521 (Dec. 1998).

A-142

Awards:  National Law Journal (1995) named one of the 10 best trial attorneys in the country; Finalist, Trial Lawyer of the Year Award given by the Trial Lawyers for Public Justice, (1994, 1995, 1997 and 2000); Finalist, National Law Journal Trial Lawyer of the Year (2000); Phila. Bar Assoc. Human Rights Award (1998); Haverford College Forman Award (1995).

Speaking Engagements: Keynote speaker at "Legal Ethics and the Holocaust", University of Houston Legal Symposium (September, 2000); United Nations' Task Force on Racism in the Third World (November, 2000); Haverford College; Swarthmore College; Cardozo Law School; New York University School of Law; Temple University Law School; CLE Course on Terrorism (2003).

Community Activities:   Board of Managers of Haverford College (1993 to present); Chairman of Philadelphia Youth Tennis (1986 to present), a charitable organization which provides tennis instruction to 7,500 youth in the Philadelphia region.  Frequent speaker at colleges and universities.

A-143

### ROBERT JOSEPH LAROCCA

Robert J. LaRocca is a director and shareholder in the firm of Kohn, Swift & Graf, P.C. Mr. LaRocca graduated from Rutgers (Newark) Law School in 1977, with High Honors, where he was the Research and Topics Editor, Rutgers Law Review. Mr. LaRocca is a *Magna Cum Laude* graduate of Harvard College (1968), and a member of Phi Beta Kappa.

Mr. LaRocca clerked for the Honorable Edward R. Becker, United States District Court, Eastern District of Pennsylvania (August 1977-August 1978).  Mr. LaRocca then began practice at the firm now named Kohn, Swift & Graf, P.C., where he has spent most of his career.  He has appeared in the Courts of Appeals for the Second, Third, Fifth, Eighth, Eleventh and Federal Circuits.  He has an "av" rating from Martindale-Hubbell, and has been elected to the American Law Institute.

Representative cases include, in alphabetical order:  *Barnes v. American Tobacco*, 161 F.3d 127 (3d Cir. 1999) (claim for medical monitoring against tobacco companies); *Big Apple BMW v. BMW*, 974 F.2d 1358 (3d Cir. 1992); (group boycott antitrust case); *Bloch v. SmithKline* (E.D.Pa.) 1988 U.S. Dist. Lexis 12397 (E.D.Pa. 1988) and 1987 U.S. Dist. Lexis 2795 (E.D.Pa. 1987) (monopolization and patent abuse in market for prescription drug); *Breard v. Sachnoff*, 941 F.2d 142 (2d Cir. 1991) (securities fraud tax shelter); *Creative Copier Services v. Xerox*, 114 F.Supp.2d 1070 (D. Kan. 2000) (antitrust, patent, copyright claims); *ELSCO v. Motorola*, (E.D. Pa.) 782 F.Supp. 1016 (E.D. Pa. 1991), 785 F.Supp. 17 (E.D. Pa. 1992) (Lanham Act trade disparagement case involving semiconductor industry); *Golden Valley v. Weaver Popcorn*, 837 F.Supp. 1444 (N.D. Ind.), *aff'd*, 11 F.3d 1072 (Fed. Cir. 1993) (patent fraud case in microwave popcorn industry); *Gulfstream v, Gulfstream Aerospace*, 995 F.2d 425 and 995 F.2d 414 (3d Cir. 1993) (trial of price fixing of aircraft); *In re Linerboard Antitrust*, 305 F.3d 145 (3d Cir. 2002) and 203 F.R.D. 199 (E.D.Pa. 2001) (national class output restriction case involving corrugated

containers); *In re Waste Haulers Antitrust*, Civil 87-3717 (E.D. Pa.) (Bechtle, J.) (national price fixing class action case involving waste hauling industry); *In re Chlorine and Caustic Soda Antitrust Litigation*, Civil 86-5428 (E.D.Pa.)(Bechtle, J.) (national price fixing class action case involving manufacturers of chlorine); *Mike's Train House v. Lionel*, (No. 00-CV-71729 E.D. Mich.) *appeal pending* (theft of trade secrets in model train industry, in which $40 million dollar jury verdict was returned in our client's favor after a six week trial in May, 2004); *Parkway v. City of Philadelphia*, 980 F.2d 724 (3d Cir. 1992) and 590 A.2d 79 (Commonwealth Ct 1991) (abuse of city police power to obtain private property); *Roberts Filter v. CPC*, 1993 U.S. Dist. Lexis 15119 (E.D. Pa.)(Lanham Act unfair trade practices, misrepresentation, commercial defamation, involving water purification systems); *Schutte v. Maleski,* et al, 1993 U.S. Dist. Lexis 8332 (E.D. Pa. 1993) and 1993 U.S. Dist. Lexis 6980 (E.D.Pa. 1993) (ERISA class action concerning State of Pennsylvania's deprivation of pension rights); *Tabas v. Tabas*, 47 F.3d 1280 (3d Cir. 1995) (civil RICO); *TMJ Implant v. Dow Chemical*, 113 F.3d 1484 (8th Cir. 1997) (product liability class action).

2

**A-145**

## CRAIG W. HILLWIG

Craig W. Hillwig joined the firm as an Associate in August, 1994, following a clerkship with Chief Judge Edward N. Cahn of the United States District Court for the Eastern District of Pennsylvania.  Mr. Hillwig is a graduate of the Pennsylvania State University (B.A. 1990) and the Catholic University of America (J.D. 1993).

While at Catholic University, Mr. Hillwig served as a Note & Comment Editor on the Catholic University Law Review, in which he published a Comment entitled Giving Property All of the Process That's Due: A "Fundamental" Misunderstanding About Due Process, 41 Cath. U. L. Rev. 703 (1993).

Since joining the firm, Mr. Hillwig's practice has focused on complex civil litigation including antitrust and consumer class actions, shareholder derivative suits, and toxic tort litigation, including In re Pillar Point Partners Antitrust and Patent Litigation, MDL No. 1202 (D. Ariz.); In re The Bennett Funding Group, Inc., No. 96-61376 (SDG) (N.D.N.Y. Bankruptcy); Cornell v. Assicurazioni Generali S.p.A.,No. 97 CIV. 2262 (MBM) (S.D.N.Y); In Re Holocaust Victim Assets, Master Docket No. CV-96-4849 (E.D.N.Y.); In Re The Foundation For New Era Philanthropy Litigation, MDL No. 1127 (E.D. Pa.); In Re Factor VIII or Factor IX Concentrate Blood Products Litigation, MDL-986 (N.D. Ill.); In Re Amino Acid Lysine Antitrust Litigation, MDL 1083 (N.D. Ill.); In Re Estate of Ferdinand E. Marcos Human Rights Litigation, No. 86-0390 (D. Haw.); and In Re Brand Name Prescription Drugs Antitrust Litigation, MDL 997 (N.D. Ill.).

**A-146**

## HILARY COHEN

Hilary Cohen received her Bachelor's degree from Rutgers University (B.A., *magna cum laude*, with high honors in English and Political Science, 1992) and her law degree from Harvard Law School (J.D., *cum laude*, 1995). After graduating law school Ms. Cohen served as the Death Penalty Law Clerk for the New Jersey Supreme Court. Ms. Cohen then served as a trial lawyer with the Defender Association of Philadelphia for five years. Hilary Cohen joined the firm as an associate in February, 2001.

Ms. Cohen is a member of the Pennsylvania bar and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania.

Since joining Kohn, Swift & Graf, P.C., her practice has emphasized complex, civil litigation, including human rights, employment discrimination, consumer rights, copyright and antitrust class actions. She has participated in the litigation of numerous class action cases, including: In re World War II Era Japanese Forced Labor Litigation, MDL 1347 (9th Cir.); John Roe III v. Unocal Corporation, BC237 679 (Superior Ct., Los Angeles, CA); Gonzalez, et al. v. Abercrombie & Fitch Stores, Inc., et al., No. 03-2817-SI (N.D. CA); Webb v. Merck & Co., 99-CV-413 (E.D. Pa.); In re Ski Train Fire in Kaprun Austria, on November 11, 2000, MDL 1428 (SDNY); In re Literary Works in Electronic Databases Copyright Litigation, MDL 1379 (SDNY); In re Plastics Additives Antitrust Litigation, Master File No. 2:03-cv-2038-LDD; In re Automotive Refinishing Paint Antitrust Litigation, MDL No. 1426 (E.D. Pa.); and Microcrystalline Cellulose, MDL No. 1402 (E.D. Pa.).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| IN RE LITERARY WORKS IN ELECTRONIC DATABASES COPYRIGHT LITIGATION | ) ) ) ) ) | Master Docket No. M-21-90 (GBD) (MDL # 1379) |

## DECLARATION OF A. J. De BARTOLOMEO FILED ON BEHALF OF GIRARD GIBBS & De BARTOLOMEO LLP IN SUPPORT OF CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES AND DISBURSEMENTS

I, A. J. De Bartolomeo, being duly sworn, deposes and says:

1.     I am a partner of the law firm of Girard Gibbs & De Bartolomeo LLP ("Girard Gibbs"). I submit this affidavit in support of my firms' application for an award of attorneys' fees in connection with services rendered in this case, as well as the reimbursement of expenses incurred by my firm in connection with this litigation, from the inception of this litigation through June 10, 2005.

2.     My firm acts as Co-Lead Counsel in this class action pursuant to Pre-Trial Order No. 1, dated August 14, 2001.  In addition to representing the Class, Girard Gibbs represents the following two named Plaintiffs: Ruth Laney and Ronald Schwartz. In our role as Co-Lead Counsel, the tasks undertaken by Girard Gibbs can be summarized as follows: conducted factual investigations of potential defendants committing copyright infringements; prepared briefing and argued coordination before the Judicial Panel on Multidistrict Litigation; conducted interviews and due diligence on damages experts; worked with Co-Lead Counsel and Plaintiffs' experts to develop damages model; participated in drafting the Consolidated Amended Class Action

1

**A-148**

Complaint; coordinated discovery from Defendants as part of mediation effort; drafted portions

of the mediation brief; participated in mediation negotiations; conducted and presented legal

research on key issues during mediation negotiations (including class certification, copyright

legislation, statutory damages, innocent versus willful copyright infringement, future rights and

licensing, class action notice issues, and claims submissions); drafted portions of, reviewed and

edited all settlement documents; conducted due diligence and research into claims

administrators; worked with Co-Lead Counsel to design and implement the claims administration

protocol, on-line claims process, and official settlement website; coordinated the individual and

publication notice programs; drafted portions of the preliminary approval brief and supportive

declarations; coordinated publishers' efforts regarding individual notice; worked with Co-Lead

Counsel to organize and coordinate response team for class member questions; and worked with

Co-Lead Counsel to prepare briefing in response to objections to Settlement.

     3.    The schedule attached hereto as Exhibit 1 is a summary indicating the

amount of time spent by the partners, attorneys and professional support staff of my firm who

were involved in this litigation, and the lodestar calculation based on my firm's current billing

rates. For personnel who are no longer employed by my firm, the lodestar calculation is based

upon the billing rates for such personnel in his or her final year of employment by my firm. The

schedule was prepared from contemporaneous, daily time records regularly prepared and

maintained by my firm, which are available at the request for the Court. Time expended in

preparing this application for fees and reimbursement of expenses has not been included in this

request.

**A-149**

4.      The hourly rate for the partners, attorneys and professional support staff in my firm included in Exhibit 1 are the same as the regular current rates charged for their services in non-contingent matters and/or which have been accepted and approved in other consumer and/or securities or shareholder litigation by other federal district courts, including the Southern District of New York.

5.      From the inception of this litigation through June 1, 2005, the total number of hours expended by my firm is 2,642 hours. The total lodestar for my firm is $1,111,465.

6.      My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billing separately and such charges are not duplicated in my firm's billing rates.

7.      As detailed in Exhibit 2, from the inception of this litigation through June 10, 2005, my firm has incurred a total of $137,673 in un-reimbursed expenses in connection with the prosecution of this litigation.

8.      The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the expenses incurred.

9.      With respect to the standing of counsel in this case, attached hereto as Exhibit 3 is Girard Gibbs's current firm resumé.

**A-150**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed _13_ _June_ , 2005 at San Francisco, California.

A. J. De Bartolomeo

A-151

EXHIBIT 1

**In re Literary Works In Electronic Databases Copyright Litigation**, MDL No. 1379

## GIRARD GIBBS & DE BARTOLOMEO LLP

### TIME REPORT - Inception through June 10, 2005

| Name | Total Hours | Hourly Rate | Total Lodestar |
|---|---|---|---|
| **PARTNERS:** | | | |
| A. J. De Bartolomeo | 1312.95 | $440.00 | $577,698.00 |
| Anthony K. Lee | 134.66 | $400.00 | $53,864.00 |
| Daniel C. Girard | 657.81 | $550.00 | $361,795.50 |
| | | | |
| **ATTORNEYS:** | | | |
| Anthony L. Critchlow | 64.19 | $260.00 | $16,689.40 |
| Ann T. Saponara | 25.51 | $360.00 | $9,183.60 |
| Jenelle W. Welling | 216.10 | $225.00 | $48,622.50 |
| Martin S. Putnam | 39.67 | $300.00 | $11,901.00 |
| | | | |
| **PROFESSIONAL SUPPORT STAFF:** | | | |
| Cary S. Davalos | 91.00 | $200.00 | $18,200.00 |
| Joy C. Brennan | 43.15 | $140.00 | $6,041.00 |
| Roseanne L. Mah | 34.50 | $140.00 | $4,830.00 |
| Sara C. Benafield | 22.00 | $120.00 | $2,640.00 |
| | | | |
| | | | |
| **TOTAL LODESTAR:** | 2641.54 | | $1,111,465.00 |

A-152

EXHIBIT 2

In re Literary Works In Electronic Databases Copyright Litigation, MDL No. 1379

GIRARD GIBBS & DE BARTOLOMEO LLP

EXPENSE REPORT - Inception through June 10, 2005

| Categories: | Amount: |
|---|---|
| Photocopies/Reproduction | $9,714.78 |
| Postage/Notice Costs | $468.09 |
| Telephone | $3,137.82 |
| Messengers/Express Services | $3,204.79 |
| Filing/Witness Fees | $2,577.03 |
| Court Reporters/Transcript/Video | $616.24 |
| Lexis/Westlaw/Legal Research | $18,829.05 |
| Experts/Consultants | $7,410.00 |
| Meals, Hotels & Transportation | $49,372.31 |
| Secretarial Overtime/Word Processing | $126.21 |
| Assessments | $38,829.80 |
| Facsimile Charges | $3,387.00 |
| **TOTAL EXPENSES:** | $137,673.12 |