LAW OFFICES
**EMILY M. BASS**
551 FIFTH AVE., 28th FLOOR, NEW YORK, N.Y.
tel: 212.260.3645 . fax: 212.672.1501. email: emilybassesq@gmail.com

November 7, 2014

<u>Via CM-ECF</u>

Catherine O'Hagan Wolfe, Clerk of the Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *In re Literary Works in Electronic Databases*
             <u>*Copyright Litigation*, 14-255-cv</u>

Dear Ms. Wolfe:

    I write in response to the letter of Charles S. Sims that was e-filed on November 5, 2014.

    Let me first review the areas of agreement between Defendants[1] and myself. They are considerable and may make unnecessary further consideration of the one question on which Defendants and I disagree – i.e., whether or not they should be named as "appellees" on this appeal.

    Defendants and I agree that my appeal only implicates the manner in which attorneys' fees are to be allocated and not the overall or total amount to be allocated. (*See* App. Dkt #59 at ¶2.)[2] We both agree that my appeal "<u>does not seek or risk any increase in</u> … <u>[that] amount</u>." (*Id*. at ¶2)(emphasis added). We both agree that it <u>does not</u> "<u>seek or risk</u> … <u>any other change to</u> … <u>the settlement</u> … now being implemented." (*Id*.) And, we both agree, that it necessarily follows that Defendants "<u>do not have any interest in the appeal</u>." (*Id*.)

---

[1] Both the SDNY and Second Circuit Docket Sheets list fifteen parties as Defendants: Reed Elsevier, Dow Jones Reuters, The Dialog Corp., Thomson Corp., Gale Group, Inc., West Publishing Co., ProQuest Company, Newsbank, Inc., The New York Times Company, Union Tribune Publishing Co., Knight-Ridder, Inc., Mediastream, Inc., Dow Jones & Co. Inc., Ebsco Industries, Inc. and Knight Rider Digital.

[2] There, Mr. Sims states that the issues and arguments I have raised on appeal "implicate only the allocation among plaintiffs' various counsel of the attorneys' fees provided for in the final judgment (and settlement agreement)."

1

Because they have no interest, Defendants have announced that they "do not intend to file any briefs on the appeal" (*Id.* at ¶3). They ask that this be brought to the attention of the panel." (*Id.*)

I have no problem with that information's being conveyed and so informed Mr. Sims during a telephone conversation he and I had on Monday, November 3. During that conversation, I understood Mr. Sims to ask me to consent to two things: (i) his letter being e-filed with the Court and (ii) the Panel's being made aware that Defendants will not be filing any briefs because they have no interest in the appeal. I consented to both.

I do not believe that Defendants need to be named as "Defendants-Appellees" in order for that message to be conveyed, since Mr. Sim's letter is now officially of record. More to the point: Given the substance and purport of Defendants' message –<u>that they have no interest in the appeal</u> –I respectfully submit that they cannot properly be named as appellees.

\* \* \*

Defendants are, in any case, mistaken as to the genesis of their not being named as appellees, and have attributed certain actions to me that I did not take.

Thus, I did not, as Mr. Sims has asserted in his letter, file my appeal "*sub nom Authors Guild Inc. v. Emily Bass*" rather than "under the title of the district court action."[3] I filed it under "*In re Literary Works in Electronic Databases Copyright Litigation*," as my Notice of Appeal will confirm. (App Dkt # 1-1 and SDNY Dkt # 56).[4]

It was thereafter the province and prerogative of the Circuit Clerk's Office to determine how the caption on appeal should read and who should be named as appellee(s). (According to its protocols, it determined that there was only one appellee –the Authors' Guild Inc.). Following standard procedure, it then issued a Docketing Notice and asked counsel to note any "errors" on their Acknowledgement and Notice of Appearance form(s). *See generally*, "How To Appeal A Civil Case To The United States Court of Appeals For The Second Circuit," http://www.ca2.uscourts.gov/clerk/case_filing/appealing_a_case/pdf/How to Appeal a Civil Case.pdf at p. 3 ("[T]he circuit clerk will docket the appeal under the title of the district court action … A party can seek to provide necessary

---

[3] *See* the Reference line and footnote 1 to Mr. Sim's letter (App. Dkt # 59), where he states the opposite.

[4] Defendants and Defendants' counsel were necessarily served with the Notice of Appeal since it was filed via CM/ECF in the District Court.

corrections … on the Acknowledgment and Notice of Appearance."). Because I did not believe that, absent a stake in the appeal, Defendants could properly be named as appellees, I thought it perfectly proper for them to have been listed simply as "Defendants," rather than as "Defendants-Appellees." (*See* Docket Sheet for 14-civ-2550). By the same token and for the same reasons, I did not state on my Acknowledgment and Notice of Appearance that there was an "error" or correction to be made regarding their designation. (See App. Dkt #23-1, 23-2).[5] I did not believe that to be the case.

    My then-tentative assessment and the wisdom and absolute correctness of the Circuit Clerk's actions have just been confirmed. By acknowledging, in no uncertain terms, in their 11/04/14 letter that they "do not have any interest in the appeal," Defendants have just confirmed that the Circuit Clerk's Office acted perfectly appropriately and made the correct choice in not designating them "appellees."

                                                    Respectfully,

                                                   s/ Emily M. Bass

                                                   Emily M. Bass, Esq.

EMB/me

cc:    Counsel For Plaintiff-Appellee Authors Guild, Inc.
        Charles S. Sims, Esq., on behalf of Defendants in *In Re Literary Works*

---

[5] My position on other issues is a matter of record. *See* App. Dkt # 23-2.