# MANDATE

14-2550-cv
Authors Guild, Inc. v. Bass

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

```
1          At a stated term of the United States Court of Appeals
2     for the Second Circuit, held at the Thurgood Marshall United
3     States Courthouse, 40 Foley Square, in the City of New York,
4     on the 25th day of June, two thousand fifteen.
5
6     PRESENT: DENNIS JACOBS,
7              GUIDO CALABRESI,
8              GERARD E. LYNCH,
9                        Circuit Judges.
10
11    - - - - - - - - - - - - - - - - - - - -X
12    AUTHORS GUILD, INC.,
13            Plaintiff-Appellee,
14
15            -v.-                                14-2550-cv
16
17    EMILY M. BASS,
18            Appellant,
19
20    REED ELSEVIER, DOW JONES REUTERS
21    BUSINESS INTERACTIVE, LLC, d/b/a
22    FACTIVA, DIALOG CORP., THOMSON CORP.,
23    GALE GROUP INC., WEST PUBLISHING CO.,
24    PROQUEST LLC, NEWSBANK, INC., THE NEW
25    YORK TIMES CO., UNION TRIBUNE
26    PUBLISHING CO., KNIGHT-RIDDER, INC.,
27    MEDIASTREAM, INC., DOW JONES &
```

MANDATE ISSUED ON 07/17/2015

1    **COMPANY, INC., EBSCO INDUSTRIES,**
2    **INC., KNIGHT RIDDER DIGITAL,**
3            **Defendants.**[*]
4    - - - - - - - - - - - - - - - - - - - -X
5
6    **FOR APPELLANT:**              EMILY M. BASS, <u>pro se</u>, Law
7                                  Offices of Emily M. Bass, New
8                                  York, New York.
9
10   **FOR APPELLEE:**              SPENCER HOSIE (Diane S. Rice,
11                                 Hosie Rice LLP, San Francisco,
12                                 California, Michael J. Boni,
13                                 Boni & Zack LLC, Bala Cynwyd,
14                                 Pennsylvania, A.J. De
15                                 Bartolomeo, Girard Gibbs LLP,
16                                 San Francisco, California, Gary
17                                 S. Fergus, Law Office of Gary
18                                 Fergus, San Francisco,
19                                 California, <u>on the brief</u>), Hosie
20                                 Rice LLP, San Francisco,
21                                 California.
22
23       Appeal from a judgment of the United States District
24   Court for the Southern District of New York (Daniels, <u>J.</u>).
25
26       **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED**
27   **AND DECREED** that the order of the district court be
28   **AFFIRMED.**
29
30       Emily M. Bass, a lawyer appearing <u>pro se</u>, appeals from
31   the order of the United States District Court for the
32   Southern District of New York (Daniels, <u>J.</u>), granting
33   plaintiffs' motion for attorney's fees and dismissing
34   objections.  Bass appeals from the denial of a fee award
35   premised on work she did on another case, which allegedly
36   paved the way for a successful settlement of this case.  We
37   assume the parties' familiarity with the underlying facts,
38   the procedural history, and the issues presented for review.
39
40       We review a district court's award of attorney's fees
41   for abuse of discretion.  <u>In re Bank of Am. Corp. Sec.,</u>
42   <u>Deriv., & ERISA Litig.</u>, 772 F.3d 125, 134 (2d Cir. 2014).

---

[*]   The Clerk of Court is respectfully directed to amend
the official caption in this case to conform with the
caption above.

2

"Indeed 'abuse of discretion'--already one of the more deferential standards of review--takes on special significance when reviewing fee decisions." Goldberger v. Integrated Res., Inc., 209 F.3d 43, 47 (2d Cir. 2000).  A district court abuses its discretion if its decision rests on an error of law or a clearly erroneous factual finding, or "cannot be located within the range of permissible decisions." McDaniels v. Cnty. of Schenectady, 595 F.3d 411, 416 (2d Cir. 2010) (citation and internal quotation marks omitted).  Similarly, a district court's allocation of fees among different attorneys is reviewed for abuse of discretion.  Rein v. Socialist People's Libyan Arab Jamahriya, 568 F.3d 345, 350 (2d Cir. 2009).

The parties agreed upon a $2.7 million pool of fees for A/B Class Counsel, to be split among the three lead counsel and distributed from lead counsel to non-lead counsel in accordance with lodestar calculations.  The pool represents a significant discount from the lodestars, and amounts to approximately 15% of the value of the settlement fund. Lodestars represent a "presumptively reasonable" fee, see Millea v. Metro-North R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation marks omitted), and here 15% is a reasonable percentage of recovery, cf. Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C., 504 F.3d 229, 249 (2d Cir. 2007).

The district court found both the amount and allocation to be fair and reasonable, and ordered the fees to be paid in accordance with this arrangement.  Bass complains that a draft of the settlement agreement gave lead counsel discretion to allocate fees, but that provision did not govern how the final fee proposal was formulated or what the district court ordered.  See Victor v. Argent Classic Convertible Arbitrage Fund L.P., 623 F.3d 82, 90 (2d Cir. 2010).  Accordingly, Bass's contention that the district court divested itself of authority to determine fees is meritless.

Bass's principal contention is that the district court erred in refusing to award her fees in this case for her work in Tasini v. New York Times Co., a separate, albeit related, case that had settled previously.  See 206 F.3d 161 (2d Cir. 2000), aff'd, 533 U.S. 483 (2001).  This contention rests on two arguments, both meritless.  First, Bass argues that her work in Tasini is compensable in this case because Tasini established a favorable precedent.  We have already

rejected the "novel assertion that attorneys who are
victorious in one case may, like the holder of a copyright,
claim fees from all subsequent litigants who might rely on
or use it in one way or another." Cranston v. Hardin, 504
F.2d 566, 580 (2d Cir. 1974). Second, Bass argues that the
settlement agreement in Tasini contemplated that she would
be further compensated in this case. But the attorney's
fees award in this case did not belong to the Tasini parties
and was not theirs to allocate. The district court properly
declined to include Bass's Tasini work in the fee
allocation.

Bass also argues that the value of her contributions to
the class action itself--specifically, her initiative in
adding unregistered copyright holders to the plaintiff
class--entitles her to compensation at a premium beyond her
lodestar. We have previously recognized a court's
discretion to use the lodestar method to allocate attorney's
fees among counsel without reference to the subjective
quality of their work. See Victor, 623 F.3d at 88; see also
Rein, 568 F.3d at 355. Furthermore, the district court in
this case rejected Bass's assertion that she made any
uniquely valuable contributions to the lawsuit, a factual
finding that precludes Bass from demanding a premium based
on the quality of her services. See In re Agent Orange
Prod. Liab. Litig., 818 F.2d 216, 222 (2d Cir. 1987).

Bass challenges the district court's lodestar
calculations on a number of grounds, all meritless. Among
other objections, she protests that the hours claimed by
lead counsel were not supported by contemporaneous time
records, as ordinarily required. See Scott v. City of New
York, 626 F.3d 130, 133-34 (2d Cir. 2010). But lead counsel
maintained and offered to provide to the district court
contemporaneous time records; and the time summaries they
did provide were based on those records, which totaled
hundreds of pages. The district court did not abuse its
discretion in relying on the summaries rather than the
records on which they were based. See Cruz v. Local Union
No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160-61
(2d Cir. 1994) ("A review of the submissions made by
[counsel] shows that they made contemporaneous entries as
the work was completed, and that their billing [summary] was
based on these contemporaneous records. We believe this
falls sufficiently within the meaning of
'contemporaneous.'").

4

1       For the foregoing reasons, and finding no merit in
2  Bass's other arguments, we hereby **AFFIRM** the order of the
3  district court.
4
5                      FOR THE COURT:
6                      CATHERINE O'HAGAN WOLFE, CLERK
7

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit